Hassan A. Zavareei (SBN 181547)
Katherine M. Aizpuru (*pro hac vice* application forthcoming)
TYCKO & ZAVAREEI LLP
1828 L Street NW, Suite 1000
Washington, D.C. 20036
202-973-0900 (p)
202-973-0950 (f)
hzavareei@tzlegal.com
kaizpuru@tzlegal.com

James L. Kauffman (*pro hac vice* application forthcoming)
BAILEY & GLASSER LLP
1054 31st Street, Suite 230
Washington, DC 20007
(202) 463-2101 (p)
(202) 463-2103 (f)
jkauffman@baileyglasser.com

[Additional counsel on signature page]

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMYE ELBERT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROUNDPOINT MORTGAGE SERVICING CORPORATION,<br><br>Defendant. | **Case No. 3:20-cv-00250**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**Action for Breach of Contract; Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.; Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq.** |

CLASS ACTION COMPLAINT - 1

Plaintiff Amye Elbert, on behalf of herself and all others similarly situated, alleges breach of contract, violations of the Rosenthal Fair Debt Collection Practices Act, and violations of the Unfair Competition Law against Defendant Roundpoint Mortgage Servicing Corporation ("Roundpoint"). In support of these claims, Plaintiff states as follows:

## NATURE OF THE ACTION

1. Defendant Roundpoint, a servicer of residential mortgages, routinely violates state debt collection law and breaches the uniform terms of borrowers' mortgages ("Uniform Mortgages") by charging and collecting illegal processing fees when borrowers pay their monthly mortgage by phone or online ("Pay-to-Pay Fees"). Roundpoint charges homeowners fees of $10 or $12 for mortgage payments made over the phone.

2. Roundpoint services mortgages throughout the United States and is supposed to be compensated out of the interest paid on each borrower's monthly payment—not via additional "service" fees that do not reflect the cost to Roundpoint of providing such services. Under California law, Roundpoint cannot mark-up the amounts it pays third parties to provide borrowers' services and impose unauthorized charges to create a profit center for itself. Here, Roundpoint charged borrowers for telephone Pay-to-Pay Fees through Speedpay, an automated payment processing system created and maintained by Western Union. For performing this work, Roundpoint pays Western Union about $0.50 or less per transaction and pockets the difference ($9.50 and $11.50) for itself as profit.

3. Despite its uniform contractual obligations to charge only fees explicitly allowed under the mortgage, applicable law, and only those amounts actually disbursed, Roundpoint leverages its position of power over homeowners and demands exorbitant Pay-to-Pay Fees. Even if some fee were allowed, the mortgage uniform covenants and state law only allow Roundpoint to pass along the actual cost of fees incurred by it to the borrower – here only a few cents per transaction. Similarly, federal and California law prohibit Roundpoint from charging any fees that are not explicitly included in the mortgage agreement. None of the Pay-to-Pay Fees are permitted by the mortgage agreements, and, therefore, Roundpoint violates federal and California law by charging those fees.

4.     Plaintiff Amye Elbert paid these Pay-to-Pay Fees, and she brings this class action lawsuit individually and on behalf of all similarly situated putative class members to recover the unlawfully charged Pay-to-Pay Fees and to enjoin Roundpoint from continuing to charge these unlawful fees.

## JURISDICTION AND VENUE

5.     This Court has personal jurisdiction because Roundpoint conducts business in California and commits torts in California, as described in this Complaint.

6.     Subject matter jurisdiction exists under the Class Action Fairness Act because diversity exists between the defendant and at least one class member and the amount in controversy exceeds $5,000,000.

7.     Venue is proper because this is where the cause of action accrued.

## PARTIES

8.     Plaintiff Amye Elbert is a natural person residing in California who has a mortgage loan serviced by Roundpoint. Ms. Elbert makes loan payments over the phone, and each time she does so, Roundpoint charges her a Pay-to-Pay Fee. For example, on August 5, 2019, and again September 4, 2019, Roundpoint charged Ms. Elbert a $12.00 Pay-to-Pay Fee for making a payment over the phone.

9.     Defendant Roundpoint is a Delaware corporation with a principal place of business in North Carolina.

## APPLICABLE LAW

**ROSENTHAL ACT**

10.    The Rosenthal Act is a remedial statute [that] should be interpreted broadly in order to effectuate its purpose.

11.    The Rosenthal Act defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code §1788.2(c).

12.    The Rosenthal Act defines a "consumer debt" as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." Cal. Civ. Code §1788.2(f).

13. The Rosenthal Act defines "consumer credit transaction" as "a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." Cal. Civ. Code §1788.2(e).

14. The Rosenthal Act prohibits "Collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law." Cal. Civ. Code § 1788.14(b).

15. The Rosenthal Act also makes it illegal to represent that consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation." Cal. Civ. Code § 1788.13(e).

16. The Rosenthal Act makes it illegal for any entity covered by it to violate the federal FDCPA. Cal. Civ. Code § 1788.17.

**FDCPA**

17. The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

18. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the false representation of "the character, amount, or legal status of any debt." *Id.* § 1692e.

19. The FDCPA also prohibits debt collectors from "unfair or unconscionable means to collect or attempt to collect any debt," including "the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f.

20. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

21. The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3).

22. The FDCPA defines "debt collector" as "any person who uses . . . any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debt owed . . . or asserted to be owed or due another." *Id.* § 1692a(6).

CLASS ACTION COMPLAINT - 4

23. The FDCPA defines communication as "conveying of information regarding a debt directly or indirectly to any person through any medium." *Id.* § 1692a(2).

24. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that] are primarily for personal, family, or household purposes." *Id.* § 1692a(5).

## FACTUAL ALLEGATIONS

25. Roundpoint is a loan servicer that operates around the country.

26. Each time a mortgage borrower whose loan is serviced by Roundpoint makes a payment over the phone ("Pay-to-Pay Transaction"), Roundpoint charges the borrower a Pay-to-Pay Fee: $10.00 for SpeedPay by Interactive Voice Response ("IVR"), and $12.00 for SpeedPay with representative assistance. Roundpoint's telephone Pay-to-Pay Transactions are processed by Western Union, through its Speedpay system. The usual cost that a loan servicer pays Western Union to process Pay-to-Pay Transactions payments is $0.50 or less for each transaction. Therefore, the actual cost for Roundpoint to process telephone Pay-to-Pay Transactions is well below the amounts charged to borrowers, and Roundpoint illegally pockets the difference as profit.

27. The Uniform Mortgages of Roundpoints' customers do not authorize Roundpoint to charge Pay-to-Pay Fees. In fact, the Pay-to-Pay Fees violate borrowers' mortgages.

### Named Plaintiff's Facts

28. On or around October 19, 2015, Ms. Elbert purchased a home in Antioch, California, through a loan from First California Mortgage Company, secured by a mortgage on the property (the "Mortgage Agreement"). The Mortgage Agreement is attached as Exhibit A. Ms. Elbert took out the mortgage loan secured by her property for personal, family, or household uses.

29. At some point, Roundpoint acquired the servicing rights to the loan.

30. Ms. Elbert sometimes makes mortgage payments over the phone. Each time she does so, RoundPoint charges her a fee. For example, on August 5, 2019, and again September 4, 2019, Roundpoint charged Ms. Elbert a $12.00 Pay-to-Pay Fee for making a payment over the phone. These fees are not authorized by the Mortgage Agreement.

31. Roundpoint collects the Pay-to-Pay Fees even though it knows that such fees were not authorized under the Mortgage Agreement and that it therefore has no right to collect them.

32. Like other mortgages serviced by Roundpoint, Ms. Elbert's has an FHA mortgage, meaning that the mortgage is issued by an FHA-approved lender and insured by the FHA. The uniform covenants of FHA mortgages state that the lender may only assess fees authorized by the Secretary of the United States Department of Housing and Urban Development ("HUD").

33. HUD permits servicers of FHA mortgages to collect "allowable fees and charges," i.e., fees and charges specifically delineated in Appendix 3 to the HUD Single Family Housing Policy Handbook ("Servicing Handbook"). *See* Handbook 4000.1, FHA Single Family Housing Policy Handbook § III(A)(1)(f). Servicers seeking to access fees "not specifically mentioned" in the Servicing Handbook must request approval from the National Servicing Center to charge such fees. *Id.* § III(A)(1)(f)(B). HUD prohibits servicers from charging the borrower for "activities that are normally considered a part of a prudent Mortgagee's servicing activity." *Id.* § III(A)(1)(f)(C).

34. The Handbook does not authorize Pay-to-Pay Fees. Roundpoint has not sought authorization from the National Servicing Center to charge Pay-to-Pay Fees.

35. Like other FHA mortgages, Ms. Elbert's mortgage states that "Lender may collect fees and charges authorized by the Secretary." Ex. A ¶ 13.

36. Pay-to-Pay Fees are not "authorized by the Secretary." Thus, by charging Pay-to-Pay Fees not authorized by the Secretary, Roundpoint violated the Mortgage Agreement.

37. The Mortgage Agreement also states that the servicer "may not charge fees that are expressly prohibited by this Security Instrument, or by Applicable Law." Ex. A ¶ 13. "Applicable Law" is defined as "all controlling applicable federal, state and local statutes, regulations, ordinances, and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." Ex. A at 2. The Mortgage Agreement further states that it is "governed by federal law and the law of the jurisdiction in which the Property is located," i.e., California. Ex. A ¶ 15.

38. Charging Pay-to-Pay Fees not authorized by the California Mortgage Agreement violates the Rosenthal Act, i.e., California law. *See* Cal. Civ. Code §§ 1788.13(e), 1788.14(b), 1788.17.

39. By collecting Pay-to-Pay Fees in violation of "Applicable Law," i.e., the Rosenthal Act, Roundpoint breached and continues to breach the uniform covenants of the Mortgage Agreement.

40. Even if Roundpoint is allowed to collect a fee under the auspice that it is a default related fee, under Paragraph 9 of the Mortgage Agreement, Roundpoint's demand for payment of Pay-to-Pay Fees was and is a direct breach of that paragraph, too. Paragraph 9 of the Mortgage Agreement states that only "amounts *disbursed* by Lender under this Section 9 shall become an additional debt of Borrower secured by this Security Instrument." *See* Ex. A ¶ 9 (emphasis added). Roundpoint collects more than the amount it disbursed to process the Pay-to-Pay Transactions.

41. The above paragraphs are contained in the Uniform Covenants section of the Mortgage Agreement. Roundpoint thus breached its contracts on a classwide basis.

42. Prior to filing this Complaint, Ms. Elbert made a written pre-suit demand upon Roundpoint.

43. Roundpoint was given a reasonable opportunity to cure the breaches complained of herein, but has failed to do so.

**CLASS ACTION ALLEGATIONS**

44. Plaintiff Elbert brings this action under Federal Rule of Civil Procedure 23 on behalf of the following class of persons (the "Class"), subject to modification after discovery and case development:

> **All persons with a California address who were borrowers on residential mortgage loans to which Roundpoint acquired servicing rights, and paid a fee to Roundpoint for making a loan payment by telephone, IVR, or the internet, during the applicable statutes of limitations for Plaintiff's UCL claim through the date a class is certified.**

45. Class members are identifiable through Defendant's records and payment databases.

46. Excluded from the class are the Defendant; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

47. Plaintiff proposes that she serve as class representative.

48. Plaintiff and the Class have all been harmed by the actions of Defendant.

49. Numerosity is satisfied. There are thousands of class members. Individual joinder of these persons is impracticable.

50. There are questions of law and fact common to Plaintiff and to the Class, including, but not limited to:

    a. Whether Roundpoint assessed Pay-to-Pay Fees on Class members;

    b. Whether Roundpoint breached its contracts with borrowers by charging Pay-to-Pay Fees not authorized by their mortgage agreements;

    c. Whether Roundpoint violated the Rosenthal Act by charging Pay-to-Pay Fees not due;

    d. Whether Roundpoint violated the UCL;

    e. Whether Roundpoint's business practices are unfair;

    f. Whether Roundpoint's business practices are unlawful;

    g. Whether Roundpoint's cost to process Pay-to-Pay Transactions is less than the amount that it charged for Pay-to-Pay Fees;

    h. Whether Plaintiff and the Class were damaged by Roundpoint's conduct;

    i. Whether Plaintiff and the Class are entitled to actual and/or statutory damages as a result of Roundpoint's actions;

    j. Whether Plaintiff and the Class are entitled to restitution;

    k. Whether Plaintiff and the Class are entitled to attorney's fees and costs.

51. Plaintiff's claims are typical of the claims of the Class members. Roundpoint charged her Pay-to-Pay Fees in the same manner as the rest of the Class members. Plaintiff and the Class members entered into uniform covenants in their Mortgage Agreements that prohibit Pay-to-Pay charges or, at most, cap the amount of Pay-to-Pay Fees allowed to be charged at the actual amount disbursed by Roundpoint to process Pay-to-Pay Transactions.

52. Plaintiff is an adequate class representative because her interests do not conflict with the interests of the class members and she will adequately and fairly protect the interests of the class members.

Plaintiff has taken actions before filing this amended complaint, by hiring skilled and experienced counsel, and by making a pre-suit demand on behalf of class members to protect the interests of the class.

53. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

54. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

## COUNT I
### Breach of Contract
### On Behalf of Plaintiff and the Class

55. Paragraphs 1 to 51 are incorporated herein by reference.

56. Ms. Elbert and the Class Members entered into contracts with Roundpoint. Roundpoint breached its contracts with Ms. Elbert and the Class Members when it charged Pay-to-Pay Fees not agreed to in their mortgage agreements, specifically prohibited by their mortgage agreements, and in excess of the amounts actually disbursed by Roundpoint to pay for the cost of Pay-to-Pay Transactions.

57. Ms. Elbert purchased a home subject to the Mortgage Agreement. *See* Ex. A. When Roundpoint became servicer of her mortgage, it became bound as an assignee by the Mortgage Agreement. Thus, Roundpoint was a party to the Mortgage Agreement with Ms. Elbert whereby money was lent to Ms. Elbert to purchase property in exchange for certain payment over time.

58. Ms. Elbert sometimes makes mortgage payments over the phone. Each time she does so, RoundPoint charges her a fee of $10.00 or $12.00. For example, on August 5, 2019, and again September 4, 2019, Roundpoint charged Ms. Elbert a $12.00 Pay-to-Pay Fee for making a payment over the phone. These fees are not authorized by the Mortgage Agreement.

59. Like other mortgages serviced by Roundpoint, Ms. Elbert's has an FHA mortgage, meaning that the mortgage is issued by an FHA-approved lender and insured by the FHA. The uniform covenants of FHA mortgages state that the lender may only assess fees authorized by the Secretary of the United States Department of Housing and Urban Development ("HUD").

60. HUD permits servicers of FHA mortgages to collect "allowable fees and charges," i.e., fees and charges specifically delineated in Appendix 3 to the HUD Single Family Housing Policy Handbook ("Servicing Handbook"). *See* Handbook 4000.1, FHA Single Family Housing Policy Handbook § III(A)(1)(f). Servicers seeking to access fees "not specifically mentioned" in the Servicing Handbook must request approval from the National Servicing Center to charge such fees. *Id.* § III(A)(1)(f)(B). HUD prohibits servicers from charging the borrower for "activities that are normally considered a part of a prudent Mortgagee's servicing activity." *Id.* § III(A)(1)(f)(C).

61. The Handbook does not authorize Pay-to-Pay Fees. Roundpoint has not sought authorization from the National Servicing Center to charge Pay-to-Pay Fees.

62. Like other FHA mortgages, Ms. Elbert's mortgage states that "Lender may collect fees and charges authorized by the Secretary." Ex. A ¶ 13.

63. Pay-to-Pay Fees are not "authorized by the Secretary." Thus, by charging Pay-to-Pay Fees not authorized by the Secretary, Roundpoint violated the Mortgage Agreement.

64. The Mortgage Agreement also states that the servicer "may not charge fees that are expressly prohibited by this Security Instrument, or by Applicable Law." Ex. A ¶ 13. "Applicable Law" is defined as "all controlling applicable federal, state and local statutes, regulations, ordinances, and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." Ex. A at 2. The Mortgage Agreement states that it is "governed by federal law and the law of the jurisdiction in which the Property is located," i.e., California. Ex. A ¶ 15.

65. Charging Pay-to-Pay Fees not authorized by the California Mortgage Agreement violates the Rosenthal Act, i.e., California law. *See* Cal. Civ. Code §§ 1788.13(e), 1788.14(b), 1788.17.

66. By collecting Pay-to-Pay Fees in violation of "Applicable Law," i.e., the Rosenthal Act, Roundpoint breached and continues to breach the uniform covenants of the Mortgage Agreement.

67. Even if Roundpoint is allowed to collect a fee under the auspice that it is a default related fee, under Paragraph 9 of the Mortgage Agreement, Roundpoint's demand for payment of Pay-to-Pay Fees was a direct breach of that paragraph, too. Paragraph 9 of the Mortgage Agreement states that only "amounts *disbursed* by Lender under this Section 9 shall become an additional debt of Borrower secured by

this Security Instrument." *See* Ex. A ¶ 9 (emphasis added). Roundpoint collected more than the amount it disbursed to process the Pay-to-Pay Transactions.

68. The above paragraphs are contained in the Uniform Covenants section of the Mortgage Agreement. Roundpoint thus breached its contracts on a classwide basis.

69. Ms. Elbert and the Class Members were harmed by this breach.

## COUNT II
**Violation of the Rosenthal Fair Debt Collection Practices Act**
**Cal. Civ. Code §§ 1788 *et seq.* (Rosenthal Act)**
**On behalf of Plaintiff and the Class**

70. Paragraphs 1 to 51 are hereby incorporated by reference.

71. The Rosenthal Act applies to Roundpoint because it regularly engages in debt collection as defined by the statute. Cal. Civ. Code § 1788.2.

72. Roundpoint knew that the Pay-to-Pay Fees were not expressly set out in the Mortgage Agreement or the mortgage agreements of the other Class Members, yet it collected them anyway.

73. The Rosenthal Act makes it illegal to represent that consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation." Cal. Civ. Code § 1788.13(e).

74. By assessing Pay-to-Pay Fees, Roundpoint represented that the mortgage loan debts of Ms. Elbert and the Class Members may be increased by the addition of the Pay-to-Pay Fees, even though Pay-to-Pay Fees may not be legally added to the existing obligation.

75. This conduct violated the Rosenthal Act.

76. The Rosenthal Act also prohibits "collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law." Cal. Civ. Code § 1788.14.

77. When Roundpoint collected Pay-to-Pay Fees from Ms. Elbert and the Class Members, it collected (or attempted to collect) fees or charges for services rendered that were not permitted by law. This conduct violated the Rosenthal Act.

78. By charging Pay-to-Pay Fees, a portion of which it retains, Roundpoint acted in violation of the federal Fair Debt Collection Practices Act, which prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

79. The mortgage agreements of Ms. Elbert and the Class Members do not expressly authorize Roundpoint to collect Pay-to-Pay Fees. At most, the Uniform Mortgages permit Roundpoint to collect the actual amount disbursed to process the Pay-to-Pay Transactions.

80. Although the mortgage agreements of Ms. Elbert and the Class Members do not expressly authorize collection of Pay-to-Pay Fees, Roundpoint collected such fees anyway.

81. In so doing, Roundpoint violated 15 U.S.C. § 1692f.

82. The Rosenthal Act makes it illegal for any entity covered by the Rosenthal Act to violate the federal FDCPA. Cal. Civ. Code § 1788.17. By violating the federal FDCPA, Roundpoint violated the Rosenthal Act

83. Ms. Elbert and the Class Members were harmed when Roundpoint violated the Rosenthal Act through the above-described conduct.

84. As a result of each and every violation of the Rosenthal Act, Ms. Elbert and the Class Members are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation, pursuant to Cal. Civ. Code §§ 1788.30(b), 1788.17, and 1788.32, to the full extent provided by law; and reasonable attorneys' fees and costs under Cal. Civ. Code § 1788.30(c).

# COUNT III
### Violation of California's Unfair Competition Law
### Cal. Bus. & Prof. Code § 17200, *et seq.*
### On behalf of Plaintiff and the Class

85. Paragraphs 1 to 51 are hereby incorporated by reference.

86. The California Unfair Competition Law "UCL" defines unfair business competition to include any "unlawful, unfair, or fraudulent" act or practice. Cal. Bus. & Prof. Code § 17200.

87. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

88. As described in detail above, Roundpoint's conduct violates the Rosenthal Act and the FDCPA. These violations are sufficient to support Ms. Elbert's and the Class' claim under the unlawful prong of the UCL.

89. In addition, a business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

90. Roundpoint's actions constitute "unfair" business practices because, as alleged above, Roundpoint engaged in the immoral, unethical, oppressive, and unscrupulous practice of charging Pay-to-Pay Fees not authorized by the Uniform Mortgages or applicable law. Roundpoint's unfair practice was substantially injurious to consumers, who were forced to pay $10 to $12 each time they wished to make payments by phone. Because Roundpoint imposed Pay-to-Pay Fees on all forms of telephone payment, Plaintiff and the Class were not able to make payments by telephone without facing injury. And, because Roundpoint charged fees well above the actual cost of providing phone payment services, there are no countervailing benefits to consumers or competition that outweigh the injuries suffered by Plaintiff and the Class.

91. As a result of the above conduct, Plaintiff has suffered economic injury, and Roundpoint has been unjustly enriched at the expense of Ms. Elbert and members of the Class. Roundpoint has been

unjustly enriched by obtaining revenues and profits that it would not have obtained otherwise absent its unlawful conduct.

92. Through its unlawful acts and practices, Roundpoint has improperly obtained money from Ms. Elbert and the Class Members. As such, Ms. Elbert requests that the Court cause Roundpoint to restore the money to Ms. Elbert and the Class and enjoin Roundpoint from continuing to violate the UCL in the future. Ms. Elbert's mortgage continues to be serviced by Roundpoint, and she intends to make mortgage payments over the phone in the future. Absent an injunction, Ms. Elbert and the Class Members may be irreparably harmed and/or denied an effective and complete remedy.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of herself and others similarly situated, respectfully requests that the Court:

93. Certify the proposed Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

94. Award damages, including compensatory and exemplary damages, to Plaintiff and the Class in an amount to be determined at trial;

95. Award statutory damages and/or penalties to Plaintiff and the Class;

96. Permanently enjoin Roundpoint from the wrongful and unlawful conduct alleged herein;

97. Award Plaintiff and the Class their expenses and costs of suit, including reasonable attorneys' fees to the extent provided by law;

98. Award pre- and post-judgment interest to the extent provided by law; and

99. Award such further relief as the Court deems appropriate.

## **PLAINTIFF DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

Dated: January 13, 2020                                            Respectfully Submitted,


                                                                                                                              */s/ Hassan A. Zavareei*
                                                                                                                              Hassan A. Zavareei

Hassan A. Zavareei (SBN 181547)
Katherine M. Aizpuru (*pro hac vice* application forthcoming)
TYCKO & ZAVAREEI LLP
1828 L Street NW, Suite 1000
Washington, D.C. 20036
202-973-0900 (p)
202-973-0950 (f)
hzavareei@tzlegal.com
kaizpuru@tzlegal.com

Annick M. Persinger (SBN 272996)
V Chai Oliver Prentice (SBN 309807)
TYCKO & ZAVAREEI LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510-254-6808 (p)
202-973-0950 (f)
vprentice@tzlegal.com

James L. Kauffman (*pro hac vice* application forthcoming)
BAILEY & GLASSER LLP
1054 31st Street, Suite 230
Washington, DC 20007
(202) 463-2101 (p)
(202) 463-2103 (f)
jkauffman@baileyglasser.com

Jonathan R. Marshall (*pro hac vice* application forthcoming)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, West Virginia
(304) 345-6555 (p)
(304) 342-1110 (f)
jmarshall@baileyglasser.com

*Counsel for Plaintiff*