BLANK ROME LLP
Cheryl S. Chang (SBN 237098)
Chang@BlankRome.com
Jessica A. McElroy (SBN 299919)
JMcElroy@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA  90067
Telephone:     424.239.3400
Facsimile:      424.239.3434

Attorneys for Defendant,
ROUNDPOINT MORTGAGE
SERVICING CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMYE ELBERT, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br><br>     vs.<br><br>ROUNDPOINT MORTGAGE SERVICING CORPORATION,<br><br>                              Defendant. | Case No. 3:20-cv-00250-MMC<br><br>**DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Filed concurrently with Request for Judicial Notice, Certificate of Interested Parties, and [Proposed] Order*]<br><br>Date:        May 15, 2020<br>Time:       9:00 a.m.<br>Location:   Courtroom 7 (19th Floor)<br>                  450 Golden Gate Avenue<br>                  San Francisco, CA 94102<br><br>Complaint Filed: January 13, 2020<br>Trial Date:        None Set |

141581.00705/122602410v.4

**TO THIS HONORABLE COURT, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 15, 2020 at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 7, 19th Floor, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendant RoundPoint Mortgage Servicing Corporation ("Defendant" or "RoundPoint"), will and hereby does move this Court, pursuant to Federal Rules of Civil Procedure 12(b)(6) to dismiss the Complaint ("Complaint") of Plaintiff Amye Elbert ("Elbert" or "Plaintiff") on the grounds that Elbert fails to plead facts sufficient to state a claim upon which relief can be granted.

In the alternative, RoundPoint moves this Court, pursuant to Federal Rules of Civil Procedure 12(f), and 23(d)(1)(D), to strike Elbert's remaining class allegations, including Paragraphs 1-3, 4, 6, 41, 44-54, portions of the Prayer for Relief and all reference to class allegations in the Complaint. The proposed class is unascertainable because it encompasses numerous mortgagors who have not been, and could not be, damaged in any respect by the conduct alleged in the Complaint. Additionally, the class representative is not typical of the proposed state-wide class because her claims are premised upon terms specific to her FHA loan. Finally, the proposed class is overly broad because it encompasses borrowers who purportedly incurred fees for payments made online, when RoundPoint does not assess fees for online payments, borrowers with loans secured by properties located outside of California, when only California consumers may avail themselves of California's consumer protection statutes, and borrowers whose security instruments different from Plaintiff's, when such differences are critical to determining whether there was any breach of contract or statutory violation.

This Motion is based upon this Motion and the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, all filed concurrently herewith, the pleadings and papers on file in this action, and upon such other oral argument and/or documentary matters as may be presented to this Court at or before the hearing on this Motion.

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

1

2

3   DATED:  March 6, 2020                    BLANK ROME LLP

4

5                                            By:  _/s/ Jessica A. McElroy_
                                                  Cheryl S. Chang
6                                                 Jessica A. McElroy
                                             Attorneys for Defendant
7                                            ROUNDPOINT MORTGAGE SERVICING
                                             CORPORATION
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ..................................................................................................1

II.  STATEMENT OF FACTS ....................................................................................2

  A.  Plaintiff's Loan Documents ......................................................................2

  B.  RoundPoint Begins Servicing the Loan ...................................................2

  C.  Plaintiff's Allegations ..............................................................................2

III.  STANDARD OF REVIEW ..................................................................................3

  A.  Rule 12(b)(6) ............................................................................................3

  B.  Rule 12(f) .................................................................................................4

  C.  Rule 23(d)(1)(D) ......................................................................................4

IV.  ARGUMENT ........................................................................................................5

  A.  Plaintiff's Breach of Contract Claim Fails...............................................5

    1.  Plaintiff Cannot State a Breach of Contract Claim Based Upon HUD Regulations or the Rosenthal Act Because They Are Not Expressly Incorporated into the Deed of Trust ............................6

    2.  Even if HUD Regulations Were Incorporated into the Deed of Trust, RoundPoint Did Not Violate Them .......................................9

    3.  Plaintiff Does Not Plead Damages................................................10

  B.  Plaintiff's Rosenthal Act Claim Fails ....................................................11

    1.  RoundPoint Did Not Violate the Rosenthal Act Because Plaintiff Does Not Allege That She Was the Object of Debt Collection Activity....................................................................11

    2.  Loan Servicers Are Not Subject to the Rosenthal Act...............12

    3.  RoundPoint Did Not Engage in Any Prohibited Acts................13

  C.  Plaintiff's UCL Claim Fails Because RoundPoint's Actions Were Not Unlawful or Unfair.....................................................................14

  D.  In the Alternative, Paragraphs 1-3, 4, 6, 41, 44-54, Portions of the Prayer for Relief and All Reference to Class Allegations Should Be Stricken as Immaterial, Impertinent, or for Lack of Ascertainability as to the Class Allegations .....................................................................15

    1.  The Court Should Strike Plaintiff's Background Allegations Regarding "Pay to Pay" Fees as Immaterial and Impertinent...................15

    2.  The Court Should Strike Plaintiff's Class Allegations for Lack of Ascertainability ......................................................16

V.  CONCLUSION...................................................................................................19

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Algarin v. Maybelline, LLC*,
5
    300 F.R.D. 444 (S.D. Cal. May 12, 2014) ...................................................................17

6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..........................................................................................................3
7

*Bell Atl. Corp. v. Twombly*,
8
    550 U.S. 544 (2007) ..........................................................................................................3

9

*Bell Atlantic Corp. v. Twombly*,
10
    127 S. Ct. 1955 (2007) ......................................................................................................2

11

*Bell v. Cheswick Generating Station, et al.*,
    Civ. A. No. 12-929, 2015 U.S. Dist. LEXIS 9791 (W.D. Pa. Jan. 28, 2015) ...........................5
12

*Bishop v. Saab Auto. A.B.*,
13
    1996 U.S. Dist. LEXIS 22890 (C.D. Cal. Feb. 16, 1996) .........................................18

14

*Bottoni v. Sallie Mae, Inc.*,
15
    2011 U.S. Dist. LEXIS 93634 (N.D. Cal. Aug. 22, 2011) ........................................16

16

*Branch v. Tunnell*,
    14 F.3d 449 (9th Cir. 1994) (*overruled on other grounds by Galbraith v.*
17
    *County of Santa Clara*, 307 F. 3d 1119, 1127 (9th Cir. 2002)) ..................................4

18

*Britz Fertilizers, Inc. v. Bayer Corp.*,
19
    665 F. Supp. 2d 1142 (E.D. Cal. 2009) .......................................................................6

20

*Burris v. HSBC Bank USA, Nat'l Ass'n*,
    No. 14-CV-02242 AB (CWX), 2014 WL 12772260 (C.D. Cal. Dec. 19, 2014) ......................11
21

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
22
    20 Cal. 4th 163 (1999) ...................................................................................................14

23

*Chandler v. Wells Fargo Bank, N.A.*,
    No. 11-03831 SC, 2014 U.S. Dist. LEXIS 1122 (N.D. Cal. Jan. 3, 2014), aff'd
24
    637 Fed. App'x 413 (9th Cir. 2016).......................................................................7, 8

25

*Colapinto v. Esquire Deposition Serv.*,
26
    2011 U.S. Dist. LEXIS 30814 (C.D. Cal. Mar. 8, 2011) ........................................18

27

*Colapinto v. Esquire Deposition Servs.*,
    2011 U.S. Dist. LEXIS 308141 (C.D. Cal., Mar. 8, 2011) .....................................17
28

*Condel v. Bank of America, N.A.*,
 No. 3:12CV212, 2012 U.S. Dist. LEXIS 93206, 2012 WL 2673167 (E.D. Va.
 2012) ...................................................................................................................................8

*Dang v. CitiMortgage, Inc.*,
 No. 5:11-cv-05036 EJD, 2012 U.S. Dist. LEXIS 30296, 2012 WL 762329
 (N.D. Cal. Mar. 7, 2012) ...................................................................................................11

*DeLeon v. Wells Fargo Bank, N.A.*,
 729 F. Supp. 2d 1119 (N.D. Cal. 2010) ............................................................................16

*DVD Copy Control Assn., Inc. v. Kaleidescape, Inc.*,
 176 Cal. App. 4th 697 (2009) .............................................................................................6

*Edeh v. Midland Credit Mgmt.*,
 748 F. Supp. 2d 1030 (D. Minn. 2010) .............................................................................18

*Ellis v. Phillips & Cohen Associates, Ltd.*,
 No. 5:14-cv-05539-EJD, 2016 U.S. Dist. LEXIS 85705, 2016 WL 3566981
 (N.D. Cal. June 30, 2016) ..................................................................................................11

*Fantasy, Inc. v. Fogerty*,
 984 F.2d 1524 (9th Cir. 1993) .............................................................................................4

*Faulkner v. ADT Sec. Servs., Inc.*,
 706 F.3d 1017 (9th Cir. 2013) .............................................................................................3

*Fogerty v. Fantasy, Inc.*,
 510 U.S. 517, 534-35 (1994) ...............................................................................................4

*Glaser v. Nationstar Mortg., LLC*,
 No. 16-cv-07245-LB, 2017 U.S. Dist. LEXIS 70911 (N.D. Cal. May 9, 2017) .....................12

*Gonzales v. Comcast Corp.*,
 No. 10-CV-01010-LJO-BAM, 2012 WL 10621 (E.D. Cal. Jan. 3, 2012) ...............................17

*Grill v. BAC Home Loans Servicing LP*,
 2011 U.S. Dist. LEXIS 3771 (E.D. Cal. Jan. 13, 2011) ..............................................................4

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
 896 F.2d 1542 (9th Cir. 1990) .............................................................................................4

*Heintz v. Jenkins*,
 514 U.S. 291 (1995) ...........................................................................................................11

*Herskowitz v. Apple, Inc.*,
 301 F.R.D. 460 (N.D. Cal. Aug. 7, 2014) ...........................................................................17

*Hovsepian v. Apple, Inc.*,
 2009 U.S. Dist. LEXIS 117562, 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) .................5, 16

*In re Harmonic Sec. Litig.*,
   2006 U.S. Dist. LEXIS 90450 (N.D. Cal. Dec. 11, 2006) ......................................................16

*Johnson v. World Alliance Fin. Corp.*,
   830 F.3d 192 (5th Cir. 2016) ...........................................................................................6, 7

*Kwikset Corp. v. Super. Ct.*,
   51 Cal. 4th 310 (2011) ......................................................................................................15

*La Mar v. H & B Novelty & Loan Co.*,
   489 F.2d 461 (9th Cir. 1973) .............................................................................................17

*Lapidus v. Hecht*,
   232 F.3d 679 (9th Cir. 2000) ...............................................................................................4

*Lawther v. OneWest Bank, FSB*,
   2012 WL 298110 (N.D. Cal. Feb. 1, 2012) ........................................................................15

*Lessard v. Trinity Protection Servs.*,
   2010 U.S. Dist. LEXIS 80582 (E.D. Cal. Aug. 3, 2010) ......................................................4

*Loiseau v. Visa USA Inc.*,
   No. 09-CV-2177-H (JMA), 2010 U.S. Dist. LEXIS 119910 (S.D. Cal. Feb. 10,
   2010) ................................................................................................................................10

*Mir v. Little Co. of Mary Hosp.*,
   844 F.2d 646 (9th Cir. 1988) ...............................................................................................4

*Murray v. Sears, Roebuck and Co.*,
   2010 U.S. Dist. LEXIS 97811 (N.D. Cal. Sept. 3, 2010) ......................................................5

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ...............................................................................................3

*O'Connor v. Boeing N. Am., Inc.*,
   184 F.R.D. 311 (C.D. Cal.1998) .........................................................................................17

*Oasis West Realty, LLC v. Goldman*,
   51 Cal. 4th 811 (2011) ........................................................................................................6

*Pemberton v. Nationstar Mortg. LLC*,
   No. 14-cv-1024-BAS-WVG, 2018 U.S. Dist. LEXIS 106848 (S.D. Cal. June
   26, 2018) ............................................................................................................................6

*Perry v. Stewart Title Co.*,
   756 F.2d 1197 (5th Cir. 1985) ............................................................................................13

*Pollock v. Bay Area Credit Serv., LLC*,
   2009 U.S. Dist. LEXIS 71169, 2009 WL 2475167 (S.D. Fla. Aug. 13, 2009) ......................18

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

*Poonja v. Chandrakant Shah* (*In re San Jose Airport Hotel, LLC*),
　　No. 5:17-cv-00858-EJD, 2018 U.S. Dist. LEXIS 47771 (N.D. Cal. Mar. 22,
　　2018) ................................................................................................................10

*Rank v. Nimmo*,
　　677 F.2d 692. (9th Cir. 1982)..........................................................................9

*Riggs v. Prober & Raphael*,
　　681 F.3d 1097 (9th Cir. 2012)........................................................................11

*Rockridge Tr. v. Wells Fargo, N.A.*,
　　985 F. Supp. 2d 1110 (N.D. Cal. 2013) ...........................................................6

*Rovai v. Select Portfolio Servicing, LLC*,
　　No. 14-cv-1738-BAS-WVG, 2018 U.S. Dist. LEXIS 107764 (S.D. Cal. June
　　27, 2018) ..........................................................................................................6

*Saldate v. Wilshire Credit Corp.*,
　　711 F. Supp. 2d 1126 (E.D. Cal. 2010).....................................................14, 15

*Sanders v. LoanCare LLC*,
　　No. 18-CV-09376, 2019 U.S. Dist. LEXIS 20900 (C.D. Cal. Feb. 1, 2019)...............11, 12, 13

*Sandoval v. Ali*,
　　34 F. Supp. 3d 1031 (N.D. Cal. 2014) ..............................................................4

*Shroyer v. New Cingular Wireless Servs., Inc.*,
　　622 F.3d 1035 (9th Cir. 2010).........................................................................15

*Sidney-Vinstein v. A.H. Robins Co.*,
　　697 F.2d 880 (9th Cir. 1983)............................................................................4

*Smith v. JPMorgan Chase Bank, N.A.*,
　　519 Fed. App'x 861 (5th Cir. 2013)..................................................................6

*Smith v. State Farm Mutual Auto. Ins. Co.*,
　　93 Cal. App. 4th 700 (2001) ...........................................................................14

*Southland Corp. v. Emerald Oil Co.*,
　　789 F.2d 1441 (9th Cir. 1986)..........................................................................6

*Stubbs v. McDonald's Corp.*,
　　224 F.R.D. 668 (D. Kan. 2004)........................................................................5

*Sybrandy v. U.S. Dep't of Agric., Agric. Stabilization & Conservation Serv.*,
　　937 F.2d 443 (9th Cir. 1991)............................................................................6

*Talley v. ARINC, Inc.*,
　　222 F.R.D. 260 (D. Md. 2004)..........................................................................5

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

*Thorpe v. Housing Authority*,
    393 U.S. 268 (1969) ............................................................................................................9

*Tietsworth v. Sears, Roebuck and Co.*,
    720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...........................................................................5, 16

*Troyk v. Farmers Grp., Inc.*,
    171 Cal. App. 4th 1305 (2009) .............................................................................................10

*Wardrop v. Wells Fargo Bank*,
    No. ED CV 16-413 DMG, 2016 U.S. Dist. LEXIS 187306 (C.D. Cal. Oct. 11,
    2016) .................................................................................................................................11, 12

*Williams v. Oberon Media, Inc.*,
    468 Fed. Appx. 768 (9th Cir. 2012) .....................................................................................17

*Wise v. Wells Fargo Bank, N.A.*,
    850 F. Supp. 2d 1047 (C.D. Cal. 2012) ...........................................................................12, 13

*Yanting Zhang v. Super. Ct.*,
    57 Cal. 4th 364 (2013) .........................................................................................................14

**Statutes**

15 U.S.C. § 1692(f) ....................................................................................................................14

15 U.S.C. § 1692a(6) .............................................................................................................12, 13

Cal. Bus. & Prof. Code § 17200 .........................................................................................1, 7, 14

Cal. Bus. & Prof. Code § 17204 ................................................................................................14

Cal. Civ. Code § 1788.2(d) ........................................................................................................11

Cal. Civ. Code § 1788.2(e) .........................................................................................................11

Cal. Civ. Code § 1788.2(f) .........................................................................................................11

Cal. Civ. Code § 1788.2(g) ........................................................................................................11

Cal. Civ. Code § 1788.2(h) ........................................................................................................11

Cal. Civ. Code § 1788.13(e) ..................................................................................................13, 14

Cal. Civ. Code § 1788.14(b) ..................................................................................................13, 14

Cal. Civ. Code § 1788.17 ...........................................................................................................11

Cal. Civ. Code § 3300 ................................................................................................................10

California's Unfair Competition Law ......................................................................................1, 14

FDCPA .......................................................................................................... *passim*

Texas Debt Collections Act .............................................................................7

**Other Authorities**

12 C.F.R. § 203.552(a)....................................................................................9

12 C.F.R. § 203.552(a)(12)..............................................................................9

85 Cal. Op. Att'y Gen. 215 (2002)................................................................11

Applicable Law." Indeed, "...........................................................................8

5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382
(1990) ........................................................................................................4

Fed. R. Civ. P. 23 ...........................................................................................5

https://www.citizensone.com/home-loans/pay-my-loan.aspx .........................9

https://www.hud.gov/sites/documents/40001HSGH.PDF (last accessed March 1,
2020) .........................................................................................................9

https://www.mrcooper.com/support/payments/payment_methods....................9

https://www.rpmservicing.com/payments...................................................2, 3

https://www.rpmservicing.com/payments (last accessed March 1, 2020)......10

Rule 12(b)(6)...............................................................................................3, 4

Rule 12(f) ...............................................................................................4, 5, 15

Rule 23(a)........................................................................................................5

Rule 23(b)........................................................................................................5

Rule 23(d)(1)(D) ..........................................................................................4, 5

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendant RoundPoint Mortgage Servicing Corporation ("RoundPoint" or "Defendant") respectfully submits its motion to dismiss ("Motion") the Complaint ("Complaint"), or in the alternative, strike class allegations, filed by Plaintiff Amye Elbert ("Elbert" or "Plaintiff").

## I.     INTRODUCTION

RoundPoint, Plaintiff's loan servicer, offers borrowers the convenient and voluntary option to make loan payments by phone, for a $10 (automated) or $12 (representative-assisted) fee, in addition to offering a variety of cost-free payment options. Plaintiff took advantage of the pay by phone option on two occasions and now claims, on behalf of herself and a putative class of borrowers, that the fees are in violation of her FHA loan documents and therefore unlawful.[1] The fees, however, are authorized by Plaintiff's deed of trust and in accordance with all applicable laws.

Plaintiff's three claims each fail for independent reasons. First, there is nothing in Plaintiff's deed of trust that precludes voluntary convenience fees, and a purported statutory violation cannot form the basis of a breach of contract claim where the statute is not specifically incorporated into the subject contract. Even if it were incorporated, the reasonable and customary convenience fees do not amount to a statutory violation. Plaintiff also cannot establish damages when she freely opted to incur a convenience fee, choosing to forego RoundPoint's cost-free payment options, including by mail or online. Second, Plaintiff's attempt to transform what is, at best, a contractual dispute into a claim for violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") fails because Plaintiff does not allege that her loan was due and owing at the time of payment, that RoundPoint is a debt collector, or that RoundPoint engaged in any prohibited acts. Third, Plaintiff's claim for violation of California's Unfair Competition Law ("UCL" or "Section 17200") correspondingly fails because it is tethered to Plaintiff's Rosenthal Act claim and Plaintiff does not allege that RoundPoint violated public policy by offering borrowers an optional payment method for a modest fee.

For these reasons, RoundPoint respectfully requests this Court dismiss Plaintiff's entire Complaint with prejudice. Furthermore, these defects, sufficient on their face to warrant dismissal, require even more

---

[1] Plaintiff also incorrectly alleges that RoundPoint assesses fees for payments made online. Complt., ¶ 1.

141581.00705/122602410v.4                                    1

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

scrutiny in the context of a purported class action, where pleading deficiencies should "be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1966 (2007). Therefore, RoundPoint moves, in the alternative, to strike the class allegations set forth in the Complaint for lack of ascertainability. Variances in individual facts overwhelm common issues, and the class representative is not typical of the proposed state-wide class because Plaintiff was never charged a fee for an online payment and her claims are based on specific terms of her FHA loan. Moreover, the proposed class is overly broad and includes non-FHA borrowers, out of state citizens, and borrowers who made payments online, even though there are no fees associated with this manner of payment. For these reasons, RoundPoint respectfully requests that the Court strike Plaintiff's class action allegations.

## II.     STATEMENT OF FACTS

### A.     Plaintiff's Loan Documents

On or about October 19, 2015, John Fulgham ("Fulgham") and Elbert obtained an FHA loan in the amount of $397,664.00 ("Loan"), as husband and wife as joint tenants, secured by a deed of trust ("Deed of Trust") recorded against the real property located at 2409 Grimsby Drive, Antioch, California 94509 ("Property"). Request for Judicial Notice ("RJN"), Ex. A; Complt., ¶¶ 28, 32, Ex. A.

Paragraph 13 of the Deed of Trust confirms that "Lender may collect fees and charges authorized by the Secretary. Lender may not charge fees that are expressly prohibited by this Security Instrument, or by Applicable Law." RJN, Ex. A; Complt., Ex. A at ¶ 13.

### B.     RoundPoint Begins Servicing the Loan

Thereafter, RoundPoint began servicing the Loan. (Complt., ¶ 29. RoundPoint's website confirms that borrowers may make payments online or by mail without incurring any fees. RJN, Ex. B (https://www.rpmservicing.com/payments, last accessed March 1, 2020). Payments made by phone using an automated system incur a $10 fee and payments made by phone with the assistance of a customer service representative incur a $12 fee. *Id.*

### C.     Plaintiff's Allegations

Plaintiff claims that RoundPoint charges and collects "illegal processing fees" when borrowers pay their monthly mortgage payments by phone or online, which Plaintiff refers to as "Pay-to-Pay" fees.

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

Complt., ¶ 1.  Plaintiff asserts that "sometimes" she "makes mortgage payments over the phone" and that on August 5, 2019 and September 4, 2019, RoundPoint charged her a $12.00 "Pay-to-Pay" fee for making a Loan payment over the phone.  Complt., ¶ 30.  Plaintiff additionally alleges that these fees are not authorized by the "Mortgage Agreement."  *Id.*  Plaintiff does not allege that she was ever assessed a fee for making a Loan payment online.  *See generally id.*

Plaintiff additionally asserts that she has "an FHA mortgage," that "Pay to Pay" fees are not authorized by the United States Department of Housing and Urban Development ("HUD") Single Family Housing Policy Handbook ("HUD SFH Handbook"), the Secretary of HUD, or her "Mortgage Agreement".  *Id.* at ¶¶ 32-38.

Based on these claims, Plaintiff seeks to represent a class of persons including:

> All persons with a California address who were borrowers on residential mortgage loans to which Roundpoint [*sic*] acquired servicing rights, and paid a fee to Roundpoint for making a loan payment by telephone, IVR, or the internet, during the applicable statutes of limitations for Plaintiff's UCL claim through the date a class is certified.

Complt., ¶ 44.  Plaintiff, on behalf of herself and the class, alleges three claims against RoundPoint for, (1) breach of contract, (2) violation of the Rosenthal Act, and (3) violation of the UCL.

## III. STANDARD OF REVIEW

### A. Rule 12(b)(6)

Courts are required to dismiss a complaint when the allegations of the complaint fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion "tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint "must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Though the court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to the plaintiffs, *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013), it should not accept mere "labels and conclusions," nor a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In addition to a plaintiff's allegations, the court may consider exhibits submitted with the complaint, documents referenced in the complaint and relevant matters subject to judicial notice.

1   *See, e.g.*, *Lapidus v. Hecht*, 232 F.3d 679, 682 (9th Cir. 2000); *Hal Roach Studios, Inc. v. Richard*

2   *Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d

3   646, 649 (9th Cir. 1988).  Furthermore, if a plaintiff fails to attach to the complaint documents upon

4   which the complaint is based, the defendant may attach such documents to a Rule 12(b)(6) motion to

5   show that they do not support the plaintiff's claim.  *Lessard v. Trinity Protection Servs.*, 2010 U.S.

6   Dist. LEXIS 80582 (E.D. Cal. Aug. 3, 2010) (*citing Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.

7   1994) (*overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F. 3d 1119, 1127 (9th

8   Cir. 2002)); *see also Grill v. BAC Home Loans Servicing LP*, 2011 U.S. Dist. LEXIS 3771 (E.D.

9   Cal. Jan. 13, 2011) ("Even if a document is not attached to a complaint, it may be incorporated by

10  reference into a complaint if the plaintiff refers extensively to the document or the document forms

11  the basis of the plaintiff's claim.").

12  ### A.   Rule 12(f)

13         Alternatively, a Federal Rule of Civil Procedure 12(f) motion to strike may be proper where

14  the class allegations are not ascertainable.  As the Ninth Circuit Court of Appeals explained in

15  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993):

16         "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and
       money that must arise from litigating spurious issues by dispensing with those
17     issues prior to trial.... *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th
       Cir. 1983).  "Immaterial" matter is that which has no essential or important
18     relationship to the claim for relief or the defenses being pleaded." 5 Charles A.
       Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07
19     (1990). "Impertinent" matter consists of statements that do not pertain, and are not
       necessary, to the issues in question."
20

21  *Id*. at 1527 (citations and internal quotations omitted), *rev'd on other grounds by Fogerty v. Fantasy,*

22  *Inc.*, 510 U.S. 517, 534-35 (1994).  Striking overbroad class allegation at the pleading stage will

23  streamline discovery and focus the proof to be had on the claims against a defendant.  *See id.*, 984

24  F.2d at 1528.

25  ### B.   Rule 23(d)(1)(D)

26         Moreover, numerous courts have endorsed motions to strike as a means of testing the

27  viability of class allegations.  *See, e.g.*, *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1043 (N.D. Cal. 2014)

28

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

1  (striking class allegations at pleading stage); *Hovsepian v. Apple, Inc.*, 2009 U.S. Dist. LEXIS

2  117562, 2009 WL 5069144, at * 2 (N.D. Cal. Dec. 17, 2009) (where it is apparent from the

3  pleadings that a class cannot be maintained, districts courts may strike class allegations prior to

4  discovery); *Bell v. Cheswick Generating Station, et al.*, Civ. A. No. 12-929, 2015 U.S. Dist. LEXIS

5  9791 (W.D. Pa. Jan. 28, 2015) (Class allegations may be stricken only when no amount of discovery

6  will demonstrate that the class can be maintained); *see also Stubbs v. McDonald's Corp.*, 224 F.R.D.

7  668, 675-76 (D. Kan. 2004) (granting defendant's motion to strike class allegations where plaintiff

8  failed to meet the prerequisites of Rule 23(a)); *Talley v. ARINC, Inc.*, 222 F.R.D. 260, 271 (D. Md.

9  2004) (granting defendant's motion to strike plaintiffs' pay and promotions class allegations where

10 plaintiffs failed to meet the requirements of Rule 23(a) and Rule 23(b)).  Federal Rule of Civil

11 Procedure 23(d)(1)(D) gives the Court discretion to dismiss and/or strike class allegations and

12 requires that pleadings "be amended to eliminate therefrom allegations as to representation of absent

13 persons . . . ."  It was designed so that courts can give "clear definition" to a class action, and so that

14 they can "determine as early in the proceedings as practicable" whether class allegations can be

15 maintained.  Fed. R. Civ. P. 23, Advisory Committee Notes, 1966 Amendment, Subd. (d)(4) and

16 (c)(1).

17          Under Rules 23(d)(1)(D) and 12(f), the Court "has authority to strike class allegations prior

18 to discovery if the complaint demonstrates that a class action cannot be maintained."  *Tietsworth v.*

19 *Sears, Roebuck and Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010); *see also Murray v. Sears*,

20 *Roebuck and Co.*, 2010 U.S. Dist. LEXIS 97811, at *5 (N.D. Cal. Sept. 3, 2010) (same).  For a class

21 action to be maintained, the class must be ascertainable, all of the requirements of Rule 23(a) must

22 be satisfied, and one of the requirements of Rule 23(b) must be satisfied.  *Id.*

23 **IV.    ARGUMENT**

24     **A.    Plaintiff's Breach of Contract Claim Fails**

25          As outlined in further detail below, Plaintiff fails to plead facts to show that the Deed of Trust, which

26 contains no mention whatsoever of the HUD SFH Handbook (or any HUD handbook), the FDCPA, or the

27 Rosenthal Act, incorporates these instructions or statutes by reference.  Even if she could, her breach of contract

28

claim still fails because RoundPoint did not violate the HUD SFH Handbook, the FDCPA, or the Rosenthal Act, and Plaintiff has not alleged that she suffered any damages from any purported breach.  In summary, Plaintiff's breach of contract claim is incurably deficient and should be dismissed with prejudice.

### 1. Plaintiff Cannot State a Breach of Contract Claim Based Upon HUD Regulations or the Rosenthal Act Because They Are Not Expressly Incorporated into the Deed of Trust

To state a cause of action for breach of contract, a plaintiff must allege: (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) resulting damage to the plaintiff.  *See Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011); *Rockridge Tr. v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1141 (N.D. Cal. 2013).  "Under California law, the interpretation of a written contract is a matter of law for the court even though questions of fact are involved."  *Britz Fertilizers, Inc. v. Bayer Corp.*, 665 F. Supp. 2d 1142, 1159 (E.D. Cal. 2009) (quoting *Southland Corp. v. Emerald Oil Co.*, 789 F.2d 1441, 1443 (9th Cir. 1986)).

"Generally, a party may not rely on a statute or regulation to state a breach of contract claim when the underlying contract does not incorporate the statute or regulation."  *Rovai v. Select Portfolio Servicing, LLC*, No. 14-cv-1738-BAS-WVG, 2018 U.S. Dist. LEXIS 107764, at *14 (S.D. Cal. June 27, 2018) (*Rovai*); *see also Johnson v. World Alliance Fin. Corp.*, 830 F.3d 192, 196 (5th Cir. 2016) (*Johnson*) ("HUD regulations do not give the borrower a private cause of action unless the regulations are expressly incorporated into the lender-borrower agreement.") (affirming dismissal of breach of contract claim); *Smith v. JPMorgan Chase Bank, N.A.*, 519 Fed. App'x 861, 864 (5th Cir. 2013) ("Federal statutes and regulations can form the basis of a breach-of-contract claim if the parties expressly incorporate them into their contract."); *Sybrandy v. U.S. Dep't of Agric., Agric. Stabilization & Conservation Serv.*, 937 F.2d 443, 445-46 (9th Cir. 1991) ("This regulatory provision was expressly incorporated into the Termination Program contract signed by the Sybrandys.").

Instead, the terms of an extrinsic document may be incorporated by reference only if: "(1) the reference is clear and unequivocal, (2) the reference is called to the attention of the other party and he consents thereto, and (3) the terms of the incorporated document are known or easily available to the contracting parties."  *DVD Copy Control Assn., Inc. v. Kaleidescape, Inc.*, 176 Cal. App. 4th 697 (2009).  This includes specific statutes or regulations.  *Pemberton v. Nationstar Mortg. LLC*, No. 14-cv-1024-BAS-WVG, 2018 U.S. Dist. LEXIS

1  106848, at *15 (S.D. Cal. June 26, 2018).

2        For example, in *Chandler v. Wells Fargo Bank, N.A.*, No. 11-03831 SC, 2014 U.S. Dist. LEXIS 1122,

3  at *2 (N.D. Cal. Jan. 3, 2014), aff'd 637 Fed. App'x 413, 414 (9th Cir. 2016) (*Chandler*), the plaintiff filed a

4  putative class action case, alleging claims for declaratory relief, breach of contract, and violation of Section

5  17200, based on his claims that, pursuant to the terms of the subject deed of trust and HUD regulations, the

6  defendants should have provided him with notice and an opportunity to purchase property following the death

7  of his owner-mother. *Id.* Plaintiff contended that HUD regulations required notice and an opportunity for him

8  to purchase the property for 95% of its appraised value, rather than the full loan balance, and that the subject

9  deed manifested the parties' intent to be bound by the HUD regulations. *Id.* at *14. The Court disagreed,

10  explaining that plaintiff could not "point to a particular provision of the [subject] Deed incorporating HUD

11  regulations." *Id.* The Court further noted that "courts have been reluctant to incorporate statutory or HUD

12  regulatory provisions into a contract unless the contract explicitly provides for their incorporation" and

13  dismissed the case with prejudice. *Id.* at *14-15, 17.

14        Likewise, in *Johnson*, the plaintiff alleged a breach of a reverse mortgage agreement and violations of

15  the Texas Debt Collections Act on the basis that the foreclosure of the subject property could have been avoided

16  if the defendant had not issued the mortgage in violation of HUD guidelines. *Johnson*, 830 F.3d at 195. The

17  plaintiff conceded that the subject mortgage did not expressly require the lender to adhere to HUD guidelines,

18  and the court dismissed plaintiff's breach of contract claim after noting that there was no evidence that the

19  parties intended to incorporate into the mortgage the specific HUD term at issue. *Id.* at 196.

20        The contract at issue here is the Deed of Trust, which Plaintiff refers to as the "Mortgage Agreement."

21  *See* Complt., ¶ 28. Plaintiff does not, because she cannot, point to any provision of the Deed of Trust that

22  specifically prohibits fees charged for the convenience of making a payment by phone. Rather, Plaintiff

23  attempts to create an implied contractual term, where one does not exist, to support her breach of contract claim

24  based on two arguments. First, Plaintiff alleges that RoundPoint breached the Deed of Trust by collecting Pay

25  to Pay fees, which are "not authorized by the Secretary [of HUD]." Complt., ¶¶ 61-63. Second, Plaintiff alleges

26  that RoundPoint breached the terms of the agreement because collecting Pay-to-Pay fees is in violation of

27

28

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

1  " 'Applicable Law,' i.e., the Rosenthal Act." *Id.* at ¶¶ 65.[2]

2  However, the Deed of Trust, attached to the Complaint as Exhibit A, confirms that no provision

3  incorporates the HUD handbooks by reference or through use of any language. *See* Complt., Ex. A.  Indeed,

4  HUD itself is only referred to once, in connection with the definition of "Secretary."  Specifically, the Deed of

5  Trust provides, in relevant part:

6  - (J) **"Applicable Law"** means all controlling applicable federal, state and local statutes,

7  regulations, ordinances and administrative rules and orders (that have the effect of law) as well

8  as all applicable final, non-appealable judicial opinions.

9  - (R) **"Secretary"** means the Secretary of the United States Department of Housing and Urban

10  Development or his designee.

11  - 13. **Loan Charges**.  Lender may charge Borrower fees for services performed in connection

12  with Borrower's default, for the purpose of protecting Lender's interest in the Property and

13  rights under this Security Instrument, including, but not limited to, attorneys' fees, property

14  inspection and valuation fees. Lender may collect fees and charges authorized by the Secretary.

15  Lender may not charge fees that are expressly prohibited by this Security Instrument, or by

16  Applicable Law.

17  Complt., Ex. A.  The absence of any provision requiring the lender to abide by the guidelines of the HUD

18  handbooks precludes Plaintiff from asserting a breach of contract based on RoundPoint's purported failure to

19  abide by such handbook.  *See Chandler*, 2014 WL 31315, at *5-6 (N.D. Cal. Jan. 3, 2014), aff'd 637 Fed.

20  App'x 413, 414 (9th Cir. 2016) ("To the extent that Chandler relies on HUD regulations to support his breach of

21  contract claim, his argument fails because the HECM does not incorporate them.").

22  Similarly, the Deed of Trust does not incorporate California's Rosenthal Act or the FDCPA as it makes

23  no specific mention of either statute.   The Deed of Trust's reference to "Applicable Law" does not amount to an

24  incorporation of the Rosenthal Act or FDCPA as "Applicable Law."  Indeed, "[m]ost courts construe narrowly

25  the phrase 'all applicable law' (or similar language) in a contract."  *Condel v. Bank of America, N.A.*, No.

26  3:12CV212, 2012 U.S. Dist. LEXIS 93206, 2012 WL 2673167, at *8 (E.D. Va. 2012).  In any event, and as is

27

28  ---
[2] Plaintiff alleges a separate claim for violation of the Rosenthal Act, which is addressed in further detail *infra*, at Section III.B.

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

1    further discussed below, RoundPoint did not violate the Rosenthal Act.

2           Accordingly, Plaintiff's breach of contract claim should be dismissed with prejudice.

3           **2.      Even if HUD Regulations Were Incorporated into the Deed of Trust,**
            **RoundPoint Did Not Violate Them**

4           Even assuming, *arguendo*, that Plaintiff could rely on a violation of the HUD handbooks to maintain

5    her breach of contract claim, the claim still fails because Plaintiff does not identify a specific provision of the

6    handbooks that prohibits RoundPoint from collecting a convenience fee for borrowers taking advantage of the

7    optional service of making a mortgage payment by phone. *See generally*, Complt.  Instead, Plaintiff points to

8    the provision of the HUD SFH Handbook which permits servicers to collect "allowable fees and charges," and

9    then claims that because the so-called "Pay to Pay" fees are "not specifically mentioned" in the Handbook, they

10   are not authorized.  Complt., ¶¶ 60-63.  However, "handbooks" and "booklets" issued by HUD "contain mere

11   'instructions,' 'technical suggestions,' and 'items of consideration,' " that "do not create an enforceable duty."

12   *Rank v. Nimmo*, 677 F.2d 692, 698, n.11. (9th Cir. 1982) (citing *Thorpe v. Housing Authority*, 393 U.S. 268

13   (1969)).

14          In any event, the Deed of Trust, as outlined above, confirms that RoundPoint may "collect fees and

15   charges authorized by the Secretary [of HUD]."  Complt., Ex. A, at ¶ 13.  While the HUD SFH Handbook

16   contains a list of "prohibited fees and charges," such fees and charges do not include "Pay to Pay" fees,

17   convenience fees, pay by phone fees, or online payment fees. *See* HUD Administration of Insured Home

18   Mortgages Handbook ("HUD AIHM Handbook"), RJN, Ex. C, at § 4330.1, 4-12; *see also* 12 C.F.R.

19   § 203.552(a)(12).  Instead, the HUD AIHM Handbook confirms that servicers may collect "reasonable and

20   customary" fees and charges. *Id.* at 4-12; 12 C.F.R. § 203.552(a).  The fees collected by RoundPoint for the

21   convenience of making a payment by phone are both reasonable and customary. *See*, *e.g.*, HUD SFH

22   Handbook 4000.1, Appendix 3.0 (Post-Endorsement Fees and Charges by Homeownership Center ("HOC"),

23   Santa Ana HOC (permitting various specified fees for the State of California, ranging from no charge to $100),

24   available at https://www.hud.gov/sites/documents/40001HSGH.PDF (last accessed March 1, 2020); *see also*

25   https://www.citizensone.com/home-loans/pay-my-loan.aspx (noting that "Fees may apply" for mortgage

26   payments made over the phone) (last accessed Feb., 27, 2020);

27   https://www.mrcooper.com/support/payments/payment_methods (noting that a fee of up to $14 may apply for

28

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

an automated phone payment and up to $19 for a representative-assisted phone payment).

Accordingly, the optional convenience fees associated with payments made by phone are permissible pursuant to the terms of the Deed of Trust and, therefore, do not constitute a breach of any contract between Plaintiff and RoundPoint.

### 3.  Plaintiff Does Not Plead Damages

In California, the measure of damages for a breach of contract "is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." *Poonja v. Chandrakant Shah* (*In re San Jose Airport Hotel, LLC*), No. 5:17-cv-00858-EJD, 2018 U.S. Dist. LEXIS 47771, at *7 (N.D. Cal. Mar. 22, 2018) (quoting Cal. Civ. Code § 3300).  In addition, "Civil Code section 3300 generally requires proof of causation." *Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 1352 (2009).  "A breach of contract claim requires a showing of appreciable and actual damage." *Loiseau v. Visa USA Inc.*, No. 09-CV-2177-H (JMA), 2010 U.S. Dist. LEXIS 119910, at *6 (S.D. Cal. Feb. 10, 2010).

Plaintiff alleges that she was charged a fee of $12.00 on August 5, 2019 and September 4, 2019 for making a payment over the phone.  Complt., ¶ 58.  Notably, Plaintiff does not allege that she did not receive notice of the fee before incurring it.  *See generally id.*  Indeed, the fee is clearly referenced on RoundPoint's website.  *See* https://www.rpmservicing.com/payments (last accessed March 1, 2020) (noting that a "$12 fee will apply" to "make a one-time payment or set up recurring payments with one of our customer service representatives").  Plaintiff also does not allege that she was *required* to make her monthly mortgage payment by phone and RoundPoint's website confirms that there are various no-cost ways to make a payment, including online or by mail.  *Id.*  Plaintiff's decision to voluntarily take advantage of the payment by phone option on two occasions, and the resulting associated fee, does not constitute damages.  *See Loiseau*, 2010 U.S. Dist. LEXIS, at *7 (finding that a $3.95 processing fee to activate a gift card was insufficient to establish damages in a breach of contract case).

Accordingly, aside from being able to establish the existence of a contract between the parties (i.e., the Deed of Trust), Plaintiff fails to plead any remaining element of her breach of contract claim.  Consequently, Plaintiff's first claim should be dismissed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.    Plaintiff's Rosenthal Act Claim Fails**

     **1.    RoundPoint Did Not Violate the Rosenthal Act Because Plaintiff Does Not Allege That She Was the Object of Debt Collection Activity**

"The Rosenthal Act is California's version of the FDCPA, which 'mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies' as independent violations." *Wardrop v. Wells Fargo Bank*, No. ED CV 16-413 DMG (SPx), 2016 U.S. Dist. LEXIS 187306, at *18 (C.D. Cal. Oct. 11, 2016) (quoting *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) (citing Cal. Civ. Code § 1788.17)). The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). The elements of an FDCPA claim are as follows: "(1) plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Ellis v. Phillips & Cohen Associates, Ltd.*, No. 5:14-cv-05539-EJD, 2016 U.S. Dist. LEXIS 85705, 2016 WL 3566981, at *3 (N.D. Cal. June 30, 2016) (quoting *Dang v. CitiMortgage, Inc.*, No. 5:11-cv-05036 EJD, 2012 U.S. Dist. LEXIS 30296, 2012 WL 762329, at *3 (N.D. Cal. Mar. 7, 2012)).

     Under the Rosenthal Act, a debtor is a natural person from whom a debt collector seeks to collect money, property, or their equivalent, that is due or owing (or alleged to be due and owing) from the natural person as a result of a transaction in which the natural person acquired—on credit—property, services, or money primarily for personal, family or household purposes. *See* Cal. Civ. Code § 1788.2(d)-(h) (defining the terms "debt," "consumer credit transaction," "consumer debt" and "consumer credit," "person," and "debtor").

     The California Attorney General, in its 2002 opinion addressing the application of the Rosenthal Act, explained that debts are "due and owing" when they "become delinquent, making them subject to collection." 85 Cal. Op. Att'y Gen. 215 (2002). Whereas, "obligations that are 'current,' prior to becoming delinquent and before the date at which payment required, are not subject to the Act's requirements." *Id.* "The Attorney General's construction of debts that are "due and owing" can thus be read as referring to debts for which payment is immediately or past due." *Sanders v. LoanCare LLC*, No. 18-CV-09376, 2019 U.S. Dist. LEXIS 20900, at *9 (C.D. Cal. Feb. 1, 2019) (citing *Burris v. HSBC Bank USA, Nat'l Ass'n*, No. 14-CV-02242 AB (CWX), 2014 WL 12772260, at *5 (C.D. Cal. Dec. 19, 2014) ("According to the Attorney General of

California, 'due' means 'having reached the date at which payment is required,' and 'owing' means 'due to be paid'").

In *Sanders*, for example, the plaintiff challenged "Special Request Fees," which were fees incurred by borrowers for online payments made during the 15-day "grace period" after plaintiff's loan was due. *Id.* at *2. The payments were referenced in a Notice of Servicer Transfer that included instructions or making the payments. *Id.* In analyzing whether the plaintiff had sufficiently alleged that she was the object of debt collection activity, the Court concluded that the plaintiff's loan debt was "due and owing" because the plaintiff "alleged sufficient facts to establish that her mortgage debt was, in fact past due." *Id.* at *9.

Here, on the other hand, Plaintiff alleges no such facts. Instead, she asserts that RoundPoint violated the Rosenthal Act by assessing the previously-described "Pay-to-Pay" fees. Complt., ¶ 74. However, aside from referencing two dates that she purportedly incurred such fees for payments made over the phone, the Complaint contains few other specific factual allegations. Unlike the plaintiff in *Sanders*, Plaintiff does not allege that when she made the challenged Loan payments over the phone on August 5, 2019 and September 4, 2019, that the Loan was past due. *See generally* Complaint. In fact, the Complaint does not contain any indicia that the Loan was past due whatsoever. *Id.* By way of example, Plaintiff does not allege that she was behind on her Loan payments, that she was receiving collection calls, or that she received any written notices directing her to make her payments by phone. *Id.*

**2. Loan Servicers Are Not Subject to the Rosenthal Act**

As defined by the FDPCA, a "debt collector" includes a person who: (1) uses interstate commerce or the mail in a business the principal purpose of which is debt collection; (2) "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"; or (3) is "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). "Creditors, mortgagors, and mortgage servicing companies are not debt collectors under the FDCPA and the Rosenthal Act." *Wardrop*, No. ED CV 16-413 DMG (SPx), 2016 U.S. Dist. LEXIS 187306, at *18; *see also Glaser v. Nationstar Mortg., LLC*, No. 16-cv-07245-LB, 2017 U.S. Dist. LEXIS 70911, at *32 (N.D. Cal. May 9, 2017) ("[m]ortgage loan beneficiaries and servicing companies are not 'debt collectors' under the FDCPA) (quoting *Wise v. Wells Fargo*

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

*Bank, N.A.*, 850 F. Supp. 2d 1047, 1053 (C.D. Cal. 2012)).  Indeed, "the legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of the debt."  *Wise*, 680 F. Supp. 2d at 1053 (*quoting Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).[3]

Here, RoundPoint is the servicer of Plaintiff's Loan.  *See* Complt., at ¶¶ 1 (alleging that RoundPoint is a "servicer of residential mortgages); 25 ("Roundpoint [*sic*] is a loan servicer that operates around the country").  Accordingly, RoundPoint may not be held liable under the FDCPA or Rosenthal Act.

### 3.  RoundPoint Did Not Engage in Any Prohibited Acts

Even assuming Plaintiff was in default on the Loan at the time she made the challenged payments and even if RoundPoint were considered a debt collector subject to the Rosenthal Act, Plaintiff's claim still fails because she has not alleged sufficient facts to show that either the Rosenthal Act or the FDCPA prohibits loan servicers from collecting fees attributable to an optional payment by phone method.

The Rosenthal Act prohibits any "false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges," unless such fees or charges may "legally be added to the existing obligation."  Cal. Civ. Code § 1788.13(e).  The Rosenthal Act further prohibits "[c]ollecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law."  Cal. Civ. Code § 1788.14(b).  Similarly, Section 1692f(1) of the FDCPA prohibits debt collectors from collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

In support of her Rosenthal Act claim, Plaintiff generally asserts that RoundPoint violated the Rosenthal Act by assessing "Pay-to-Pay fees," which, Plaintiff claims, "may not be legally added to the existing

---

[3] RoundPoint acknowledges that there is a split of authority as to whether a loan servicer is considered a debt collector under the Rosenthal Act when the servicer engages in debt collection activity, such as regularly seeking notices to collect money.  *See, e.g., Sanders v. LoanCare LLC*, No. 18-CV-09376, 2019 U.S. Dist. LEXIS 20900, at *13 (C.D. Cal. Feb. 1, 2019).  Here, however, Plaintiff does not allege that RoundPoint sent her notices to collect money, or even that it sent her monthly mortgage statements directing payment.

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

obligation," "were not permitted by law," and were not "expressly authorize[d] pursuant to Plaintiff's mortgage agreements." Complt., ¶¶ 74, 77, and 79.  Based on the general assertions that the fees are either not permitted by law, or not authorized, Plaintiff claims violations of California Civil Code §§ 1788.13(e), 1788.14(b), and 15 U.S.C. § 1692(f).  *Id.* at ¶¶ 73, 76, and 78.

However, as outlined in Section III.A *supra*, the Deed of Trust expressly permits RoundPoint to charge Plaintiff additional fees.  Specifically, Paragraph 13 of the Deed of Trust states that RoundPoint may "collect fees and charges authorized by the Secretary."  Complt., Ex. A, at ¶ 13.  Additionally, RoundPoint's website confirms that it does not charge fees for payments made online and that Plaintiff had cost-free payment alternatives available to her.  RJN, Ex. B.

Accordingly, the optional convenience fees, which Plaintiff voluntarily took advantage of, were not in violation of the Rosenthal Act and Plaintiff's second claim should be dismissed.

## C.   Plaintiff's UCL Claim Fails Because RoundPoint's Actions Were Not Unlawful or Unfair

The UCL prohibits "unfair competition," which is defined as any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  To state a claim for an "unlawful" business practice under California's Unfair Competition Law, a plaintiff must assert the violation of another law.  Where a plaintiff cannot state a claim under the "borrowed" law, he cannot state a UCL claim either.  *See, e.g., Saldate v. Wilshire Credit Corp.*, 711 F. Supp. 2d 1126, 1138 (E.D. Cal. 2010) (citing *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163 (1999) and *Smith v. State Farm Mutual Auto. Ins. Co.*, 93 Cal. App. 4th 700 (2001)).  To assert a claim under the "unfair" prong of UCL, a plaintiff must assert either a public policy tethered to specific constitutional, statutory or regulatory provision, a practice that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, or a consumer injury that is neither outweighed by countervailing benefits nor avoidable by consumers.  *See Yanting Zhang v. Super. Ct.*, 57 Cal. 4th 364, 380 at n.9 (2013).

A claim may be brought under the UCL "by a person who has suffered injury in fact and has lost money or property as a result of unfair competition." Cal. Bus. & Prof. Code § 17204.  Therefore, to have standing under the UCL a plaintiff must: "(1) establish a loss or deprivation of money sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that the economic injury was the result of, i.e., caused by, the

141581.00705/122602410v.4

14

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

1    unfair business practice . . . that is the gravamen of the claim." *Lawther v. OneWest Bank, FSB*, 2012 WL

2    298110, at *23 (N.D. Cal. Feb. 1, 2012) (quoting *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 337 (2011)).  An

3    absence of facts describing the money or property allegedly lost is fatal to a plaintiff's UCL claim. *Saldate*, 711

4    F. Supp. 2d at 1137.

5        Here, Plaintiff asserts a claim under the unlawful and unfair prongs of the UCL and alleges that

6    RoundPoint's practice of charging borrowers "$10 to $12 each time they wished to make payments by phone"

7    constitutes unfair and deceptive business practices.  Complt., ¶¶ 88, 90.

8        As discussed above, RoundPoint did not violate the Rosenthal Act by assessing voluntary convenience

9    fees. *See* Section III.B *supra*.  While Plaintiff additionally asserts that the fees are "unfair," she does not point to

10    any specific constitutional, statutory or regulatory provision that prohibits the assessment of convenience fees.

11    The convenience of providing borrowers the option to pay by phone for a modest fee far outweighs the harm

12    individuals would suffer if they were otherwise unable to make a timely payment and, therefore, incurred a

13    potentially greater resulting late fee.  Plaintiff's conclusory allegation that the "Pay to Pay" fees assessed for

14    payments made by phone are "unfair" is too vague to sate a claim for relief. *See Shroyer v. New Cingular*

15    *Wireless Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010).

16        For these reasons, Plaintiff does not allege any practice proscribed by the UCL and their third claim

17    should be dismissed.

18       **D.**     **In the Alternative, Paragraphs 1-3, 4, 6, 41, 44-54, Portions of the Prayer for Relief and All Reference to Class Allegations Should Be Stricken as Immaterial, Impertinent, or for Lack of Ascertainability as to the Class Allegations**

19

20          **1.**     **The Court Should Strike Plaintiff's Background Allegations Regarding "Pay to Pay" Fees as Immaterial and Impertinent**

21        The vague and inflammatory allegations Plaintiff provides on purported "Pay to Pay" fees should be

22    stricken under Rule 12(f).  Complt., ¶¶ 1-3.  In this section of the Complaint, Plaintiff claims that RoundPoint

23    "routinely violates state debt collection law" and details an automated payment processing system, without

24    providing any supporting factual allegations linking Plaintiff's account to the purported system.  These topics are

25    irrelevant to Plaintiff's experiences and claims related to two payments she purportedly made over the phone.

26    More specifically, Plaintiff fails to provide any legal or factual nexus connecting the generalized, conclusory

27    allegations with her own experiences.

28

141581.00705/122602410v.4            15

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

As these allegations "could not have any possible bearing" on the subject matter of the litigation (Plaintiff's allegations regarding the fees she incurred for voluntarily availing herself of a convenient payment method), they should be stricken from the Complaint. *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1128 (N.D. Cal. 2010). These allegations are not only impertinent and immaterial, but also prejudicial.[4] For one, the allegations portray RoundPoint as "leverag[ing] its position of power over homeowners and demand[ing] exorbitant Pay-to-Pay fees," but such assertions have no basis in fact or connection with the claims alleged against RoundPoint when borrowers are not required to pay by telephone and, any event, the fee associated with doing so is $12 at the most.

Simply put, these paragraphs are designed not to describe the course of Plaintiff's dealings with RoundPoint, but to paint a broad, unflattering picture of RoundPoint and the loan servicing industry in general. Such allegations may prejudice a reader against RoundPoint and the industry, but have no probative value whatsoever. The Court should strike paragraphs 1 through 3 as immaterial, impertinent, and prejudicial.

### 2. The Court Should Strike Plaintiff's Class Allegations for Lack of Ascertainability

Even at this stage of the litigation, it is clear from the face of the Complaint that Plaintiff's class allegations cannot be maintained and should be stricken. When a class is unascertainable, it is proper to strike class allegations on a motion to strike. *See Tietsworth*, 720 F. Supp. 2d at 1146-47 (granting motion to strike class allegations where proposed class included purchasers who had not suffered injury); *Hovsepian v. Apple Inc.*, 2009 U.S. Dist. LEXIS 117562, at *18-19 (N.D. Cal. Dec. 17, 2009) (granting motion to strike class allegations where proposed class included purchasers of computers that did not have defective display screens).

---

[4] More significantly, Plaintiff may seek to leverage these inflammatory and irrelevant allegations to attempt to open the doors to broad and burdensome discovery into areas that have nothing to do with her own experiences. Such needless, expensive discovery should not be permitted. *See Bottoni v. Sallie Mae, Inc.*, 2011 U.S. Dist. LEXIS 93634 (N.D. Cal. Aug. 22, 2011) (noting, in the context of a motion to strike, "the obligation to conduct expensive and potentially unnecessary and irrelevant discovery is a prejudice"); *In re Harmonic Sec. Litig.*, 2006 U.S. Dist. LEXIS 90450, at *57 (N.D. Cal. Dec. 11, 2006) (striking irrelevant allegations dressed as "background" material on grounds that "defendants would be prejudiced if they were compelled to respond to these allegations, or to respond to discovery propounded by plaintiffs into any issues beyond those raised in the [claims for relief]").

1    In order for a class to be certified, the class must be adequately defined and ascertainable by

2    reasonable means.  *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 455 (S.D. Cal. May 12, 2014).  A

3    class is sufficiently defined and ascertainable if it is "administratively feasible for the court to

4    determine whether a particular individual is a member."  *Id.* (citing *O'Connor v. Boeing N. Am., Inc.*,

5    184 F.R.D. 311, 319 (C.D. Cal.1998)); *see also*, *e.g.*, *Colapinto v. Esquire Deposition Servs.*, 2011

6    U.S. Dist. LEXIS 308141, at *4 (C.D. Cal., Mar. 8, 2011) (finding class not ascertainable where it

7    included those already reimbursed for allegedly unlawful and deceptive charges); *Gonzales v.*

8    *Comcast Corp.*, No. 10-CV-01010-LJO-BAM, 2012 WL 10621, at *20 (E.D. Cal. Jan. 3, 2012)

9    report and recommendation adopted, No. 1:10-CV-01010-LJO, 2012 WL 217708 (E.D. Cal. Jan. 23,

10   2012) (finding class unascertainable where it included individuals who were not injured by alleged

11   conduct); *see also Williams v. Oberon Media, Inc.*, 468 Fed. Appx. 768 (9th Cir. 2012) (holding the

12   class not precise, objective or presently ascertainable where plaintiffs failed to establish an objective

13   way of determining which program members failed to receive their monthly game or enrolled in the

14   program due to errors in the computer system, as opposed to the members' own errors or

15   preferences).

16   Courts have found proposed classes to be unascertainable where there is no "common means

17   for establishing injury in fact"—in other words, where that determination would require

18   "individualized inquiry into the factual circumstances relating to each potential class member.  *See*,

19   *e.g.*, *Herskowitz v. Apple, Inc.*, 301 F.R.D. 460, 467-68 n. 17 (N.D. Cal. Aug. 7, 2014) (denying class

20   certification because the class was unascertainable, as the class definition required "an individualized

21   inquiry into the factual circumstances of each customer's transaction," including determining whether

22   a product came in a "usable form," and whether the product was made available within a

23   "reasonable" time).

24   Furthermore, class actions "must be structured so as to conform in the essential respects to the

25   judicial process."  *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 464 (9th Cir. 1973).

26   Accordingly, they cannot be brought on behalf of "those who have suffered no harm at the hands of

27   them against whom they complain," and thus have no standing to sue.  *Id.*  In reliance on this

28

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

1   principle, courts have stricken class allegations where the proposed class is so broad[5] as to include

2   persons who have not suffered any injury.

3       As noted above, Plaintiff has alleged a statewide class of all borrowers with a California

4   address whose loans to which RoundPoint acquired servicing rights, and paid a fee to RoundPoint for

5   making a loan payment by (1) telephone, (2) IVR, or (3) the internet, "during the applicable statutes

6   of limitations for Plaintiff's UCL claim." Complt., ¶ 44.[6]

7       Plaintiff's proposed class encompasses any borrower on a loan serviced by RoundPoint who

8   incurred a payment fee from an unknown date through the present.  Even taking all of Plaintiff's

9   generalized, conclusory allegations regarding "Pay to Pay" fees as true, this proposed class would

10  encompass thousands of members who could not possibly have suffered any injury—namely, those

11  who do not have FHA loans and those who have mailing addresses (but not property addresses) in

12  California.  This is an important distinction because "[t]he Rosenthal Act was enacted by the

13  California Legislature to protect *citizens of California* from unfair debt-collection practices."  *Edeh v.*

14  *Midland Credit Mgmt.*, 748 F. Supp. 2d 1030, 1036 (D. Minn. 2010) (emphasis added); *see also*

15  *Pollock v. Bay Area Credit Serv., LLC*, 2009 U.S. Dist. LEXIS 71169, 2009 WL 2475167, at *12

16  (S.D. Fla. Aug. 13, 2009) ("[T]he Court finds that the [Rosenthal] Act is meant to protect California

17  consumers and not necessarily to prohibit violations by collection agencies with their headquarters

18  located in the state but carrying out actions elsewhere.").

19      These unascertainable class allegations, which include persons who have suffered no injury,

20  are impermissible.

21      Furthermore, the class lacks ascertainability as it would not be administratively feasible for

22  the Court to determine which individuals would be members of the class.  For example, there is no

23

---

24  [5] For example, in a case involving vehicles that were allegedly prone to ignite and combust, the court
    determined a proposed class of all purchasers of that model of car was not ascertainable because
25  many members would not have suffered any injury.  *Bishop v. Saab Auto. A.B.*, 1996 U.S. Dist.
    LEXIS 22890, *12-14 (C.D. Cal. Feb. 16, 1996); *see also Colapinto v. Esquire Deposition Serv.*,
26  2011 U.S. Dist. LEXIS 30814, at *11-12 (C.D. Cal. Mar. 8, 2011) (holding proposed class that
    included all California residents who paid for defendant's transcription services was unascertainable
27  because it included purchasers who were unharmed).

28  [6] Again, RoundPoint does not charge fees for payments made by Internet.  RJN, Ex. B.

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS

1  allegation that the loans serviced by RoundPoint all contain identical promissory notes and deeds of
2  trusts with identical terms and provisions, or that those notes and deeds of trusts all purportedly
3  prohibit convenience fees.  Nor is there any allegation that all borrowers with a "California address"
4  have a loan secured by real property located in California.  Accordingly, Paragraphs 4, 6, 41, 44-54,
5  portions of the Prayer for Relief and all references to class allegations should be stricken from the
6  Complaint.

7  **V.      CONCLUSION**

8       For the foregoing reasons, RoundPoint respectfully requests that this Court dismiss Plaintiff's
9  Complaint in its entirety, with prejudice.  In the alternative, if the entire Complaint is not dismissed,
10  RoundPoint respectfully requests that the Court strike all class allegations as immaterial and impertinent
11  and for lack of ascertainability.

13  DATED:  March 6, 2020                    BLANK ROME LLP

16                                           By:  _/s/ Jessica A. McElroy_____
17                                                Cheryl S. Chang
                                                 Jessica A. McElroy
18                                           Attorneys for Defendant
                                             ROUNDPOINT MORTGAGE SERVICING
19                                           CORPORATION