BLANK ROME LLP
Cheryl S. Chang (SBN 237098)
Chang@BlankRome.com
Jessica A. McElroy (SBN 299919)
JMcElroy@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA  90067
Telephone:    424.239.3400
Facsimile:    424.239.3434

Attorneys for Defendant,
ROUNDPOINT MORTGAGE
SERVICING CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMYE ELBERT, on behalf of herself and all others similarly situated, | Case No. 3:20-cv-00250-MMC |
| Plaintiff, | **DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND MOTION TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| ROUNDPOINT MORTGAGE SERVICING CORPORATION, | |
| Defendant. | |

[*Filed concurrently with Request for Judicial Notice, and [Proposed] Order*]

Date:        October 30, 2020
Time:        9:00 a.m.
Location:   Courtroom 7 (19th Floor)
                450 Golden Gate Avenue
                San Francisco, CA 94102

Complaint Filed: January 13, 2020
Trial Date:        None Set

141581.00705/123846449v.4

1  **TO THIS HONORABLE COURT, AND ALL PARTIES AND THEIR ATTORNEYS OF**

2  **RECORD:**

3  **PLEASE TAKE NOTICE** that on October 30, 2020 at 9:00 a.m. or as soon thereafter as the matter

4  may be heard in Courtroom 7, 19th Floor, of the above-entitled Court, located at 450 Golden Gate Avenue,

5  San Francisco, CA 94102, defendant RoundPoint Mortgage Servicing Corporation ("Defendant" or

6  "RoundPoint"), will and hereby does move this Court, pursuant to Federal Rules of Civil Procedure 12(b)(6)

7  to dismiss Counts II and III of the First Amended Complaint ("FAC") of Plaintiff Amye Elbert ("Elbert" or

8  "Plaintiff") on the grounds that Elbert fails to plead facts sufficient to state a claim upon which relief can be

9  granted.

10  RoundPoint moves this Court, pursuant to Federal Rules of Civil Procedure 23(d)(1)(D), to strike

11  Elbert's remaining class allegations, including Paragraphs 7, 9, 70, 73-84, portions of the Prayer for Relief

12  and all references to class allegations in the FAC.  The proposed class is unascertainable because it

13  encompasses numerous mortgagors who have not been, and could not be, damaged in any respect by the

14  conduct alleged in the FAC, and includes potential class members who are not entitled to relief.

15  Additionally, the class representative is not typical of the proposed state-wide class because her claims are

16  premised upon terms specific to her FHA loan.  Finally, the proposed class is overly broad because it

17  encompasses borrowers who are not California citizens, when only California citizens may avail themselves

18  of California's consumer protection statutes, and borrowers whose security instruments different from

19  Plaintiff's.

20  This Motion is based upon this Motion and the accompanying Memorandum of Points and

21  Authorities, the Request for Judicial Notice, all filed concurrently herewith, the pleadings and papers on file in

22  this action, and upon such other oral argument and/or documentary matters as may be presented to this Court

23  at or before the hearing on this Motion.

24

25

26

27

28

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND MOTION TO STRIKE CLASS ALLEGATIONS

1

2   DATED:  September 24, 2020          BLANK ROME LLP

3

4

5                                      By:   /s/ Cheryl S. Chang
                                            Cheryl S. Chang
6                                           Jessica A. McElroy
                                       Attorneys for Defendant
7                                      ROUNDPOINT MORTGAGE SERVICING
                                       CORPORATION
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMEDED COMPLAINT AND MOTION TO STRIKE CLASS
ALLEGATIONS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ....................................................................................................1

II.    STATEMENT OF FACTS .....................................................................................2

    A.    Plaintiff's Loan Documents ...................................................................... 2

    B.    RoundPoint Begins Servicing the Loan .................................................... 2

    C.    RoundPoint's Motion to Dismiss the Complaint and Plaintiff's Resulting Amendment and New Allegations ............................................ 2

III.    STANDARD OF REVIEW ....................................................................................4

    A.    Rule 12(b)(6) ............................................................................................ 4

    B.    Rule 23(d)(1)(D) ...................................................................................... 5

II.    ARGUMENT ..........................................................................................................6

    A.    Plaintiff's Rosenthal Act Claim Fails ...................................................... 6

    B.    Plaintiff's Alleged Violation of the Unfair Competition Law Also Fails Because RoundPoint's Actions Were Not Unlawful ............................................ 8

    C.    The Court Should Strike Plaintiff's Class Allegations for Lack of Ascertainability ...................................................................................... 9

III.    CONCLUSION ....................................................................................................13

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND MOTION TO STRIKE CLASS ALLEGATIONS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Algarin v. Maybelline, LLC*,
300 F.R.D. 444 (S.D. Cal. May 12, 2014) ...................................................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................................4

*Bell Atlantic Corp. v. Twombly*,
127 S. Ct. 1955 (2007) ............................................................................................1

*Bell v. Cheswick Generating Station, et al.*,
Civ. A. No. 12-929, 2015 U.S. Dist. LEXIS 9791 (W.D. Pa. Jan. 28, 2015) ...........................5

*Bishop v. Saab Auto. A.B.*,
1996 U.S. Dist. LEXIS 22890 (C.D. Cal. Feb. 16, 1996) ....................................................10

*Branch v. Tunnell*,
14 F.3d 449 (9th Cir. 1994) (*overruled on other grounds by Galbraith v.
County of Santa Clara*, 307 F. 3d 1119, 1127 (9th Cir. 2002)) ...................................4

*Burris v. HSBC Bank USA, Nat'l Ass'n*,
No. 14-CV-02242 AB (CWX), 2014 WL 12772260 (C.D. Cal. Dec. 19, 2014) .....................12

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
20 Cal. 4th 163 (1999) ..........................................................................................8, 9

*Colapinto v. Esquire Deposition Serv.*,
2011 U.S. Dist. LEXIS 30814 (C.D. Cal. Mar. 8, 2011) ....................................................10

*Colapinto v. Esquire Deposition Servs.*,
2011 U.S. Dist. LEXIS 308141 (C.D. Cal., Mar. 8, 2011) ..................................................9

*Dang v. CitiMortgage, Inc.*,
No. 5:11-cv-05036 EJD, 2012 U.S. Dist. LEXIS 30296, 2012 WL 762329
(N.D. Cal. Mar. 7, 2012) .........................................................................................7

*Edeh v. Midland Credit Mgmt.*,
748 F. Supp. 2d 1030 (D. Minn. 2010) ......................................................................12

*Ellis v. Phillips & Cohen Associates, Ltd.*,
No. 5:14-cv-05539-EJD, 2016 U.S. Dist. LEXIS 85705, 2016 WL 3566981
(N.D. Cal. June 30, 2016) .....................................................................................6, 7

*Faulkner v. ADT Sec. Servs., Inc.*,
  706 F.3d 1017 (9th Cir. 2013)..................................................................................4

*Gonzales v. Comcast Corp.*,
  No. 10-CV-01010-LJO-BAM, 2012 WL 10621 (E.D. Cal. Jan. 3, 2012)..................................9

*Grill v. BAC Home Loans Servicing LP*,
  2011 U.S. Dist. LEXIS 3771 (E.D. Cal. Jan. 13, 2011)..............................................4

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
  896 F.2d 1542 (9th Cir. 1990)..................................................................................4

*Herskowitz v. Apple, Inc.*,
  301 F.R.D. 460 (N.D. Cal. Aug. 7, 2014) ...............................................................10

*Hovsepian v. Apple, Inc.*,
  2009 U.S. Dist. LEXIS 117562, 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009)...................5, 9

*Kwikset Corp. v. Super. Ct.*,
  51 Cal. 4th 310 (2011) ..........................................................................................8

*La Mar v. H & B Novelty & Loan Co.*,
  489 F.2d 461 (9th Cir. 1973)..................................................................................10

*Lapidus v. Hecht*,
  232 F.3d 679 (9th Cir. 2000)....................................................................................4

*Lawther v. OneWest Bank, FSB*,
  2012 WL 298110 (N.D. Cal. Feb. 1, 2012) ..............................................................8

*Lessard v. Trinity Protection Servs.*,
  2010 U.S. Dist. LEXIS 80582 (E.D. Cal. Aug. 3, 2010) ............................................4

*Mariscal v. Flagstar Bank, FSB*,
  No. ED C 19-2023-DMG, 2020 WL 4804983 (C.D. Cal. Aug. 4, 2020)..........................6

*Mir v. Little Co. of Mary Hosp.*,
  844 F.2d 646 (9th Cir. 1988)....................................................................................4

*Murray v. Sears, Roebuck and Co.*,
  2010 U.S. Dist. LEXIS 97811 (N.D. Cal. Sept. 3, 2010) ..........................................5

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001)....................................................................................4

*O'Connor v. Boeing N. Am., Inc.*,
  184 F.R.D. 311 (C.D. Cal.1998) ...............................................................................9

*Pollock v. Bay Area Credit Serv., LLC*,
  2009 U.S. Dist. LEXIS 71169, 2009 WL 2475167 (S.D. Fla. Aug. 13, 2009)....................12

*Saldate v. Wilshire Credit Corp.*,
711 F. Supp. 2d 1126 (E.D. Cal. 2010)..................................................................8

*Sanders v. LoanCare LLC*,
No. 18-CV-09376, 2019 U.S. Dist. LEXIS 20900 (C.D. Cal. Feb. 1, 2019).....................12, 13

*Sandoval v. Ali*,
34 F. Supp. 3d 1031 (N.D. Cal. 2014) ...................................................................5

*Smith v. State Farm Mutual Auto. Ins. Co.*,
93 Cal. App. 4th 700 (2001) ..............................................................................8, 9

*Stubbs v. McDonald's Corp.*,
224 F.R.D. 668 (D. Kan. 2004)............................................................................5

*Talley v. ARINC, Inc.*,
222 F.R.D. 260 (D. Md. 2004)............................................................................5

*Tietsworth v. Sears, Roebuck and Co.*,
720 F. Supp. 2d 1123 (N.D. Cal. 2010) ..............................................................5, 9

*Turner v. Ocwen Loan Servicing, LLC*,
No. 8:30-cv-137-T-30SPF, 2020 WL 2517927 (M.D. Fla. Feb. 24, 2020) ....................7

*Williams v. Oberon Media, Inc.*,
468 Fed. Appx. 768 (9th Cir. 2012) .....................................................................9

*Yanting Zhang v. Super. Ct.*,
57 Cal. 4th 364 (2013) .......................................................................................8

**Statutes**

15 U.S.C. § 1692(f)..........................................................................................7

15 U.S.C. § 1692f(1).............................................................................1, 6, 7, 8

Cal. Bus. & Prof. Code § 17200 ......................................................................1, 8

Cal. Bus. & Prof. Code § 17204 .........................................................................8

Cal. Civ. Code § 1788.2 ....................................................................................6

Cal. Civ. Code § 1788.2(h) ................................................................................6

Cal. Civ. Code § 1788.13(e) ...........................................................................6, 7

Cal. Civ. Code § 1788.14(b) ...........................................................................6, 7

Cal. Civ. Code § 1788.17 ..................................................................................6

Cal. Civ. Code § 1788.30(f) ...............................................................................7

Rosenthal Act ......................................................................................................... *passim*

Unfair Competition Law ...........................................................................................1, 8

**Other Authorities**

85 Cal. Op. Att'y Gen. 215 (2002).............................................................................12

Fed. R. Civ. P. 12(b)(6).................................................................................................4

Fed. R. Civ. P. 12(f)......................................................................................................5

Fed. R. Civ. P. 23..........................................................................................................5

Fed. R. Civ. P. 23(a).............................................................................................5, 6, 9

Fed. R. Civ. P. 23(b)..................................................................................................5, 6

Fed. R. Civ. P. 23(d)(1)(D)...........................................................................................5

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMEDED COMPLAINT AND MOTION TO STRIKE CLASS ALLEGATIONS

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant RoundPoint Mortgage Servicing Corporation ("RoundPoint" or "Defendant") respectfully submits its motion to dismiss Counts II and III of Plaintiff's First Amended Class Action Complaint ("Motion to Dismiss") and motion to strike ("Motion to Strike") portions of plaintiff Amye Elbert's ("Plaintiff") First Amended Class Action Complaint ("FAC").

## I.    INTRODUCTION

RoundPoint, Plaintiff's loan servicer, offers borrowers the convenient and voluntary option to make loan payments by phone, for a $10 (automated) or $12 (representative-assisted) fee, in addition to offering a variety of cost-free payment options.  Plaintiff now claims that she took advantage of the pay by phone option when her loan was in default and brings claims, on behalf of herself and a putative class of borrowers, asserting that the fees are in violation of her FHA loan documents and therefore unlawful.  The fees, however, are authorized in accordance with all applicable laws and Plaintiff is not a proper representative of the expanded class and subclasses, the original definition of which was already stricken by the Court for overbreadth.

Counts II and III of Plaintiff's FAC fail and should be dismissed. As to Plaintiff's claim under the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Plaintiff fails to show that the amount collected constitutes a consumer debt, as prohibited by the Fair Debt Collection Practices Act ("FDCPA"). Because Plaintiff has not shown that the convenience fee violates the FDCPA, Plaintiff has not shown a violation of the Rosenthal Act.  Count III, asserting a claim for violation of California's Unfair Competition Law ("UCL" or "Section 17200") correspondingly fails because it is tethered to Plaintiff's Rosenthal Act claim and Plaintiff does not allege that RoundPoint violated public policy by offering borrowers an optional payment method for a modest fee.

For these reasons, RoundPoint respectfully requests this Court dismiss Counts II and III of the FAC with prejudice.  Furthermore, these defects, sufficient on their face to warrant dismissal, require even more scrutiny in the context of a purported class action, where pleading deficiencies should "be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1966 (2007).  Therefore, RoundPoint moves to strike the class allegations set

forth in the FAC for lack of ascertainability.  Variances in individual facts overwhelm common issues, and the proposed Class includes absent class members who could not have suffered any injury.  Moreover, the newly proposed class is not only overly broad and includes non-FHA borrowers, out of state citizens, and borrowers who were never in default at the time of making their respective loan payments, it seeks to expand the already overly inclusive class that this Court struck in its Order granting RoundPoint's Motion to Strike Class Allegations.  (ECF No. 43.)  For these reasons, RoundPoint respectfully requests that the Court strike Plaintiff's class action allegations.

## II.   STATEMENT OF FACTS

### A.   Plaintiff's Loan Documents

On or about October 19, 2015, John Fulgham ("Fulgham") and Elbert obtained an FHA loan in the amount of $397,664.00 ("Loan"), as husband and wife as joint tenants, secured by a deed of trust ("Deed of Trust") recorded against the real property located at 2409 Grimsby Drive, Antioch, California 94509 ("Property").  Request for Judicial Notice ("RJN"), Ex. A; FAC, ¶¶ 51, 61, Ex. A.

Paragraph 13 of the Deed of Trust confirms that "Lender may collect fees and charges authorized by the Secretary.  Lender may not charge fees that are expressly prohibited by this Security Instrument, or by Applicable Law."  RJN, Ex. A; FAC, Ex. A at ¶ 13.

### B.   RoundPoint Begins Servicing the Loan

Thereafter, RoundPoint began servicing the Loan.  FAC, ¶ 54.  RoundPoint's website confirms that borrowers may make payments online or by mail without incurring any fees.   RJN, Ex. B (https://www.roundpointmortgage.com/payments#payment_options, last accessed September 23, 2020).  Payments made by phone using an automated system incur a $10 fee and payments made by phone with the assistance of a customer service representative incur a $12 fee.  *Id.*

### C.   RoundPoint's Motion to Dismiss the Complaint and Plaintiff's Resulting Amendment and New Allegations

RoundPoint moved to dismiss Plaintiff's original Complaint (ECF No. 24), which the Court granted in part and denied in part on August 19, 2020.  (ECF No. 43.)  Specifically, the Court granted RoundPoint's first Motion to Dismiss as to Counts II and III, and denied RoundPoint's Motion as to Count I, asserting a

1   claim for breach of contract.  (ECF No. 43.)  The Court also found that this "case is one of the 'rare case[s]'

2   in which the complaint 'indicate[s] that the class requirements cannot possibly be met….'"  *Id*. at 7.  The

3   Court concluded that the class definition was overbroad because it included loans that were not insured

4   by the FHA and mortgagors who made payments via the Internet despite an absence of any allegations

5   that RoundPoint charged fees for making payments online.  *Id*.  Plaintiff filed the FAC on September

6   10, 2020, and claims that RoundPoint charges and collects "illegal processing fees" when borrowers pay

7   their monthly mortgage payments by telephone, which Plaintiff refers to as "Pay-to-Pay" fees. FAC, ¶ 1.

8   Plaintiff asserts that she "paid these Pay-to-Pay Fees," FAC, ¶ 7, and that she "sometimes makes mortgage

9   payments over the phone." *Id*. at ¶ 55. Specifically, Plaintiff claims that on August 5, 2019 and September

10  4, 2019, RoundPoint charged her a $12.00 "Pay-to-Pay" fee for making a Loan payment over the phone.

11  *Id*. at ¶¶ 11, 56. Plaintiff further asserts that the "August and September 2019 payments were made at least

12  30 days after the date the payments were due." *Id.* at ¶ 11.

13      Plaintiff additionally asserts that she has "an FHA mortgage," that "Pay to Pay" fees are not

14  authorized by the United States Department of Housing and Urban Development ("HUD") Servicing Policy

15  ("HUD Servicing Policy"), the Secretary of HUD, or her "Mortgage Agreement".  *Id.* at ¶¶ 61-67.

16      Based on these claims, Plaintiff seeks to represent the following expanded classes of persons

17  including:

18      California Class: All persons (1) with a residential mortgage loan securing a property in
19      California, (2) serviced or subserviced by RoundPoint, (3) with deeds of trust incorporating
        standard uniform covenants from Fannie Mae/Freddie Mac, FHA or similar government-
20      backed model mortgages, (4) and who paid a fee to RoundPoint for making a loan payment
21      by telephone, during the applicable statutes of limitations through the date a class is certified.

22      Rosenthal Subclass: All persons (1) with a residential mortgage loan securing a property in
        California, (2) serviced or subserviced by RoundPoint, (3) with deeds of trust incorporating
23      standard uniform covenants from Fannie Mae/Freddie Mac, FHA or similar government-
        backed model mortgages, (4) who paid a fee to RoundPoint for making a loan payment by
24      telephone, (5) in connection with a payment made after the due date, during the applicable
        statutes of limitations through the date a class is certified.
25
26      FHA Subclass: All persons (1) with a residential mortgage loan securing a property in
27      California, (2) serviced or subserviced by RoundPoint, (3) with deeds of trust incorporating
        standard uniform covenants from FHA model mortgages, (4) and who paid a fee to

28
    DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO
    DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND MOTION TO STRIKE CLASS
    ALLEGATIONS

1   RoundPoint for making a loan payment by telephone, during the applicable statutes of
    limitations through the date a class is certified.

2   *Id.* at ¶ 73.  Plaintiff, on behalf of herself and the proposed classes, alleges four claims against

3   RoundPoint for, (1) breach of contract, (2) violation of the Rosenthal Act, (3) violation of the UCL on

4   the grounds that RoundPoint's business act or practice is unlawful, and (4) violation of the UCL on

5   the grounds that RoundPoint's business act or practice is unlawful and unfair.  For the reasons

6   discussed below, Counts II and III should be dismissed without leave to amend, and Plaintiff's class

7   allegations should be stricken.

8   **III.    STANDARD OF REVIEW**

9       **A.    Rule 12(b)(6)**

10      Courts are required to dismiss a complaint when the allegations of the complaint fail to state

11  a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion "tests

12  the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint

13  "must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'"

14  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

15  (2007)).  Though the court accepts all allegations of material fact as true and construes the pleadings

16  in the light most favorable to the plaintiffs, *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019

17  (9th Cir. 2013), it should not accept mere "labels and conclusions," nor a "formulaic recitation of the

18  elements of a cause of action."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

19      In addition to a plaintiff's allegations, the court may consider exhibits submitted with the

20  complaint, documents referenced in the complaint and relevant matters subject to judicial notice.

21  *See, e.g.*, *Lapidus v. Hecht*, 232 F.3d 679, 682 (9th Cir. 2000); *Hal Roach Studios, Inc. v. Richard*

22  *Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d

23  646, 649 (9th Cir. 1988).  Furthermore, if a plaintiff fails to attach to the complaint documents upon

24  which the complaint is based, the defendant may attach such documents to a Rule 12(b)(6) motion to

25  show that they do not support the plaintiff's claim.  *Lessard v. Trinity Protection Servs.*, 2010 U.S.

26  Dist. LEXIS 80582 (E.D. Cal. Aug. 3, 2010) (*citing Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.

27

28

1   1994) (*overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F. 3d 1119, 1127 (9th

2   Cir. 2002)); *see also Grill v. BAC Home Loans Servicing LP*, 2011 U.S. Dist. LEXIS 3771 (E.D.

3   Cal. Jan. 13, 2011) ("Even if a document is not attached to a complaint, it may be incorporated by

4   reference into a complaint if the plaintiff refers extensively to the document or the document forms

5   the basis of the plaintiff's claim.").

6   **B.      Rule 23(d)(1)(D)**

7          Moreover, numerous courts have endorsed motions to strike as a means of testing the

8   viability of class allegations.  *See*, *e.g.*, *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1043 (N.D. Cal. 2014)

9   (striking class allegations at pleading stage); *Hovsepian v. Apple, Inc.*, 2009 U.S. Dist. LEXIS

10  117562, 2009 WL 5069144, at * 2 (N.D. Cal. Dec. 17, 2009) (where it is apparent from the

11  pleadings that a class cannot be maintained, districts courts may strike class allegations prior to

12  discovery); *Bell v. Cheswick Generating Station, et al.*, Civ. A. No. 12-929, 2015 U.S. Dist. LEXIS

13  9791 (W.D. Pa. Jan. 28, 2015) (Class allegations may be stricken only when no amount of discovery

14  will demonstrate that the class can be maintained); *see also Stubbs v. McDonald's Corp.*, 224 F.R.D.

15  668, 675-76 (D. Kan. 2004) (granting defendant's motion to strike class allegations where plaintiff

16  failed to meet the prerequisites of Rule 23(a)); *Talley v. ARINC, Inc.*, 222 F.R.D. 260, 271 (D. Md.

17  2004) (granting defendant's motion to strike plaintiffs' pay and promotions class allegations where

18  plaintiffs failed to meet the requirements of Rule 23(a) and Rule 23(b)).  Federal Rule of Civil

19  Procedure 23(d)(1)(D) gives the Court discretion to dismiss and/or strike class allegations and

20  requires that pleadings "be amended to eliminate therefrom allegations as to representation of absent

21  persons . . . ."  It was designed so that courts can give "clear definition" to a class action, and so that

22  they can "determine as early in the proceedings as practicable" whether class allegations can be

23  maintained.  Fed. R. Civ. P. 23, Advisory Committee Notes, 1966 Amendment, Subd. (d)(4) and

24  (c)(1).

25          Under Rules 23(d)(1)(D) and 12(f), the Court "has authority to strike class allegations prior

26  to discovery if the complaint demonstrates that a class action cannot be maintained."  *Tietsworth v.*

27  *Sears, Roebuck and Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010); *see also Murray v. Sears*,

28

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND MOTION TO STRIKE CLASS
ALLEGATIONS

1   *Roebuck and Co.*, 2010 U.S. Dist. LEXIS 97811, at *5 (N.D. Cal. Sept. 3, 2010) (same).  For a class

2   action to be maintained, the class must be ascertainable, all of the requirements of Rule 23(a) must

3   be satisfied, and one of the requirements of Rule 23(b) must be satisfied.  *Id.*

4   **II.    ARGUMENT**

5        **A.    Plaintiff's Rosenthal Act Claim Fails**

6        Count II of the FAC, alleging a violation of the Rosenthal Act, still fails because Plaintiff has not alleged

7   sufficient facts to show that either the Rosenthal Act or the FDCPA prohibits loan servicers from collecting fees

8   attributable to an optional payment by phone method.  Specifically, Plaintiff has failed to show that the

9   Plaintiff's voluntary payment of the convenience fee constitutes a "consumer debt" under the Rosenthal Act or

10  the FDCPA.

11       The Rosenthal Act prohibits any "false representation that the consumer debt may be increased by the

12  addition of attorney's fees, investigation fees, service fees, finance charges, or other charges," unless such fees or

13  charges may "legally be added to the existing obligation."  Cal. Civ. Code § 1788.13(e).  The Rosenthal Act

14  further prohibits "[c]ollecting or attempting to collect from the debtor the whole or any part of the debt

15  collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of

16  the consumer debt, except as permitted by law."  Cal. Civ. Code § 1788.14(b).  Similarly, Section 1692f(1) of

17  the FDCPA prohibits debt collectors from collecting "any amount (including any interest, fee, charge, or

18  expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement

19  creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

20       "To maintain a Rosenthal Act claim, a plaintiff must demonstrate that: (1) they are "debtors"; (2)

21  defendant is a "debt collector"; and (3) defendant has violated one of the Rosenthal Act's liability provisions.

22  See Cal. Civ. Code §§ 1788.2, 1788.13(e), 1788.14(b), 1788.17.  "The Rosenthal Act defines a 'debtor' as 'a

23  natural person from whom a debt collector seeks to collect a consumer debt that is due and owing or alleged to

24  be due and owing from such person.'"  *Mariscal v. Flagstar Bank, FSB*, No. ED C 19-2023-DMG (SHKx),

25  2020 WL 4804983, at *3 (C.D. Cal. Aug. 4, 2020) (citing Cal. Civ. Code § 1788.2(h)).  Under the FDCPA, the

26  plaintiff must allege that: "(1) plaintiff has been the object of collection activity arising from a consumer debt;

27  (2) the defendant qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a

28  141581.00705/123846449v.4                                6

1   prohibited act or has failed to perform a requirement imposed by the FDCPA." *Ellis v. Phillips & Cohen*

2   *Associates, Ltd.*, No. 5:14-cv-05539-EJD, 2016 U.S. Dist. LEXIS 85705, 2016 WL 3566981, at *3 (N.D. Cal.

3   June 30, 2016) (quoting *Dang v. CitiMortgage, Inc.*, No. 5:11-cv-05036 EJD, 2012 U.S. Dist. LEXIS 30296,

4   2012 WL 762329, at *3 (N.D. Cal. Mar. 7, 2012)).

5        In support of her Rosenthal Act claim, Plaintiff generally asserts that RoundPoint violated the Rosenthal

6   Act by assessing "Pay-to-Pay fees," which, Plaintiff claims, "may not be legally added to the existing

7   obligation," "were not permitted by law," and were not "expressly authorize[d] pursuant to Plaintiff's mortgage

8   agreements." FAC, ¶¶ 110, 114, 116.  Based on the general assertions that the fees are either not permitted by

9   law, or not authorized, Plaintiff claims violations of California Civil Code §§ 1788.13(e), 1788.14(b), and 15

10  U.S.C. § 1692(f).  *Id.* at ¶¶ 109, 11, and 115.

11       But Plaintiff has failed to allege that she "has been the object of collection activity arising from a

12  consumer debt." *Ellis*, No. 5:14-cv-05539-EJD, 2016 U.S. Dist. LEXIS 85705, 2016 WL 3566981, at *3.

13  Although the Ninth Circuit has not yet addressed whether convenience fees are permissible under the FDCPA,

14  other courts have found that convenience fees paid in connection with a phone payment do not constitute

15  consumer debts under the FDCPA and similar statutes.  Specifically, in *Turner v. Ocwen Loan Servicing, LLC*,

16  No. 8:30-cv-137-T-30SPF, 2020 WL 2517927, at *1 (M.D. Fla. Feb. 24, 2020), the court found that

17  "convenience fees are not debts owed another as contemplated" under the FDCPA and the Florida Consumer

18  Collection Practices Act.  Accordingly, the optional convenience fees, which Plaintiff voluntarily took

19  advantage of, did not violate the Rosenthal Act or the FDCPA, and Count II should be dismissed without leave

20  to amend.

21       In addition, Plaintiff alleges that she made a payment by phone on November 1, 2018.  FAC, ¶ 57.  The

22  original Complaint in this action was not filed under January 13, 2020.  (ECF No. 1).  But the Rosenthal Act sets

23  forth a one-year statute of limitations.  *See* Cal. Civ. Code § 1788.30(f) ("Any action under this section may be

24  brought in any appropriate court of competent jurisdiction in any individual capacity only, within one year from

25  the day of the occurrence of the violation.").  Thus, Plaintiff's alleged payment on November 1, 2018, is barred

26  by the applicable statute of limitations.

27

28  141581.00705/123846449v.4                                    7

**B.**   **Plaintiff's Alleged Violation of the Unfair Competition Law Also Fails Because RoundPoint's Actions Were Not Unlawful**

The UCL prohibits "unfair competition," which is defined as any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. To state a claim for an "unlawful" business practice under California's Unfair Competition Law, a plaintiff must assert the violation of another law. Where a plaintiff cannot state a claim under the "borrowed" law, he cannot state a UCL claim either. *See, e.g., Saldate v. Wilshire Credit Corp.*, 711 F. Supp. 2d 1126, 1138 (E.D. Cal. 2010) (citing *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163 (1999) and *Smith v. State Farm Mutual Auto. Ins. Co.*, 93 Cal. App. 4th 700 (2001)). To assert a claim under the "unfair" prong of UCL, a plaintiff must assert either a public policy tethered to specific constitutional, statutory or regulatory provision, a practice that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, or a consumer injury that is neither outweighed by countervailing benefits nor avoidable by consumers. *See Yanting Zhang v. Super. Ct.*, 57 Cal. 4th 364, 380 at n.9 (2013).

A claim may be brought under the UCL "by a person who has suffered injury in fact and has lost money or property as a result of unfair competition." Cal. Bus. & Prof. Code § 17204. Therefore, to have standing under the UCL a plaintiff must: "(1) establish a loss or deprivation of money sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that the economic injury was the result of, i.e., caused by, the unfair business practice . . . that is the gravamen of the claim." *Lawther v. OneWest Bank, FSB*, 2012 WL 298110, at *23 (N.D. Cal. Feb. 1, 2012) (quoting *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 337 (2011)). An absence of facts describing the money or property allegedly lost is fatal to a plaintiff's UCL claim. *Saldate*, 711 F. Supp. 2d at 1137.

Here, Plaintiff asserts a claim under the unlawful prong of the UCL, claiming that "RoundPoint's conduct violates the Rosenthal Act and the FDCPA" and the alleged "violations are sufficient to support the claims of Plaintiff and the Rosenthal Subclass under the unlawful prong of the UCL." FAC, ¶ 125.

As discussed above, RoundPoint did not violate the Rosenthal Act by assessing voluntary convenience fees. *See* Section III.A *supra*. And a plaintiff who cannot state a claim under the "borrowed" law, *i.e.*, the Rosenthal Act, also cannot state a UCL claim. *See, e.g.*, *Saldate v. Wilshire Credit Corp.*, 711 F. Supp. 2d 1126,

1   1138 (E.D. Cal. 2010) (citing *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163 (1999)

2   and *Smith v. State Farm Mutual Auto. Ins. Co.*, 93 Cal. App. 4th 700 (2001)).  Therefore, because Plaintiff's

3   claim under the Rosenthal Act fails, Plaintiff's ULC claim must also fail.  Accordingly, Count III should also be

4   dismissed without leave to amend.

5     **C.**    **The Court Should Strike Plaintiff's Class Allegations for Lack of**

6         **Ascertainability**

7     Even at this stage of the litigation, it is clear from the face of the FAC that Plaintiff's class

8   allegations cannot be maintained and should be stricken.  When a class is unascertainable, it is proper

9   to strike class allegations on a motion to strike.  *See Tietsworth*, 720 F. Supp. 2d at 1146-47 (granting

10  motion to strike class allegations where proposed class included purchasers who had not suffered

11  injury); *Hovsepian v. Apple Inc.*, 2009 U.S. Dist. LEXIS 117562, at *18-19 (N.D. Cal. Dec. 17, 2009)

12  (granting motion to strike class allegations where proposed class included purchasers of computers

13  that did not have defective display screens); *see also* Fed. R. Civ. P. 23(a) (among other requirements,

14  "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all

15  members only if…there are questions of law or fact common to the class; the claims or defenses of

16  the representative parties are typical of the claims or defenses of the class….").

17    In order for a class to be certified, the class must be adequately defined and ascertainable by

18  reasonable means.  *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 455 (S.D. Cal. May 12, 2014).  A

19  class is sufficiently defined and ascertainable if it is "administratively feasible for the court to

20  determine whether a particular individual is a member."  *Id.* (citing *O'Connor v. Boeing N. Am., Inc.*,

21  184 F.R.D. 311, 319 (C.D. Cal.1998)); *see also, e.g.*, *Colapinto v. Esquire Deposition Servs.*, 2011

22  U.S. Dist. LEXIS 308141, at *4 (C.D. Cal., Mar. 8, 2011) (finding class not ascertainable where it

23  included those already reimbursed for allegedly unlawful and deceptive charges); *Gonzales v.*

24  *Comcast Corp.*, No. 10-CV-01010-LJO-BAM, 2012 WL 10621, at *20 (E.D. Cal. Jan. 3, 2012)

25  report and recommendation adopted, No. 1:10-CV-01010-LJO, 2012 WL 217708 (E.D. Cal. Jan. 23,

26  2012) (finding class unascertainable where it included individuals who were not injured by alleged

27  conduct); *see also Williams v. Oberon Media, Inc.*, 468 Fed. Appx. 768 (9th Cir. 2012) (holding the

28  141581.00705/123846449v.4       9

---

1   class not precise, objective or presently ascertainable where plaintiffs failed to establish an objective

2   way of determining which program members failed to receive their monthly game or enrolled in the

3   program due to errors in the computer system, as opposed to the members' own errors or

4   preferences).

5        Courts have found proposed classes to be unascertainable where there is no "common means

6   for establishing injury in fact"—in other words, where that determination would require

7   "individualized inquiry into the factual circumstances relating to each potential class member. *See*,

8   *e.g.*, *Herskowitz v. Apple, Inc.*, 301 F.R.D. 460, 467-68 n. 17 (N.D. Cal. Aug. 7, 2014) (denying class

9   certification because the class was unascertainable, as the class definition required "an individualized

10  inquiry into the factual circumstances of each customer's transaction," including determining whether

11  a product came in a "usable form," and whether the product was made available within a

12  "reasonable" time).

13       Furthermore, class actions "must be structured so as to conform in the essential respects to the

14  judicial process." *La Mar v. H & B Novelty & Loan Co.,* 489 F.2d 461, 464 (9th Cir. 1973).

15  Accordingly, they cannot be brought on behalf of "those who have suffered no harm at the hands of

16  them against whom they complain," and thus have no standing to sue. *Id.*  In reliance on this

17  principle, courts have stricken class allegations where the proposed class is so broad[1] as to include

18  persons who have not suffered any injury.

19       Here, Plaintiff's class allegations are vague and overbroad, and the proposed Class and

20  Subclasses lack ascertainability.  First, despite the Court's Order granting RoundPoint's motion to

21  strike on the basis, in part, that the class definition was overinclusive, Plaintiff has in effect broadened

22  the definition of class in the FAC by attempting to include loans that are different from the loan

23

24  [1] For example, in a case involving vehicles that were allegedly prone to ignite and combust, the court
    determined a proposed class of all purchasers of that model of car was not ascertainable because
25  many members would not have suffered any injury.  *Bishop v. Saab Auto. A.B.*, 1996 U.S. Dist.
    LEXIS 22890, *12-14 (C.D. Cal. Feb. 16, 1996); *see also Colapinto v. Esquire Deposition Serv.*,
26  2011 U.S. Dist. LEXIS 30814, at *11-12 (C.D. Cal. Mar. 8, 2011) (holding proposed class that
    included all California residents who paid for defendant's transcription services was unascertainable
27  because it included purchasers who were unharmed).

28

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND MOTION TO STRIKE CLASS
ALLEGATIONS

Plaintiff obtained.  Specifically, Plaintiff makes no attempt to allege that the documents are identical or that only one type of loan document is at issue in this case.  Instead, Plaintiff makes multiple references to the "deeds of trust conforming to the model mortgage documents of Fannie Mae/Freddie Mac, the Federal Housing Administration ("FHA") and other governmental agencies (the "Uniform Mortgages").  FAC, ¶ 2.  Plaintiff alleges that her "Mortgage Agreement is a deed of trust conforming to the model mortgage prescribed by the FHA," and she alleges that she signed an FHA multistate promissory note in connection with the subject loan.  *Id.* at ¶¶ 52, 53.  Although she specifically alleges that she signed an FHA multistate promissory note, Plaintiff seeks to represent absent class members who have "Fannie Mae/Freddie Mac, FHA or similar government-backed model mortgages…."  *Id.* at ¶ 80.  Nowhere in the FAC does Plaintiff allege that she has a Fannie Mae/Freddie Mac mortgage or "similar government-backed model mortgage."

In an attempt to correct this deficiency, Plaintiff alleges that the Fannie Mae/Freddie Mac and similar mortgages incorporate the same or substantially similar provisions as those contained in Plaintiff's Mortgage Agreement, *id.* at ¶ 3, but Plaintiff does not identify the specific language of the "standard uniform covenants" contained in all of the mortgages that she alleges should be subject to the proposed Class and Subclasses.  *Id.* at ¶ 73.  At best, Plaintiff makes the conclusory allegation that "the Uniform Mortgages prohibit the assessment of fees that are not expressly authorized by law." *Id.* at ¶ 3.  This vague definition is insufficient to identify the proposed class.

The FAC is premised on the assertion that Plaintiff's FHA-backed mortgage does not authorize a fee to pay by telephone, and "[t]he uniform covenants of FHA mortgages state that the lender may only assess fees authorized by the Secretary of HUD."  FAC, ¶¶ 60-61.  Because Plaintiff has attempted to broaden the definition of the class to include individuals who do not have FHA-backed mortgages, Plaintiff's allegations regarding the "standard uniform covenants" and "similar government-backed model mortgages" are vague, and the class lacks ascertainability.  Plaintiff has not established that the language contained in the Fannie Mae/Freddie Mac loans or "similar government-backed model mortgages" is identical to the language of her mortgage.

11

In addition, even taking all of Plaintiff's generalized, conclusory allegations regarding "Pay to Pay" fees as true, this proposed class would encompass thousands of members who could not possibly have suffered any injury, including potential class members who are not citizens of California.  This is an important distinction because "[t]he Rosenthal Act was enacted by the California Legislature to protect *citizens of California* from unfair debt-collection practices."  *Edeh v. Midland Credit Mgmt.*, 748 F. Supp. 2d 1030, 1036 (D. Minn. 2010) (emphasis added); *see also Pollock v. Bay Area Credit Serv., LLC*, 2009 U.S. Dist. LEXIS 71169, 2009 WL 2475167, at *12 (S.D. Fla. Aug. 13, 2009) ("[T]he Court finds that the [Rosenthal] Act is meant to protect California consumers and not necessarily to prohibit violations by collection agencies with their headquarters located in the state but carrying out actions elsewhere."). Even though Plaintiff attempted to correct the deficiencies in the Complaint by specifying that the Class and Rosenthal Subclass will include "persons (1) with a residential mortgage loan securing a property in California…", FAC, ¶ 73, this definition of the proposed Class and the proposed Rosenthal Subclass still includes citizens of other states who have a residential mortgage encumbering property located within California. Thus, the definition of the proposed Class and Rosenthal Subclass is still overbroad because it includes citizens of other states who are not entitled to the relief Plaintiff seeks.

In addition, the proposed definition of the Rosenthal Subclass continues to be overbroad because it includes persons who are not entitled to relief under the Rosenthal Act.  The California Attorney General, in its 2002 opinion addressing the application of the Rosenthal Act, explained that debts are "due and owing" when they "become delinquent, making them subject to collection."  85 Cal. Op. Att'y Gen. 215 (2002).  Whereas, "obligations that are 'current,' prior to becoming delinquent and before the date at which payment required, are not subject to the Act's requirements."  *Id.*  "The Attorney General's construction of debts that are "due and owing" can thus be read as referring to debts for which payment is immediately or past due."  *Sanders v. LoanCare LLC*, No. 18-CV-09376, 2019 U.S. Dist. LEXIS 20900, at *9 (C.D. Cal. Feb. 1, 2019) (citing *Burris v. HSBC Bank USA, Nat'l Ass'n*, No. 14-CV-02242 AB (CWX), 2014 WL 12772260, at *5 (C.D. Cal. Dec. 19, 2014) ("According to the Attorney General of California, 'due' means 'having reached the date at which payment is required,' and 'owing' means 'due to be paid'")).

In *Sanders*, for example, the plaintiff challenged "Special Request Fees," which were fees incurred by borrowers for online payments made during the 15-day "grace period" after plaintiff's loan was due. *Id.* at *2. The payments were referenced in a Notice of Servicer Transfer that included instructions or making the payments. *Id.* In analyzing whether the plaintiff had sufficiently alleged that she was the object of debt collection activity, the Court concluded that the plaintiff's loan debt was "due and owing" because the plaintiff "alleged sufficient facts to establish that her mortgage debt was, in fact past due." *Id.* at *9.

Although Plaintiff attempts to limit the proposed Subclass to class members "(4) who paid a fee to RoundPoint for making a loan payment by telephone, (5) in connection with a payment made after the due date, during the applicable statutes of limitations through the date a class is certified," FAC, ¶ 73, this definition does not limit the class to persons who are in default at the time the payment is made. Based on Plaintiff's proposed definition of the Rosenthal Subclass, it is impossible to determine if persons to be included in this Subclass were in default at the time the payment was made, if a payment was made during an applicable grace period, or if a payments was made after the due date or in a different amount that what is owed. Plaintiff asserts that under according to the FHA multistate promissory notes, like the note she signed, "mortgage payments are due on the first day of each month, subject to a 15-day grace period after which a late charge may be imposed." *Id.* at 53 (citing Exhibit B to FAC at ¶¶ 3(A), 6(A)). Thus, Plaintiff's class allegations should also be stricken because this definition includes persons who were not in default when they made payments by phone and thus not entitled to relief under the Rosenthal Act.

Based on the Plaintiff's definition of the proposed Class and Subclasses, it would not be administratively feasible for the Court to determine which individuals would be members of the class, and these unascertainable class allegations are impermissible.

Accordingly, Paragraphs 7, 9, 70, 73-84, portions of the Prayer for Relief and all references to class allegations should be stricken from the FAC.

## III.   CONCLUSION

For the foregoing reasons, RoundPoint respectfully requests that this Court dismiss Counts II and III of Plaintiff's FAC without leave to amend. In addition, RoundPoint respectfully requests that the Court strike all class allegations for lack of ascertainability.

141581.00705/123846449v.4

13

1

2   DATED:  September 24, 2020          BLANK ROME LLP

3

4
                                        By:   /s/ Cheryl S. Chang
5                                             Cheryl S. Chang
                                              Jessica A. McElroy
6                                       Attorneys for Defendant
                                        ROUNDPOINT MORTGAGE SERVICING
7                                       CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S NOTICE OF MOTION AND MOTION TO
DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND MOTION TO STRIKE CLASS
ALLEGATIONS