# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release, subject to approval by the Court, is made between Amye Elbert ("Plaintiff"), as the proposed representative of the Settlement Class, and Defendant RoundPoint Mortgage Servicing Corp. ("Defendant" collectively with Plaintiff as "the Parties"). Plaintiff's counsel are referred to as "Class Counsel" and defined herein.

## I.    RECITALS

**A.**    On January 13, 2020, Amye Elbert, individually and on behalf of a purported class, filed a lawsuit in the United States District Court for the Northern District of California captioned *Elbert v. Roundpoint Mortg. Servicing Corp.,* No. 20-cv-250-MMC (N.D. Cal. – filed January 13, 2020) (the "Elbert Action"). Ms. Elbert alleged Defendant violated the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), the Unfair Competition Law ("UCL"), the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.*, and breached its contracts with borrowers by collecting additional processing fees when borrowers paid their monthly mortgage by interactive voice response ("IVR"), or telephone ("Convenience Fees").

The Parties exchanged information necessary to mediation, and after several months of negotiation, the Parties reached an agreement to resolve the Action.

**B.**    Class Counsel have fully analyzed and evaluated the merits of all Parties' contentions and this Settlement as it impacts all Parties, including the individual member of the Settlement Class. After taking into account the substantial risks of continued litigation, and the likelihood that the Action, if not settled now, will be protracted and expensive, Class Counsel are satisfied that the terms and conditions of the Settlement Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Action is in the best interests of the Settlement Class.

**C.**    By entering into this Agreement, Defendant does not admit that it is liable to Plaintiff or the Settlement Class, nor does Defendant concede that, absent a settlement, Plaintiff's putative

class may properly be certified under the Federal Rules of Civil Procedure. Defendant desires to settle the claims brought solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims which have or could have been asserted by Plaintiff against Defendant relating to Defendant's alleged wrongful actions or omissions. Defendant denies all liability to Plaintiff and the Settlement Class.

**D.**      Plaintiff, individually and on behalf of the Settlement Class, desires to settle her claims alleged against Defendant in the Action, having taken into account through Class Counsel, the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this Settlement and the likelihood that the Action will be further protracted and expensive.

**E.**      Class Counsel has conducted an extensive investigation of the facts and applicable law, including, but not limited to, obtaining discovery on issues pertaining to class size and damages. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Class Counsel considers it to be in the best interest of the Settlement Class to enter into this Agreement.

**F.**      This Agreement reflects a compromise between the Parties, and shall in no event be construed as or be deemed an admission or concession by any Party of the truth of any allegation or the validity of any purported claim or defense asserted in any of the pleadings in the Action, or of any fault on the part of Defendant, and all such allegations are expressly denied. Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Party hereto.

**G.**      In consideration of the foregoing and other valuable consideration, Plaintiff, Class Counsel, Defendant, and Defendant's Counsel agree collectively to settle the claims of the Plaintiff and the Settlement Class arising from Defendant's collection of Convenience Fees as alleged in the Action, subject to the Court's approval, on the following terms and conditions.

## II.   DEFINITIONS

**A.**      "Action" means the civil action styled as *Elbert v. Roundpoint Mortg. Servicing Corp.*, No. 20-cv-250-MMC, pending in the United States District Court for the Northern District of California.

**B.**      "Administrative Costs" means all costs and expenses associated with and incurred in connection with providing Class Notice to the Proposed Class, payment of Settlement Payments; costs of locating Settlement Class members whose current contact information is not reflected in existing records of Defendant, and any other costs of or associated with administration of the Settlement Class. It does not include any fees, costs or expenses incurred by Class Counsel or any Settlement Class members.

**C.**      "Agreement" or "Settlement Agreement" means this Proposed Class Action Settlement Agreement.

**D.**      "Class Counsel" means James L. Kauffman of Bailey & Glasser LLP, and Hassan A. Zavareei and Kristen G. Simplicio of Tycko & Zavareei LLP.

**E.**      "Class Notice" means the Email Notice, the Postcard Notice, and the Long Form Notice.

**F.**      "Class Period" means January 1, 2016 to May 31, 2021.

**G.**      "Class Representative" or "Plaintiff" mean Amye Elbert.

**H.**      The "Court" means the United States District Court for the Northern District of California.

**I.**      "*Cy Pres* Recipient" means NeighborWorks America.

**J.**      "Defendant" or "RoundPoint" means RoundPoint Mortgage Servicing Corp.

**K.**      "Defendant's Counsel" means Cheryl S. Chang and Jessica A. McElroy of Blank Rome LLP.

**L.** "Effective Date" means the date the Final Approval Order becomes non-appealable and there are no further proceedings on remand, including no further appeal of orders issued on remand.

**M.** "Email Notice" means the notice to be emailed to Settlement Class members by the Settlement Administrator, substantially in the form of **Exhibit A1**, provided that the Preliminary Approval Order prescribes Class Notice by email.

**N.** "Fee and Expense Award" means the amount awarded to Class Counsel by the Court to compensate Class Counsel for attorneys' fees and expenses in prosecuting the Actions, to be paid from the Settlement Fund.

**O.** "Fee and Service Award Application" means Class Counsel's application for a Fee and Expense Award and Service Awards.

**P.** "Final Approval Hearing" or "Final Fairness Hearing" mean the hearing at or after which the Court will determine whether to finally approve the Settlement.

**Q.** "Final Approval Order" means an order of the Court finally approving the terms and conditions of this Settlement. A copy of a proposed Final Approval Order is attached as **Exhibit C.**

**R.** "Gross Settlement Fund" or "Common Fund" means a payment by Defendant in the amount of $1,600,000, which constitutes approximately 35% of the total Convenience Fees the Settlement Class paid to Defendant during the Class Period. The Gross Settlement Fund shall be used to make Settlement Payments, any Fee and Expense Award, any Service Awards, and all Administrative Costs.

**S.** "Long Form Notice" means the notice to be posted on the Settlement Website and mailed to Settlement Class members upon request that discloses the terms of the Settlement Agreement, substantially in the form of **Exhibit A3.**

**T.** "Net Settlement Fund" means the Gross Settlement Fund minus any Fee and Expense Award, any Service Awards, and all Administrative Costs.

**U.** "Notice Program" means the procedure for providing Class Notice to the Settlement Class.

**V.** "Parties" shall mean the Class Representative, all Class Members, and Defendant.

**W.** "Plan of Allocation" means the terms and procedures for allocating the Settlement Fund among, and for distributing amounts to Class Members as proposed in the Class Notice and approved by the Court.

**X.** "Postcard Notice" means the notice to be mailed to Settlement Class Members by the Settlement Administrator, substantially in the form of **Exhibit A2**.

**Y.** "Preliminary Approval Order" means an order from the Court preliminarily approving the terms and conditions of this Settlement; preliminarily certifying, for settlement purposes only, the Settlement Class; and approving the Class Notice. A copy of a proposed Preliminary Approval Order is attached hereto as **Exhibit B**.

**Z.** "Released Claims" means the actions, causes of action (in law, equity, or administratively), suits, debts, liens, or claims released by the Settlement.

**AA.** "Released Entities" means Defendant and each of its past, present and future directors, officers (whether acting in such capacity or individually), shareholders, advisors, owners, partners, joint venturers, principals, trustees, creditors, law firms, attorneys, representatives, employees, managers, parents, direct or indirect subsidiaries, divisions, subdivisions, departments, corporations in common control affiliates, predecessors, and successors, or any agent acting or purporting to act for them or on their behalf, as well as any investor on whose behalf Defendant services any loan to any Settlement Class Member, and each of their past, present and future directors, officers (whether acting in such capacity or individually), shareholders, advisors, owners, partners,

joint venturers, principals, trustees, creditors, law firms, attorneys, representatives, employees, managers, parents, direct or indirect subsidiaries, divisions, subdivisions, departments, corporations in common control affiliates, predecessors, and successors, or any agent acting or purporting to act for them or on their behalf. Released Entities does not include Freedom Mortgage Corporation.

**BB.** "Response Deadline" means 105 days after entry of the Preliminary Approval Order.

**CC.** "Settlement Administrator" means Kroll Settlement Administration (formerly known as Heffler Claims Group LLC). The Settlement Administrator was selected by Class Counsel, with input from Defendant., after three settlement administrators submitted proposals.

**DD.** "Settlement Class" means

All persons who (1) were borrowers on residential mortgage loans on properties located in the United States whose loans were serviced by RoundPoint, and (2) paid a fee to RoundPoint for making a loan payment by telephone or IVR from January 1, 2016 to May 31, 2021.

The Parties agree that the Settlement Class consists of 123,614 class member loans. Excluded from the Settlement Class shall be the Honorable Maxine Chesney, counsel to the Parties, Bruce Friedman, and their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; any government entity; Defendant, any entity in which Defendant has a controlling interest, any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and any persons who timely opt-out of the Settlement Class. Upon entry of the Final Approval Order, persons who would otherwise be Settlement Class Members but who submitted a timely and valid request for exclusion will be excluded from the Settlement Class.

**EE.** "Settlement Class Members" means all members of the Settlement Class.

**FF.** "Settlement Class Member List" means a list of persons who, according to a reasonable search of Defendant's business records, fall within the definition of the Settlement Class. The Settlement Class Member List shall include the names of all persons who, according to a

reasonable search of Defendant's business records, fall within the definition of the Settlement Class; their last known mailing address; their last known email address, provided that the Preliminary Approval Order prescribes Class Notice by email; and the dates and amounts of each Convenience Fee paid during the Class Period.

**GG.**    "Settlement Payment" means the payment made to each Settlement Class Member pursuant to this Agreement.

**HH.**    "Service Award" means such funds as may be awarded by the Court to the Plaintiff in recognition of her time and effort expended in pursuing the Action and in fulfilling her obligations and responsibilities as Class Representative.

**II.**    "Settlement Website" means an internet website to be established and maintained by the Settlement Administrator for purposes of administering the Settlement. The URL of the Settlement Website shall be www.MortgagePaymentFeeSettlement.com.

## III.    SCHEDULE AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

**A.**    Solely for the purpose of effectuating the Settlement set forth in this Agreement and subject to Court approval, the Parties state that they have stipulated to amend the claims and class definition in the First Amended Complaint filed in the *Elbert* Action to encompass the claims and members of the Settlement Class in advance of or concurrently with the filing of the motion for preliminary approval. The Parties stipulate that: (1) a Settlement Class consisting of borrowers across the United States shall be certified in accordance with the definition of the Settlement Class set forth in this Agreement; (2) the Class Representative shall represent the Settlement Class for settlement purposes; (3) Class Counsel shall represent the Settlement Class for settlement purposes.

**B.**    Plaintiff shall file an unopposed Motion for Preliminary Approval of the Settlement, attaching this Agreement with Exhibits. In her Motion for Preliminary Approval, Plaintiff shall request that the Court: (1) enter the Preliminary Approval Order; (2) certify, for settlement purposes

only, the Settlement Class; (3) appoint Plaintiff as Class Representative; (4) appoint Class Counsel as counsel for the Settlement Class; (5) approve the Notice Program; (6) approve the procedures for objecting to and requesting exclusion from the Settlement; and (7) schedule a Final Fairness Hearing. Defendant shall not oppose the motion and may file a statement of non-opposition.

Plaintiff will also submit, by the deadline set by the Court, a motion (1) seeking entry of the Final Approval Order; (2) confirming certification of the Settlement Class for settlement purposes; approving the Settlement; (3) finding the Notice Program was the best notice practicable under the circumstances and comported with all applicable requirements of law and due process; (4) confirming the release of the Released Claims; (5) identifying those who have timely and validly requested exclusion; and (6) confirming the retention of jurisdiction relating to the administration, consummation, validity, enforcement, and interpretation of this Agreement, the Final Approval Order, and any order granting any Fee and Expense Award and Service Awards, and for any other necessary purpose. Defendant will not oppose the motion and may file a statement of non-opposition.

This Agreement, which is proposed, will become effective upon the Effective Date.

C.      In the event that this Agreement (including the Settlement provided for herein) is not finally approved, or is terminated or cancelled or fails to become effective for any reason whatsoever, the conditional class certification and conditional leave to file an amended complaint, to which the Parties have stipulated solely for the purpose of the settlement of the Action, shall be null and void, and the amended complaint shall be deemed to be withdrawn, and the Action shall revert to the status as it existed prior to the date of this Agreement.

## IV.    THE SETTLEMENT TERMS

### A.    Funding of Settlement

The Gross Settlement Fund shall be used to pay, in the following order: (1) all Administrative Costs, (2) any taxes owed by the Gross Settlement Fund (but not any taxes owed by any individual Class Counsel, Plaintiff, or Class Members), (3) any Fee and Expense Award approved by the Court, (4) any Service Awards to the Class Representative approved by the Court, and (4) Settlement Payments.

The Gross Settlement Fund shall be paid by Defendant to the Settlement Administrator within twenty-one (21) days after the entry of the final Preliminary Approval Order. The Gross Settlement Fund shall be deposited into an interest-bearing account established by the Settlement Administrator and designated as a Qualified Settlement Fund ("QSF") pursuant to the Internal Revenue Code (the "Escrow Account") to be held in escrow pending the Effective Date. Any interest earned shall accrue to benefit of the Settlement Class. The Parties agree to take all necessary and reasonable actions to qualify the Settlement Fund as a QSF.

The principal and interest in the Escrow Account (the amount deposited plus interest) shall be returned to Defendant within five business days of any of the following events: (i) the Court determines not to enter a Final Approval Order; (ii) a Final Approval Order entered by the Court is set aside by an appellate court, unless otherwise agreed in writing by the Parties; or (iii) the Settlement does not occur for some other reason.

### B.    Settlement Payments and Distribution

Settlement Class Members are entitled to receive monetary benefits from the Net Settlement Fund on a pro rata basis, based upon the amount of Convenience Fees paid by each Settlement Class Member during the Class Period after reversals or credits. Co-borrowers on a single class account shall be entitled to a single total Settlement Payment per loan account. Settlement Class Members who

DocuSign Envelope ID: E5CB9003-0C58-4777-B19E-697269D46E0A

receive a Settlement Payment shall be solely responsible for distributing or allocating such payment between or among all co-account holders.

Within fourteen (14) days of entry of the Final Approval Order, the Settlement Administrator shall calculate the Net Settlement Fund by deducting (1) the Administrative Costs incurred in connection with the Notice Program and any other Administrative Costs approved by the Parties; (2) any costs, fees, or other expenses that the Settlement Administrator expects reasonably to incur through the conclusion of the Settlement ("Projected Administrative Costs"); (3) the amount of any Court-approved Fee and Expense Award; and (4) the amount of any Court-approved Service Awards. The Settlement Administrator will provide Class Counsel and Defendant's Counsel with a document demonstrating this calculation. The Parties shall review and approve any Projected Administrative Costs, and approval shall not be unreasonably withheld. If at the conclusion of the Settlement administration not all of the Projected Administrative Costs are incurred, remaining amounts shall be distributed to the *Cy Pres* Recipient. In no event, however, shall the Settlement Administrator be paid in excess of the actual Administrative Costs, including Projected Administrative Costs.

Within thirty (30) days of entry of the Final Approval Order, the Settlement Administrator shall pay by wire any Fee and Expense Award approved by the Court, and any Service Awards approved by the Court. Wiring instructions and W-9s shall be provided by Class Counsel to the Settlement Administrator on or before this deadline.

Within fourteen (14) days of the Effective Date, the Settlement Administrator shall calculate on a percentage basis and dollar basis the allocation to each Settlement Class Member to be made from the Net Settlement Fund and disseminate to the Parties' counsel a final list identifying each Settlement Class Member, the percentage of the Net Settlement Fund to be paid to each Settlement Class Member, and the amount of payment to each Settlement Class Member.

Settlement Payments shall be made by check, prepaid Visa/Mastercard, by digital payment methods, or other methods made available by the Settlement Administrator via the Settlement Website. Within fourteen (14) days of the Effective Date, the Settlement Administrator shall send an email to all Settlement Class Members for whom Defendant provided an email address advising them of the option to select a digital payment method on the Settlement Website, and stating that any Settlement Class Member who does not select a digital payment method shall receive their Settlement Payment by check.

For Settlement Class Members who select a digital payment option, the payments will be effectuated within thirty (30) days of the Effective Date. For Settlement Class Members who do not select a digital payment option, Settlement Payments will be mailed by check within thirty (30) days of the Effective Date. Prior to mailing checks, the Settlement Administrator shall attempt to update the last known addresses of Settlement Class Members through the National Change of Address database. If a check is returned and marked "Undeliverable", the Settlement Administrator shall make reasonable efforts to locate the Settlement Class Member, reissue the check and send it to a forwarding address.

Checks issued under this Settlement shall be negotiable for ninety (90) days after date of issuance. Individual checks that have not been negotiated within ninety (90) days after issuance shall be void. For good cause shown, Settlement Class Members may request that the Settlement Administrator reissue a check for one additional 90-day period. After 180 days from the date of issuance of the initial checks, any remaining funds in the Net Settlement Fund shall be distributed to Settlement Class Members via a secondary distribution. If the amount of remaining funds is so minimal that a secondary distribution would be impracticable or infeasible, then the remaining funds shall be distributed to the *Cy Pres* Recipient. Any funds remaining following a secondary distribution

shall be distributed to the *Cy Pres* Recipient. In no event shall such remaining funds be returned to Defendant.

The Parties agree that all Class Members who do not opt out shall be solely responsible for any and all tax obligations associated with this Settlement. Nothing in this Agreement is intended to constitute legal advice or tax advice. To the extent that this Agreement or any of its Exhibits are interpreted to contain or constitute advice regarding any United States or Federal tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding penalties under the Internal Revenue Code.

### C.      Injunctive Relief

Defendant has agreed to cease charging or collecting Convenience Fees from any borrower effective June 1, 2021. As a result of this Settlement, Defendant agrees to refrain from the charging or collection of Convenience Fees from borrowers in the United States for a period of at least two years after entry of the Final Approval Order.

### D.      Service Awards

The Parties did not discuss any Service Award prior to negotiating the Settlement Class relief in parts A through C above. On or before twenty-one (21) days prior to the Response Deadline, Class Counsel intends to apply to the Court for a Service Award from the Gross Settlement Fund for Plaintiff not to exceed $5,000. The Service Award will be requested in recognition of Plaintiff's service to the Settlement Class, in addition to any other relief to which she is entitled. Defendant reserves the right to object to any request for Court approval of a Service Award that it deems unreasonable.

This Settlement is not conditioned upon the Court awarding any Service Awards, and should the Court decline to approve any Service Awards, or should the Court approve Service Awards in amounts less than that sought by Class Counsel, the remaining provisions of the Settlement shall be binding and effective.

### E.     Class Counsel's Fees and Expenses

The Parties did not discuss any Service Award prior to negotiating the Settlement Class relief in parts A through C above. The Parties did not discuss any award of attorneys' fees, to be paid out of the Common Fund. On or before twenty-one (21) days prior to the Response Deadline, Class Counsel intends to apply to the Court for a Fee and Expense Award from the Gross Settlement Fund, not to exceed one third (33.33%) of the Gross Settlement Fund as reasonable attorneys' fees, plus Class Counsel's reasonable expenses incurred in the litigation. Defendant reserves the right to object to any Fee and Expense Application it deems unreasonable. The Parties agree that the amount of attorneys' fees ultimately paid from the Gross Settlement Fund will not in any way reduce, increase, or otherwise modify Defendant's obligation to pay the agreed-upon sum of $1,600,000 for the Gross Settlement Fund. Class Counsel Fees shall be subject to approval by the Court. Class Counsel shall be solely responsible for paying any monies due to any and all other counsel for Plaintiff, out of the Fee and Expense Award. Defendant shall not be liable for any claims ensuing from distribution of attorneys' fees and expenses.

In consideration of this Agreement, Class Counsel and Plaintiff release Defendant from any and all claims for attorneys' fees or costs incurred in connection with the *Elbert* Action, by lien or otherwise, other than the amount awarded by the Court. Class Counsel and Plaintiff further agree that the Fee and Expense Award, if any, shall compensate Class Counsel and Plaintiff for all legal work in the *Elbert* Action up to and including the Effective Date, as well as for all legal work and costs that may be incurred in the Action after the Effective Date.

This Settlement is not conditioned upon the Court awarding any Fee and Expense Award, and should the Court decline to make a Fee and Expense Award, or approve a Fee and Expense Award less than that sought by Class Counsel, the remaining provisions of the Settlement shall be binding and effective.

Defendant waives any right to appeal the Court's Orders granting Final Approval and awarding attorneys' fees, costs, and service awards. However, Defendant reserves the right to appeal any other remaining aspects of the Settlement to the extent they alter any material provisions of the Settlement, including the amount of the Common Fund or the scope and duration of the injunctive relief.

### F. Confirmation of Data

Defendant represents that it has provided to Plaintiff's counsel an accurate accounting of fees Defendant collected from Settlement Class Members during the Settlement Class Period in connection with loan payments by telephone or IVR.

## V. RELEASE

Upon the Effective Date, and in consideration for the Settlement Payment and for Defendant's other promises contained herein, each Settlement Class Member, for and on behalf of their present and future spouses (and common law spouses), children, parents, relations, successors, beneficiaries, heirs, next of kin, assigns, attorneys, executors, administrators, and/or estate, or any and all other persons who could claim through them, hereby unconditionally and irrevocably remises, releases, forever discharges and covenants not to sue Defendant and each of its past, present and future directors, officers (whether acting in such capacity or individually), shareholders, advisors, owners, partners, joint venturers, principals, trustees, creditors, law firms, attorneys, representatives, employees, managers, parents, direct or indirect subsidiaries, divisions, subdivisions, departments, corporations in common control affiliates, predecessors, and successors, or any agent acting or purporting to act for them or on their behalf, as well as any investor on whose behalf Defendant services any loan to any Settlement Class Member, and each of their past, present and future directors, officers (whether acting in such capacity or individually), shareholders, advisors, owners, partners, joint venturers, principals, trustees, creditors, law firms, attorneys, representatives, employees,

DocuSign Envelope ID: E5CB9003-0C58-4777-B19E-697268D16E0A

managers, parents, direct or indirect subsidiaries, divisions, subdivisions, departments, corporations in

common control affiliates, predecessors, and successors, or any agent acting or purporting to act for

them or on their behalf, from any and all claims, counterclaims, actions, causes of action, suits, set-

offs, costs, losses, expenses, sums of money, accounts, reckonings, debts, charges, complaints,

controversies, disputes, damages, judgments, executions, promises, omissions, duties, agreements,

rights, and any and all demands, obligations and liabilities, of whatever kind or character, direct or

indirect, whether known or unknown, at law or in equity, by right of action or otherwise, arising out

of, based upon, or related in any way to the charging, collection, or attempted collection of

Convenience Fees from the beginning of the world to the Effective Date, which the Settlement Class

Member ever had or may have in the future and waives to the fullest extent permitted by law, with

respect to the matters identified in this paragraph, all provisions, rights and benefits of Section 1542

of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
> RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
> MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR OR RELEASED PARTY.

Nothing in this Release or in the Agreement otherwise alters or affects the rights or obligations of any

Settlement Class Member and Defendant with respect to any relationship with Defendant, nor does

this Release or Agreement in any way change any Settlement Class Member's continuing obligations

on his or her residential mortgage loan serviced by Defendant, or in any way limit Defendant's rights

with respect to such loan.

## VI.    NOTICE TO THE SETTLEMENT CLASS

No later than fourteen (14) days after entry of the Preliminary Approval Order, Defendant

shall provide Class Counsel and the Settlement Administrator the Settlement Class Member List in an

electronic format.

As soon as practicable, but starting no later than thirty (30) days after the date that the Defendant provides the Settlement Class Member List to the Settlement Administrator, the Settlement Administrator shall cause the Email Notice to be sent to all Settlement Class Members for whom the Settlement Class Member List includes an email address, provided that the Preliminary Approval Order prescribes Class Notice by email. Defendant makes no representations as to the accuracy of any emails included in the Settlement Class Member List.

As soon as practicable, but starting no later than thirty (30) days after the date that the Defendant provides the Settlement Class Member List to the Settlement Administrator, the Settlement Administrator shall cause the Postcard Notice to be sent to all Settlement Class Members for whom no email address appears on the Settlement Class Member List. Prior to mailing Class Notice, the Settlement Administrator will update the last known addresses of the members of the Settlement Class using the National Change of Address database. Within a reasonable time prior to the Response Deadline, the Settlement Administrator shall also cause the Postcard Notice to be sent to all Settlement Class Members whose Email Notices are returned undeliverable, after running those Settlement Class Members' last known addresses through the National Change of Address database. If the Postcard Notice is returned with a forwarding address, the Settlement Administrator shall make one attempt to re-mail the Postcard Notice to that forwarding address, as soon as possible before the Response Deadline. If the Postcard Notice is returned undeliverable without a forwarding address, the Settlement Administrator shall make a reasonable attempt to locate an updated address and make one attempt to re-mail the Postcard Notice to the updated address, as soon as possible before the Response Deadline.

The Settlement Administrator shall mail or email the Long Form Notice to any Settlement Class member who requests a copy.

Prior to the date on which the Settlement Administrator mails the Postcard Notice, the Settlement Administrator shall establish the Settlement Website. The Settlement website shall contain: (1) the Long Form Notice in downloadable PDF format in both English and Spanish; (2) the Long Form Notice in HTML format with a clickable table of contents, described as answers to frequently asked questions; (3) a contact information page with contact information for the Settlement Administrator, and addresses and telephone numbers for Class Counsel and Defendant's Counsel; (4) the Settlement Agreement; (5) the signed Preliminary Approval Order and publicly filed motion papers and declarations in support thereof; (6) the operative complaint in the Action; and (6) when they become available, the Fee and Service Award Application, the motion for entry of the Final Approval Order, and any motion papers and declarations filed publicly in support thereof. The Settlement Website shall remain accessible until thirty (30) days after the Settlement Administrator has completed its obligations under the Settlement Agreement.

The Settlement Administrator shall also establish a 24-hour toll-free telephone line with information about frequently asked questions about the Settlement. The number shall be included in the Class Notice and posted on the Settlement Website.

The Settlement Administrator shall ensure that timely notice is provided to any state and federal officials as required by the Class Action Fairness Act (28 U.S.C. § 1715).

## VII. OBJECTIONS AND OPTING OUT OF THE SETTLEMENT

**Request for Exclusion**. Settlement Class members have the right to request exclusion from the Settlement. The Class Notice shall advise Settlement Class Members of this right and the requirements for doing so.

Any Settlement Class Member may seek to be excluded from the Settlement Class by opting out by the Response Deadline. A request for exclusion must be in writing, postmarked on or before the Response Deadline, and include the name of the case. The request must also include the name,

address, phone number and signature of the borrowers(s) seeking exclusion, as well as language clearly indicating a request for exclusion, such as "I wish to be excluded from the Settlement in *Elbert v. Roundpoint Mortg. Servicing Corp.*". If there are co-borrowers on the loan, all co-borrowers must sign the request for exclusion. The request must be mailed to the address provided in the Class Notice. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than one designated in the Class Notice, or that is not received within the time specified shall be invalid and the person(s) serving such request shall remain a Settlement Class Member and shall be bound as a Settlement Class Member to the Agreement, if approved. The Settlement Administrator shall forward copies of all requests for exclusion to all counsel of record no later than seven days after receipt. Any Settlement Class Member who opts out of the Settlement Class and the Agreement shall not be bound by any prior court order or the terms of the Agreement. Any person who opts out of this Settlement is prohibited from objecting to the Settlement.

**Objecting to the Settlement**. Settlement Class Members have the right to object to the Settlement and/or the Fee and Service Awards Application. The Class Notice shall advise Settlement Class Members of this right and the requirements for doing so.

Any Settlement Class Member may object to this Agreement by mailing a written objection, postmarked on or before the Response Deadline, to the Court c/o the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102 or by filing it in person on or before the Response Deadline at any location of the United States District Court for the Northern District of California. All objections must be in writing and personally signed by the Settlement Class Member and include: (1) the objector's name, address, email address if any, and telephone number; (2) the case caption; (3) the specific factual basis and legal grounds for the objection; (4) a list of all cases in which the objector has objected to a class action settlement, including case name, court, and docket number; (5) if the objector is represented by

DocuSign Envelope ID: E5CB9003-0C58-4777-B19E-697268D16E0A

counsel, a list of all cases in which the objector's counsel has represented an objector in objecting to a class action settlement, case name, court, and docket number; (6) a statement indicating whether the Settlement Class Member and/or their lawyer(s) intend to appear at the Final Fairness Hearing; (7) a list of witnesses, if any, that the objecting Settlement Class Member intends to call; and (8) whether the objection relates only to the objector, or to a subset of the Settlement Class, or to the entire Settlement Class. The objector should also comply with Local Rule 3-15 and promptly file a Certification of Interested Entities or Persons in the docket.

Any Settlement Class Member who has not submitted a timely request for exclusion may appear at the Final Fairness Hearing either in person or through an attorney. However, if the Settlement Class Member intends to appear through counsel, the Settlement Class Member must have submitted a written objection pursuant to this section. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the Response Deadline. Any Settlement Class Member who intends to request the Court to allow him or her to call witnesses at the Final Fairness Hearing must make such a request in a written brief, which contains a list of such witnesses and a summary of their requested testimony.

No person who has opted out of the Settlement may object to it. Any Settlement Class Member who does not provide a timely written objection or who does not make a record of his or her objection at the Final Approval Hearing shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, Fee and Service Awards Application, or the Fee and Expense Award or Service Awards.

The Class Representative, Class Counsel, and/or Defendant may file responses to any timely written objections no later than 7 days prior to the Final Fairness Hearing.

## VIII.   OBLIGATIONS OF THE SETTLEMENT ADMINISTRATOR

As discussed in more detail elsewhere in the Agreement, the Settlement Administrator shall execute a retainer agreement that shall provide, among other things, that the Settlement Administrator shall perform the duties, tasks, and responsibilities associated with providing notice and administering the Settlement, including the following: (1) preparing and disseminating the Class Notice; (2) maintaining the Settlement Website to allow class members to elect electronic payments; (3) keeping track of any requests for exclusion from and objections to the Settlement, including maintaining the original envelope in which they were mailed; (4) delivering to Class Counsel and Defense Counsel copies of any request for exclusion, objection, or, upon request, any other written or electronic communications from the Settlement Class; (5) making Settlement Payments; (6) performing any tax reporting duties required by this Agreement or any applicable law; (7) maintaining adequate records of its activities, including dates of transmission of the Postcard Notice and Email Notice, returned mail, and other communications and attempted communications with the Settlement Class; (8) confirming in writing its completion of the administration of the Settlement; and (9) such other tasks as Class Counsel and Defendant's Counsel mutually agree.

The retainer agreement shall provide that Settlement Administrator understands and agrees that it will be provided with certain personal identifying information relating to the Settlement Class and agrees to keep the information secure utilizing security measures that, at a minimum, comply with all applicable laws, rules, and regulations, not disclose or disseminate it, and use the information solely for purposes of effectuating the Settlement. The Settlement Administrator shall agree that it shall be subject to the jurisdiction of the Court with respect to the administration of this Settlement.

The Settlement Administrator shall also be required to sign a Confidentiality Agreement, which sets forth, among other things, a timeline for the Settlement Administrator to destroy all email

DocuSign Envelope ID: E5CB9003-0CF8-4777-B19E-697268D16E0A

addresses.  The Settlement Administrator shall not utilize Settlement Class members' email addresses for any purpose other than effectuating this settlement.

Starting one week after the deadline to begin the Notice Program, the Settlement Administrator shall also provide weekly reports to Defendant's Counsel and Class Counsel concerning requests for exclusion and objections received during the prior week and to date.

Within five days of the Response Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a report containing the information regarding requests for exclusion and objection, including timely and untimely requests for exclusion and objection. The Settlement Administrator shall provide a declaration to be submitted in support of the motion for entry of the Final Approval Order detailing the Notice Program and the number of valid requests for exclusion and objections received.

The Settlement Administrator shall also provide Class Counsel and Defendant's Counsel with a reconciliation and accounting of the Gross Settlement Fund at each of the following times: (1) no later than ten days after the Settlement Payments are made; and (2) no later than 180 days after the Settlement Payments are made.

All data created and/or obtained and maintained by the Settlement Administrator pursuant to this Agreement shall be destroyed twelve (12) months after the Final Report is submitted to the Court, provided that Class Counsel and Defendant's Counsel, or either of them, at their own cost, shall receive a complete copy of the Settlement Administrator's records (excluding specific account information), together with a declaration establishing completeness and authenticity, which they may maintain consistent with their own document retention policies.  To the extent Class Counsel receives a copy of the class list, it shall be subject to the Stipulation and Confidentiality Agreement signed by Class Counsel in this case and shall not be used for any purposes other than the implementation of this Agreement.

## IX.     BINDING EFFECT OF AGREEMENT

This Agreement is binding upon and shall inure to the benefit of any Settlement Class Member who did not properly exclude himself or herself from the Settlement Class, as well as their heirs, successors, executors, personal or legal representatives, administrators, trustees, or anyone else claiming to have rights derived from or through the Settlement Class Member.

## X.     NOTICES

Any communication, verification, or notice sent by any Party in connection with this Agreement shall be sent by email and overnight mail as follows:

To Class Counsel:

Hassan A. Zavareei
Kristen G. Simplicio
1828 L Street NW, Suite 1000
Washington, D.C. 20036
hzavareei@tzlegal.com
ksimplicio@tzlegal.com

James A. Kauffman
1055 Thomas Jefferson Street NW, Suite 540
Washington, D.C. 20007
jkauffman@baileyglasser.com

To Defendant's Counsel:

Cheryl S. Chang
Jessica A. McElroy
2029 Century Park East, 6th Floor
Los Angeles, California 90067
chang@blankrome.com

## XI.     ENTIRE AGREEMENT

The Parties agree that this Agreement sets forth the entire understanding between the Parties. This statement is intended to satisfy all disclosure requirements of Rule 23 of the Federal Rules of Civil Procedure.

## XII.   CHOICE OF LAW

Except to the extent federal law applies, this Agreement and ancillary agreements shall be governed by and construed in accordance with the laws of the state of California without respect to its choice of law principles.

## XIII.   VENUE

If any legal action or other proceeding is brought to enforce the terms of this Agreement, it shall be commenced in the United States District Court for the Northern District of California and the Parties agree and stipulate to this jurisdiction and venue.

## XIV.   REPRESENTATIONS

Plaintiff represent and warrants that she has not sold, assigned, transferred or otherwise disposed of any of the claims, demands or rights that are the subject of this Agreement; and that she shall take all necessary action to effectuate the terms of this Agreement.

## XV.   VOIDING OF AGREEMENT AND RIGHT TO WITHDRAW

If the Court declines to approve the Agreement and procedures contemplated herein, then the Agreement is automatically null, void, and of no force and effect. If the Court imposes any additional or increased burden, condition, or obligation upon a Party and that entity finds it to be unacceptable, that entity will have fourteen (14) days after written notice of such order becoming final to withdraw from this Agreement, in which case the Agreement shall be null, void, and of no force and effect.

However, in the event the Court determines any proposed Service Award or Class Counsel's Fees, Costs, and Expenses should be reduced, it is expressly agreed and understood that such a decision by the Court shall not operate as a means by which a Party can withdraw from this Agreement.

## XVI.   NO ADMISSION OF LIABILITY

This Agreement constitutes a compromise of disputed claims for purposes of achieving an amicable and efficient settlement.  Nothing in this Agreement or any of the procedures carried out

pursuant thereto shall constitute or be construed as an admission of liability or wrongdoing on the part of the Released Entities. Nothing in this Agreement shall constitute an admission by the Released Entities that the Action was properly brought as a class or representative action other than for settlement purposes or an admission by the Released Entities of the propriety of the Action.

It is agreed that neither the existence of this Agreement, its contents, nor communications or negotiations culminating in this Agreement, may be used as evidence of liability or fault on the part of the Released Entities or any person or entity associated in any way with the Released Entities.

## XVII.  PUBLICITY LIMITATION

Neither Plaintiffs or Class Counsel nor Defendant or Defendant's Counsel shall conduct a press conference or initiate in any communications with the media or the press, orally or in writing, that relate to this Settlement or the Action other than statements that are fully consistent with the Class Notice. Nothing in this Agreement or Settlement restricts Class Counsel from responding to inquiries from putative Settlement Class Members or their representatives regarding the Settlement, providing information about the settlement to a court, responding to a court's inquiry about the settlement, from providing accurate copies of publicly available Court filings in response to any such inquiries, or from directing members of the Class and public to the Settlement Website.  If the Parties are contacted by the press, media or any industry association, they will respond only that this Action has been amicably resolved to the Parties' mutual satisfaction, and if the inquiry occurs before the Effective Date, that it is pending Court approval. The Parties may also state that further information is available on the Settlement Website.  Should circumstances arise that necessitate limited relief from this provision, the Party seeking to initiate such communication shall first endeavor to obtain the consent of the other Party, whose consent shall not be unreasonably withheld. Nothing in this provision shall be read to bar Parties from complying with any Court order as to additional notice

required or to prohibit Class Counsel from recommending to the Court additional notice or publicity in response to any concerns that may arise regarding the adequacy of the notice.

## XVIII. MISCELLANEOUS

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by Defendant's Counsel and Class Counsel, and with Court approval.

This Agreement may be executed in multiple counterparts; in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or electronic copies of executed copies of this Agreement may be treated as originals.

Each of the Parties hereto has jointly participated in the negotiation and drafting of this Agreement and each Party was represented by counsel of his or her own choosing throughout the negotiations. In the event an ambiguity or a question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by each of the Parties hereto and no presumptions or burdens of proof shall arise favoring any party by virtue of the authorship of any provisions of this Agreement.

AGREED TO ON THE LATEST OF THE DATES SET FORTH BELOW.

Amye Elbert: _____   _____        DATE: _____  9/22/2021

RoundPoint Mortgage Servicing Corporation

Name: __Nathan J. Bouchér_____        DATE: __9/30/2021____

Signed: _Nathan J. Bouchér_____

APPROVED AS TO FORM AND CONTENT:

TYCKO & ZAVAREEI LLP

By: _____   _____        Date: _____  9/22/2021
Hassan A. Zavareei
Kristen G. Simplicio

BAILEY GLASSER LLP

By: _____   _____        Date: _____  9/22/2021
James L. Kauffman

BLANK ROME LLP

By: _____        Date: _____  9/30/2021
Cheryl S. Chang
Jessica A. McElroy

# Exhibit A1

DocuSign Envelope ID: E5CB9003-0C58-4777-B19E-697268D16E0A

**(Email Notice)**

**From:** RoundPoint Mortgage Servicing Corp., Convenience Fee Litigation Settlement Administrator

**Subject Line:** RoundPoint Mortgage Servicing Corp. Convenience Fee Settlement

Content:

**A federal court authorized this notice. This is not a solicitation from a lawyer, and you are not being sued.**

You are receiving this notice because you could be affected by a class action lawsuit against RoundPoint Mortgage Servicing Corp ("RoundPoint") involving its assessment of Convenience Fees to make mortgage payments over the phone and through the use of the telephonic automated "IVR" (interactive voice response) system.

A Settlement has been reached in a class action lawsuit alleging that RoundPoint's practice of charging such fees, among other things, violated the federal Fair Debt Collection Practices Act, the debt collection practices laws of the various states, and breached the terms of the borrowers' loan agreements. RoundPoint denies the allegations asserted in the actions. The Court has not decided who is right. Plaintiffs and RoundPoint have agreed to settle the lawsuit to avoid the cost and uncertainty of litigation. You can read the Complaints, Settlement Agreement, and other case documents on the Settlement Website:

**www.MortgagePaymentFeeSettlement.com**

**Who's Included?** RoundPoint's records show you are a member of the Settlement Class. The Settlement Class includes all persons who (1) were borrowers on residential mortgage loans on properties located in the United States whose loans were serviced by RoundPoint, and (2) paid a fee to RoundPoint for making a loan payment by telephone or IVR from January 1, 2016 to May 31, 2021.

**What are the Settlement terms?** RoundPoint has agreed to establish a cash Common Fund of $1,600,000 from which Settlement Class Members will receive payments by check, prepaid Visa/Mastercard, or by digital payment methods.

Pursuant to the Court's approval, the Gross Settlement Fund will also be used to pay Settlement Notice and Administration Costs, Attorneys' Fees and Expenses to Class Counsel, and Service Awards for the Class Representatives. The Net Settlement Fund, net of any Settlement Administration Costs, Service Awards, and attorneys' fees and expenses award by the Court, will be distributed *pro rata* according to the amount of Convenience Fees Settlement Class Members paid. If the Court awards all Administrative Costs, attorneys' fees and expenses, and Service Awards requested by the Parties, the Net Settlement Fund will be approximately $846,915.

Also as part of the Settlement, RoundPoint has agreed to stop charging fees for telephone and IVR payments to borrowers in the United States for a period of two years after entry of the Final Approval Order.

Settlement Class Members will automatically receive monetary payments from the Net Settlement Fund based on the amount of fees that the Settlement Class Member paid. Settlement Class

DocuSign Envelope ID: E5CB9003-0C58-4777-B19E-697268D16E0A

Members are solely responsible for distributing or allocating Settlement Payments between or among all co-account holders.

You have the option to visit the Settlement Website at **www.MortgagePaymentFeeSettlement.com** to select the format in which would like to receive your Settlement Payment. You may choose to receive your payment via various digital options, in the form of a paper check, or on a MasterCard gift card. If no payment method is selected by [DATE], you will receive your payment in the form of a check, which will be mailed to you.

The MasterCard gift cards will not expire. If you elect to receive your funds via checks, checks will be valid for 90 days. Settlement Class Members may request that the Settlement Administrator reissue a check for one additional 90-day period for good cause shown. If there is any amount in the Net Settlement Fund that remains following the distribution of checks to Settlement Class Members as a result of checks being returned undeliverable or which are not cashed within 90 days, those funds will be distributed on a *pro rata* basis to Settlement Class Members who cashed their checks. Within 180 days after the Settlement Administrator mails the first Settlement Class Member Payments, the administrator will decide whether Residual Funds should be distributed to the Settlement Class Members through a secondary distribution. If the amount of the remaining funds is so minimal that a secondary distribution would be impracticable or infeasible, then, subject to the Court's approval, the remaining funds shall be distributed to NeighborWorks America, a 501(c)(3) charitable organization that works with community organizations to support initiatives that help homeowners.

**Your Other Options:** If you do not want to be bound by the Settlement, you must exclude yourself by [Response deadline]. If you exclude yourself, you cannot get money from this Settlement. If you do not exclude yourself, you will release your claims against RoundPoint for the claims at issue in this lawsuit. Specifically, you will not be able to sue for any claim relating to Convenience Fees for phone and IVR mortgage payments between January 1, 2016 and May 31, 2021. The Long Form Notice available at **www.MortgagePaymentFeeSettlement.com** contains instructions for how to exclude yourself.

If you do not exclude yourself, you may object to the Settlement by [Response Deadline]. The Long Form Notice available at **www.MortgagePaymentFeeSettlement.com** contains instructions for how to object.

**Final Fairness Hearing:** The Court will hold a Final Fairness Hearing on [DATE]. Further information about how to attend the hearing, including whether the hearing will be held in person at the courthouse or online via Zoom videoconferencing, will be available on the settlement website at **www.MortgagePaymentFeeSettlement.com** and on the Court's website at https://cand.uscourts.gov/judges/chesney-maxine-m-mmc/. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the above websites for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.

At the Final Fairness Hearing, Class Counsel will ask the Court to award attorneys' fees in an amount not to exceed one third (33.33%) of the Gross Settlement Fund, or $533,280, plus litigation costs and expenses. Class Counsel will also request Court approval of Service Awards to the Class Representative in the amount of $5,000. Class Counsel will file that request, along with all supporting documents, at least 21 days prior to the deadline to opt-out from or object to the

DocuSign Envelope ID: E5CB9003-0C58-4777-B19E-697269D16E0A

Settlement. The Fee and Service Award Application and all supporting papers will be available for your review on the settlement website at **www.MortgagePaymentFeeSettlement.com**. The Court will determine the appropriate amount of the attorneys' fees and awards to be paid. The Settlement is not conditioned upon approval of any of the attorneys' fees, costs, or service award amounts.

If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement. You may appear at the hearing, but you don't have to. You may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**If you do not take any action, you will be legally bound by the Settlement and any orders or Judgments entered in the Action, and will fully, finally, and forever give up any rights to prosecute certain claims against RoundPoint.**

This notice provides limited information about the Settlement. For more information call 1----[---] [---] [-----] or visit **www.MortgagePaymentFeeSettlement.com**

DocuSign Envelope ID: EECB9007-0CF8-4777-B19E-69738D046E0A

# Exhibit A2

DocuSign Envelope ID: EECB9007-0CF8-4777-B19E-697268D16E0A

**· the Phone, including through the automated "IVR" (interactive voice response) system, You May Be Eligible for a Payment from a Class Action Settlement**

A $1,600,000 Settlement has been reached in a class action lawsuit alleging that RoundPoint Mortgage Servicing Corp. improperly assessed fees arising from account holders who made mortgage payments via telephone or through the telephonic automated "IVR" (interactive voice response) system ("Convenience Fees"). RoundPoint denies any wrongdoing. The Court has not decided who is right.

**Who's Included? RoundPoint's records show you are a likely member of the Settlement Class.** The Court decided that the Settlement Class includes all persons who (1) were borrowers on residential mortgage loans on properties located in the United States whose loans were serviced by RoundPoint, and (2) paid a fee to RoundPoint for making a payment by telephone or IVR from Jan. 1, 2016 to May 31, 2021.

**What Are the Settlement Terms?** RoundPoint has agreed to establish a Common Fund of $1,600,000 from which Settlement Class Members will receive payments or account credits. RoundPoint also agreed to stop charging the fees in the United States for two years. Once the Court approves the Settlement, each Settlement Class Member will *automatically* receive a payment for his or her portion of the Net Settlement Fund. There is no need to file a claim, however, **you may visit www.MortgagePaymentFeeSettlement.com by Month Day 2021 to select your preferred payment method. If you do not select a method, you will receive your Settlement Payment via check , which will be mailed to you.** The Net Settlement Fund will be paid to the Settlement Class Members *pro rata* according to the amount of fees they paid. The Net Settlement Fund is the amount after attorneys' fees, costs, service awards to the Class Representatives, and Administrative Expenses are paid from the Gross Settlement Fund, and is estimated to be $846,915. The Settlement provides that Class Counsel may seek up to 33.33% of the Gross Settlement Fund, to reimburse Class Counsel for attorneys' fees, along with their reasonable expenses, and that the Class Representative may seek $5,000 as a Service Award.

**Your Rights May Be Affected.** If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement by **Month Day, 2021**. If you do not timely evaluate yourself, you will not be able to sue for any claim relating to claims arising from the Settlement or the phone and IVR mortgage payments between January 1, 2016 and May 31, 2021. If you exclude yourself or "opt out" of the Class, you won't get an automatic payment. If you stay in the Settlement Class, you may object to the Settlement in writing by **Month Day, 2021**. The Long Form Notice, available at www.MortgagePaymentFeeSettlement.com, contains instructions on how to exclude yourself from or object to the Settlement.

**The Fairness Hearing.** The Court will hold a hearing at _____ .m. **Month Day, 2021**. Further information about how to attend that hearing, including whether it will be held in person at the courthouse or online via Zoom videoconferencing, will be available at www.MortgagePaymentFeeSettlement.com. At the hearing the Court will consider whether to approve the Settlement and Class Counsel's request for attorneys' fees, plus expenses and the Class Representative's Service Award. Unless you opt-out of the Settlement, you may appear at the hearing, but you are not required to attend. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**How Can I Get More Information?** If you have questions or want more information about this lawsuit and your rights, visit www.MortgagePaymentFeeSettlement.com. You may obtain a detailed notice that explains how to exclude yourself from or object to the Settlement by visiting www.MortgagePaymentFeeSettlement.com, by calling [number] or by writing to the Settlement Administrator, [Address].

DocuSign Envelope ID: EECB9007-0CF8-4777-B19E-697268D16E0A

Corp. Settlement Administrator

PO Box XXXX
City, State XXXXX-XXXX

## Legal Notice about a Class Action Settlement

**If you were charged a fee by RoundPoint Mortgage Servicing Corp. for a phone or IVR mortgage payment, you may be eligible for a payment from a class action settlement.**

Read this notice carefully.

You can also visit: **www.MortgagePaymentFeeSettlement.com** or call [number]

*Para una notificación en Español,*

*visite nuestro sitio de Web, www.MortgagePaymentFeeSettlement.com*

DocuSign Envelope ID: EECB9007-0CF8-4777-B19E-69726ВD46E9A

# Exhibit A3

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**A class action settlement may affect your rights if you paid RoundPoint Mortgage Servicing Corp. a fee to make a residential loan payment by telephone or IVR (interactive voice response) between January 1, 2016 and May 31, 2021.**

**THIS NOTICE COULD AFFECT YOUR RIGHTS – PLEASE READ IT CAREFULLY**

*A court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

The United States District Court for the Northern District of California (the "Court") authorized this Notice. This Notice is a summary of a proposed settlement of the lawsuit titled *Elbert v. Roundpoint Mortgage Servicing Corp.*, Case No. 3:20-cv-00250-MMC (N.D. Cal.). Amye Elbert ("Plaintiff") sued RoundPoint Mortgage Servicing Corp. ("RoundPoint"), alleging that RoundPoint charged borrowers fees to make mortgage payments by telephone or IVR ("Convenience fees"). The Action asserts that RoundPoint's practice of charging such fees, among other things, violated the Fair Debt Collection Practices Act, various states' debt collection laws, and breached the terms of the borrowers' loan agreements. RoundPoint denies the allegations asserted in the Actions. The Court has not decided who is right.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| Do Nothing And Receive A Payment | If you are entitled under the Settlement to payment, you do not have to do anything to receive it. If the Court approves the Settlement and it becomes final and effective, and you remain in the Settlement Class (*i.e.*, you do nothing and do not otherwise exclude yourself from the Settlement), you will automatically receive a payment. |
| Exclude Yourself From The Settlement<br>Deadline: [Date] | Instead of doing nothing, you may ask to be excluded from the lawsuit. If you do so, you will receive no benefit from the Settlement, but you retain your right to sue on your own. |
| Object<br>Deadline: [Date] | You may object to the terms of the Settlement Agreement and have your objections heard at the [date] Final Approval Hearing. |
| Do Nothing | You will receive any payment to which you are entitled and will give up your right to bring your own lawsuit against RoundPoint about the claims in this case. |

Questions? Call [number] or visit **www.MortgagePaymentFeeSettlement.com**.

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at **www.MortgagePaymentFeeSettlement.com**, by contacting class counsel at the addresses listed in Part 9 below, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

The following is a summary of the Settlement and of your rights.

**1. Why is there a Notice?**

A Court authorized this notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give Final Approval to the Settlement. This notice explains the lawsuit, the Settlement and your legal rights.

Judge Maxine Chesney, of the U.S. District Court for the Northern District of California, is overseeing this case. The case is known as *Elbert v. Roundpoint Mortgage Servicing Corp.*, Case No. 3:20-cv-00250-MMC (N.D. Cal.). The person who sued is called the "Plaintiff." The Defendant is RoundPoint Mortgage Servicing Corp.

**2. What is this lawsuit about?**

The lawsuit claims that RoundPoint charged borrowers fees to make mortgage payments by telephone or IVR ("Convenience fees"). The Action asserts that RoundPoint's practice of charging such fees, among other things, violated the Fair Debt Collection Practices Act, various states' debt collection laws, and breached the terms of the borrowers' loan agreements. RoundPoint denies the allegations asserted in the Action. The Court has not decided who is right.

The Second Amended Complaint in this Action is posted on **www.MortgagePaymentFeeSettlement.com** and contains all of the allegations and claims asserted against RoundPoint.

**3. Why is this a class action?**

In a class action, one or more people, called class representatives (in this one, mortgage borrowers whose mortgages were serviced by RoundPoint and who paid Convenience fees), sued on behalf of people who have similar claims.

Questions? Call [number] or visit **www.MortgagePaymentFeeSettlement.com**.

2

DocuSign Envelope ID: E5CB9003-0C58-4777-B19E-697268D16E0A

All of the people who have claims similar to the Class Representative are members of the Settlement Class, except for those who exclude themselves from the class.

**4. Who is a Class Member?**

The Court has determined that every person who fits the following description is a Class Member:

> All persons who (1) were borrowers on residential mortgage loans on properties located in the United States whose loans were serviced by RoundPoint, and (2) paid a fee to RoundPoint for making a loan payment by telephone or IVR from January 1, 2016 to May 31, 2021.

**RoundPoint's records reflect that you may be a Class Member.**

**5. Why is there a Settlement?**

Both sides agreed to the Settlement. By agreeing to the Settlement, the Parties avoid the costs and uncertainty of a trial, and Settlement Class Members receive the benefits described in this notice. The Class Representative and her attorneys think the Settlement is best for everyone who is affected.

**6. What are the terms of the proposed Settlement?**

The complete terms of the proposed Settlement are set forth in a formal Settlement Agreement (the "Agreement") which is on file with the Court, and which is also available on the settlement website at: **www.MortgagePaymentFeeSettlement.com**. This Notice is only a summary of the Settlement, and in case of any conflict between this Notice and the Agreement, the terms of the Agreement will control.

In the proposed Settlement, RoundPoint has agreed to create a $1,600,000.00 Common Fund. All Administrative Costs, any Court-awarded attorneys' fees and expenses to Class Counsel, and any Service Awards to the Class Representative will be paid out of the Gross Settlement Fund first. The remaining balance of the settlement fund (the "Net Settlement Fund") will be distributed among the Class Representative and all Class Members who are not excluded from the class, as set forth below (the "Settlement Class Members"). If the Court awards all Administrative Costs, attorneys' fees and expenses, and Service Awards requested by the Parties, the Net Settlement Fund will be approximately $846,915.

Also, as part of the Settlement, RoundPoint has agreed to stop charging fees for online, telephone, and/or IVR payments in United States starting June 1, 2021 and continuing at least until two years after the Court gives final approval to the settlement.

Allocations of the Net Settlement Fund will be calculated on a borrower-by-borrower basis, such that each Class Member will receive pro rata monetary benefits based on the amount of Convenience fees each Settlement Class Member paid during the Class Period. Settlement Class Members who receive a Settlement Payment are solely responsible for distributing or allocating their payment between or among all co-account holders. By way of illustration, if you are a

Questions? Call [number] or visit **www.MortgagePaymentFeeSettlement.com**.

3

borrower on a loan that paid one percent of the total Convenience fees collected by RoundPoint during the Class Period, you will be allocated one percent of the Net Settlement Fund.

**Attorneys' Fees and Expenses, and Service Award.** Class Counsel will ask the Court to award attorneys' fees in an amount not to exceed one third (33.33%) of the Settlement Fund, or $533,280, plus litigation costs and expenses. Class Counsel will also request Court approval of a Service Award to the Class Representative in the amount of $5,000. Class Counsel will file that request, along with all supporting documents, at least 21 days prior to the deadline to opt-out from or object to the Settlement. The Fee and Service Award Application and all supporting papers will be available for your review on the settlement website at **www.MortgagePaymentFeeSettlement.com**. The Court will determine the appropriate amount of the attorneys' fees and awards to be paid. The Settlement is not conditioned upon approval of any of the attorneys' fees, costs, or service award amounts.

**You are not required to make any payments to Class Counsel in this action.**

## 7. How Can I Get the Relief?

As long as you do not exclude yourself from the Settlement, you will automatically receive cash benefits from the Settlement, and you do not need to take further action.

Payments will be made by check mailed to Settlement Class Members, or, at the Settlement Class Member's election, by a digital method or MasterCard gift card. Checks will be valid for 90 days. Settlement Class Members may request that the Settlement Administrator reissue a check for one additional 90-day period for good cause shown. If there is any amount in the Settlement Fund that remains following the distribution of checks to Settlement Class Members as a result of checks being returned undeliverable or which are not cashed within 90 days, those funds will be distributed on a *pro rata* basis to Settlement Class Members who cashed their checks. Within 180 days after the Settlement Administrator mails the first Settlement Class Member Payments, the administrator will decide whether Residual Funds should be distributed to the Settlement Class Members through a secondary distribution. If the amount of the remaining funds is so minimal that a secondary distribution would be impracticable or infeasible, then, subject to the Court's approval, the remaining funds shall be distributed to NeighborWorks, a 501(c)(3) charitable organization that works with nonprofits around the country on housing issues.

## 8. When Will I Get the Relief?

As described below, the Court will hold a Fairness Hearing on [date] to decide whether to grant final approval of the Settlement. The Court must finally approve the Settlement before any relief will be distributed, and it will only do so after finding that the Settlement is fair, reasonable, and adequate. In addition, any final approval order the Court may enter may be subject to appeal. If there are any such appeals, resolving them takes time. Payments to Settlement Class Members will only be made after the time for any appeals expires. **Please be patient.**

Questions? Call [number] or visit **www.MortgagePaymentFeeSettlement.com**.

## 9. Who Represents Me?

The Court has appointed Hassan A. Zavareei and Kristen G. Simplicio of Tycko & Zavareei LLP and James L. Kauffman of Bailey & Glasser LLP to represent you and other Class Members in this Action and for purposes of this Settlement, and for no other purpose. These attorneys are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

You may contact Class Counsel at:

James Kauffman
Bailey & Glasser LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007

Hassan Zavareei
Kristen G. Simplicio
Tycko & Zavareei LLP
1828 L Street, NW – Suite 100
Washington, DC 20036

## 10. How will the lawyers be paid?

Class Counsel will ask the Court to award attorneys' fees in an amount not to exceed one third (33.33%) of the Settlement Fund, or $533,280, plus litigation costs and expenses. Class Counsel will also request Court approval of a Service Award to the Class Representative in the amount of $5,000. Class Counsel will file that request, along with all supporting documents, at least 21 days prior to the deadline to opt-out from or object to the Settlement. The Fee and Service Award Application and all supporting papers will be available for your review on the settlement website at **www.MortgagePaymentFeeSettlement.com**. The Court will determine the appropriate amount of the attorneys' fees and awards to be paid. The Settlement is not conditioned upon approval of any of the attorneys' fees, costs, or service award amounts.

## 11. How do I exclude myself from the Settlement?

If you do not want benefits from the Settlement and you want to keep the right to sue or continue to sue RoundPoint on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement. This is called "opting out" of the Settlement Class.

If you choose to opt out of the Settlement, you must send a written statement to the Settlement Administrator that includes name, address, phone number and signature of the borrowers(s) seeking exclusion, as well as language clearly indicating a request for exclusion, such as "I wish to be excluded from the Settlement in *Elbert v. Roundpoint Mortgage Servicing Corp.*". If there are co-borrowers on the loan, all co-borrowers must sign the request for exclusion.

You must mail your request for exclusion by no later than [Response deadline] to:

Questions? Call [number] or visit **www.MortgagePaymentFeeSettlement.com**.

DocuSign Envelope ID: E5CB9007-0C58-4777-B19E-697268D16E0A

[SA address]

If you are a co-borrower or joint borrower on a loan covered by the Settlement and you opt out of the Settlement, all co-borrowers and/or joint borrowers on the loan are bound by the request for exclusion and will also be excluded from the Settlement. Similarly, if you are a co-borrower or joint borrower on a loan covered by the Settlement and another borrower on that loan is a Class Member who opts out of the Settlement, you are bound by the request for exclusion and will also be excluded from the Settlement. If you do not opt out, and no co-borrower or joint borrower on your loan opts out, you (and your co-borrower(s) and/or joint borrower(s), if any) will be bound by this Settlement.

## 12. If I do not exclude myself, can I sue RoundPoint for the same thing later?

No. Unless you exclude yourself, you give up the right to sue RoundPoint for the claims that the Settlement resolves. You must exclude yourself from the Settlement Class in order to try to pursue your own lawsuit.

## 13. If I exclude myself, will I receive a payment?

No. You will not receive a payment if you exclude yourself from the Settlement.

## 14. How do I tell the Court that I don't like the Settlement?

If you are a Settlement Class Member and have not requested to be excluded from the Settlement Class, you can object to any part of the Settlement, the Settlement as a whole, Class Counsel's requests for fees and expenses, and/or Class Counsel's request for Service Award for the Class Representative.

You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

The Court will accept objections that substantially comply with the objection requirements set forth below. In particular, Your objection must include the following:

- Your name, address, email address (if any), and phone number;
- The case caption, *Elbert v. Roundpoint Mortgage Servicing Corp.*, Case No. 3:20-cv-00250-MMC (N.D. Cal.);
- The specific legal and factual bases for your objection;
- A list of all cases in which you have objected to a class action settlement, including case name, court, and docket number;
- If you are represented by counsel, a list of all cases in which your counsel has represented an objector in objecting to a class action settlement, including the case name, court, and docket number;
- A statement indicating whether you and/or your counsel intend to appear at the Final Fairness Hearing;

Questions? Call [number] or visit www.MortgagePaymentFeeSettlement.com.

- A list of witnesses, if any, that you intend to call;
- Whether the objection relates only to you, to a subset of the Settlement Class, or to the entire Settlement Class; and
- Your signature.

**You must also comply with Northern District of California Local Rule 3-15 and promptly file a Certification of Interested Entities or Persons on the docket.**

Any Settlement Class Member who has not submitted a timely request for exclusion may appear at the Final Fairness Hearing either in person or through an attorney. However, if the Settlement Class Member intends to appear through counsel, the Settlement Class Member must have submitted a written objection pursuant to this section. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the Response Deadline. Any Settlement Class Member who intends to request the Court to allow him or her to call witnesses at the Final Fairness Hearing must make such a request in a written brief, which contains a list of such witnesses and a summary of their requested testimony.

Your objection must be postmarked no later than [Response Deadline] and must be mailed to the Court c/o the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102 or filed in person on or before [Response Deadline] at any location of the United States District Court for the Northern District of California.

## 15. What am I agreeing to by remaining in the class in this case?

If the Settlement receives final approval from the Court, the Settlement will be legally binding on all Settlement Class Members, including Settlement Class Members who object. If you, or someone acting on your behalf, are currently litigating claims against RoundPoint or other released parties that are the same as or similar to those addressed here, you will be barred from pursuing the claims released by the Settlement unless you validly opt out, as described above. Under the terms of the release, you will not be able to sue for any claim relating to Convenience fees for telephone and IVR mortgage payments between January 1, 2016 and May 31, 2021.

The full terms of the release, which will bind all Settlement Class Members as to certain claims against RoundPoint and certain affiliates and related entities ("Released Parties"), are set forth in the Settlement Agreement, which is on file with the Court, and which is available on the settlement website at: **www.MortgagePaymentFeeSettlement.com**. Unless you exclude yourself, you will be a Settlement Class Member, and that means that any claims you have regarding Convenience fees you paid to RoundPoint will be fully and completely resolved, and that you cannot sue, continue to sue, or be part of any other lawsuit against RoundPoint about RoundPoint's collection of Convenience fees.  It also means that the Court's Orders approving the Settlement and the judgment in this case will apply to you and legally bind you.

If you want to keep the right to sue or continue to sue RoundPoint, on your own, about RoundPoint's collection of Convenience fees, you must exclude yourself from the Settlement in this case.  If you

Questions? Call [number] or visit **www.MortgagePaymentFeeSettlement.com**.

exclude yourself, as set forth above, you will not receive any of the benefits of the Settlement, as described above.

**16. What Happens Next?**

The Court will hold a "Final Fairness Hearing" on _____, 20___, at_____ _.m.  at   the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 – Courtroom 7, 19th Floor, to hear any objections and to consider whether to give final approval to the Settlement. The Court will hear objections at the hearing only from those who timely object to the Settlement, as described above. You may participate in the Fairness Hearing with or without an attorney, but if you choose to be represented by an attorney, you must do so at your own expense.

**YOU DO NOT HAVE TO APPEAR AT THE HEARING TO RECEIVE THE BENEFITS OF THE SETTLEMENT.**

You may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must send a letter saying that you intend to appear and wish to be heard. Your Notice of Intention to Appear must include the following:

- Your name, address and telephone number;
- A statement that this is your "Notice of Intention to Appear" at the Final Approval Hearing for the Settlement in *Elbert v. Roundpoint Mortgage Servicing Corp.*, Case No. 3:20-cv-00250-MMC (N.D. Cal.);
- The reasons you want to be heard;
- Copies of any papers, exhibits, or other evidence or information that is to be presented to the Court at the Final Fairness Hearing; and
- Your signature.

You must submit your Notice of Intention to Appear no later than **[Response deadline],** to:

James Kauffman
Bailey & Glasser LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007

Hassan Zavareei
Kristen G. Simplicio
Tycko & Zavareei LLP
1828 L Street, NW – Suite 100
Washington, DC 20036

Cheryl S. Chang
Jessica A. McElroy
Blank Rome LLP

Questions? Call [number] or visit **www.MortgagePaymentFeeSettlement.com**.

DocuSign Envelope ID: E5CB9007-0C58-4777-B19E-697268D16E0A

2029 Century Park East, 6th Floor
Los Angeles, California 90067

[Settlement Administrator]

**<u>More Information Is Available</u>**

This Notice is only a summary of the Settlement and the Agreement. More details can be found in the Settlement Agreement. You can obtain a copy of the Settlement Agreement, and additional court documents related to the Settlement, at **www.MortgagePaymentFeeSettlement.com**.

If you have other questions regarding the Settlement, you may also contact Class Counsel at:

James Kauffman, Bailey & Glasser LLP, 1055 Thomas Jefferson Street NW, Suite 540, Washington, DC 20007, (202) 463-2101, jkauffman@baileyglasser.com.

Hassan Zavareei and Kristen Simplicio, Tycko & Zavareei LLP, 1828 L Street, NW – Suite 100, Washington, DC 20036, (202) 973-0900, hzavareei@tzlegal.com; ksimplicio@tzlegal.com.

You may also contact the Settlement Administrator at:

Settlement Administrator, c/o []

You may also review the Court's file during regular court hours at:

United States District Court for the Northern District of California
450 Golden Gate Avenue,
San Francisco, CA 94102

**PLEASE <u>DO NOT</u> TELEPHONE THE COURT, THE JUDGE, OR THE CLERK OF THE COURT.**

Questions? Call [number] or visit **www.MortgagePaymentFeeSettlement.com**.

DocuSign Envelope ID: EECB9007-0CF8-4777-B19E-697269D16E0A

# Exhibit B

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AMYE ELBERT**, *on behalf of herself and all others similarly situated,*<br><br>        Plaintiff,<br><br>  v.<br><br>**ROUNDPOINT MORTGAGE SERVICING CORPORATION,**<br><br>        Defendant. | Case No. 3:20-cv-00250-MMC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS**<br><br>**Date**: October 29, 2021<br>**Time**: 9:00 a.m.<br>**Courtroom:** 7, 19th Floor<br>**Judge:** Hon. Maxine M. Chesney<br><br>**Complaint Filed**: January 13, 2020<br>**Trial Date**: None Set |

Plaintiff Amye Elbert, individually and on behalf of the proposed Settlement Class,[1] seeks preliminary approval of a proposed Settlement of claims against defendant RoundPoint Mortgage Servicing Corporation ("RoundPoint"). For the reasons set forth herein, the Court GRANTS preliminary approval and GRANTS preliminary certification of the Settlement Class for settlement purposes only.

## I.   BACKGROUND

Plaintiff initiated this class action lawsuit in this Court, alleging that RoundPoint violated California's Rosenthal Fair Debt Collections Act ("Rosenthal Act"), Unfair Competition Law ("UCL"), and breached Plaintiff's mortgage agreement. *See* Compl., Dkt. 1. Plaintiff's claims are based on one allegation: RoundPoint charged and collected millions of dollars in $10 and $12 Convenience Fees from homeowners, in addition to their regular mortgage payments, and Plaintiff alleges that this practice violated the laws of California, and breached her mortgage agreement. RoundPoint denies the allegations in the Complaint and denies any wrongdoing.

After Plaintiff filed her Complaint, RoundPoint filed its first motion to dismiss the Complaint on March 6, 2020 and Plaintiff opposed. *See* Dkts. 24, 29-32. On August 19, 2020, the Court ruled on the motion without a hearing, granting the motion to dismiss in part and denying in part and also affording Plaintiff leave to amend. *See* Dkts. 33-34, 43. Plaintiff filed an Amended Complaint and Defendant again filed a motion to dismiss, which was opposed by the Plaintiff. *See* Dkts. 44-47, 49-52. On November 25, 2020, the Court issued an order without a hearing, granting in part and denying in part the motion, permitting all but one of Plaintiff's claims to proceed. *See* Dkt. 56. The parties then commenced discovery and Plaintiff served written discovery requests and a notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).

The proposed Settlement was negotiated during a full-day mediation before an experienced mediator, Bruce Friedman of JAMS. In advance of that mediation, RoundPoint provided Plaintiff with

---

[1] Unless otherwise specifically defined herein, all capitalized terms have the same meanings as those set forth in the parties' Settlement Agreement, attached as Exhibit 1 to the Declaration of Hassan A. Zavareei (Zavareei Decl.).

DocuSign Envelope ID: E5CB9003-0CF8-4777-B19E-697269D16E9A

informal discovery demonstrating the size of the Settlement Class and the amount of damages in issue. Following the mediation, the Parties continued to negotiate the details of the Settlement before arriving at the Settlement Agreement currently before the Court.

## II.    SETTLEMENT TERMS

### A.    The Proposed Settlement Class

The Settlement Agreement contemplates certification of the following Settlement Class for settlement purposes only:

> All persons who (1) were borrowers on residential mortgage loans on properties located in the United States whose loans were serviced by RoundPoint, and (2) paid a fee to RoundPoint for making a loan payment by telephone or IVR from January 1, 2016 to May 31, 2021.

The Parties have stipulated to amend the claims and class definition in the First Amended Complaint to encompass the claims and members of the Settlement Class concurrently with the filing of the motion for preliminary approval.

### B.    Benefits to the Settlement Class

The Settlement Agreement, if approved, will create a $1,600,000 common fund and will resolve the claims of Plaintiff and the Settlement Class Members deriving from RoundPoint's alleged practice of charging fees for making mortgage payments over the phone or by IVR ("Convenience Fees"). The common fund, which represents approximately 35% of damages, will provide cash payments to Settlement Class Members, as well as Administrative Costs to provide notice and administer the settlement, and any Fee and Expense Award and Service Award that the Court may approve. Settlement Class Members need not submit a claim form in order to receive monetary compensation *pro rata* according to the amount of Convenience Fees they were charged. In addition to the common fund, the Settlement includes important and valuable injunctive relief. As of June 1, 2021, RoundPoint has ceased charging or collecting Convenience Fees to any Settlement Class Member and all borrowers in the United States. As a result of this Settlement, RoundPoint agrees to refrain from the charging or collection of Convenience Fees from borrowers for a period of at least two years after entry of the Final Approval Order.

---

### C.    Settlement Administrator and Administration Costs

The proposed Settlement Administrator is Kroll Settlement Administration (formerly known as Heffler Claims Group LLC), a leading class action administration firm in the United States. The Parties reviewed proposals from three prominent settlement administrators before deciding on Kroll based on overall cost and value to the Settlement Class. The Administrative Costs will be paid from the Gross Settlement Fund.

### D.    Class Member Release

In exchange for the benefits conferred by the Settlement, all Settlement Class Members will be deemed to have released the Released Entities from all claims that were or could have been asserted by the Class Representatives or Settlement Class Members arising out of, based upon, or related in any way to the charging, collection, or attempted collection of Convenience Fees from the beginning of the world to the Effective Date, which the Settlement Class Member ever had or may have in the future.

### E.    Proposed Plan of Notice

The Parties' proposed Notice Plan consists of direct notice in the form of Postcard Notice and Email Notice, as well as a Settlement Website where Settlement Class Members may view and download a Long Form Notice. Settlement Class Members may also request that the Settlement Administrator mail or email them a copy of the Long Form Notice.

Within 14 days or such other time as provided in the Preliminary Approval Order, RoundPoint, at its own expense, will compile the Settlement Class Member List and provide it to the Settlement Administrator.

As soon as practicable but starting no later than thirty (30) days after the date that RoundPoint provides the Settlement Class Member List to the Settlement Administrator, the Settlement Administrator shall cause the Email Notice to be sent to all Settlement Class Members for whom the Settlement Class Member List includes an email address.

As soon as practicable but starting no later than thirty (30) days after the date that RoundPoint provides the Settlement Class Member List to the Settlement Administrator, the Settlement Administrator shall cause the Postcard Notice to be sent to all Settlement Class Members for whom no email address

DocuSign Envelope ID: E5CB9007-0CF8-4777-B19E-697269D16E9A

1   appears on the Settlement Class Member List. Prior to mailing Class Notice, the Settlement Administrator

2   will update the last known addresses of the members of the Settlement Class using the National Change of

3   Address database. Within a reasonable time before the Response Deadline, the Settlement Administrator

4   shall also cause the Postcard Notice to be sent to all Settlement Class Members whose Email Notices are

5   returned undeliverable, after running those Settlement Class Members' last known addresses through the

6   National Change of Address database. If the Postcard Notice is returned with a forwarding address, the

7   Settlement Administrator shall make one attempt to re-mail the Postcard Notice to that forwarding

8   address, as soon as possible before the Response Deadline. If the Postcard Notice is returned

9   undeliverable without a forwarding address, the Settlement Administrator shall make a reasonable attempt

10   to locate an updated address and make one attempt to remail the Postcard Notice to the updated address,

11   as soon as possible before the Response Deadline.

12        The Settlement Administrator shall mail or email the Long Form Notice to any Settlement Class

13   member who requests a copy.

14        Prior to the date on which the Settlement Administrator mails the Postcard Notice, the Settlement

15   Administrator shall establish the Settlement Website. The Settlement website shall contain: (1) the Long

16   Form Notice in downloadable PDF format; (2) the Long Form Notice in HTML format with a clickable

17   table of contents, described as answers to frequently asked questions; (3) a contact information page with

18   contact information for the Settlement Administrator, and addresses and telephone numbers for Class

19   Counsel and Defendant's Counsel; (4) the Settlement Agreement; (5) the signed Preliminary Approval

20   Order and publicly filed motion papers and declarations in support thereof; (6) the operative complaint in

21   the Action; and (6) when they become available, the Fee and Service Award Application, the motion for

22   entry of the Final Approval Order, and any motion papers and declarations filed publicly in support

23   thereof. The Settlement Website shall remain accessible until 30 days after the Settlement Administrator

24   has completed its obligations under the Settlement Agreement.

25        The Settlement Administrator shall also establish a 24-hour toll-free telephone line with

26   information about frequently asked questions about the Settlement. The number shall be included in the

27   Class Notice and posted on the Settlement Website.

1    The Settlement Administrator will also ensure that the necessary and timely notice is provided to

2    any state and federal officers as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

3    **F.      Opt-Outs and Objections**

4    The Class Notice will advise Settlement Class Members of their right to opt out of the Settlement

5    or to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs, and

6    expenses and/or Service Award to the Class Representative, and of the associated deadlines to opt out or

7    object.

8    Settlement Class Members who choose to opt out must submit a written request for exclusion.

9    Any request for exclusion must be postmarked on or before the "Response Deadline"—105 days after

10   entry of the Preliminary Approval Order. Any request for exclusion must include the name of the case,

11   and the name, address, phone number, and signature of the borrower or borrowers seeking exclusion and

12   must contain language clearly indicating a request for exclusion. If there are co-borrowers on the loan all

13   co-borrowers must sign the request for exclusion. Any Settlement Class Member who does not submit a

14   request to opt out in accordance with the deadlines and other requirements will be bound by the

15   Settlement absent a court order to the contrary.

16   Settlement Class Members who wish to object to the Settlement must mail a written objection,

17   postmarked on or before the Response Deadline, to the Court c/o the Class Action Clerk, United States

18   District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102

19   or file their objection in person on or before the Response Deadline at any location of the United States

20   District Court for the Northern District of California. All objections must be in writing and personally

21   signed by the Settlement Class Member and include: (1) the objector's name, address, email address if any,

22   and telephone number; (2) the case caption; (3) the specific factual basis and legal grounds for the

23   objection; (4) a list of all cases in which the objector has objected to a class action settlement, including

24   case name, court, and docket number; (5) if the objector is represented by counsel, a list of all cases in

25   which the objector's counsel has represented an objector in objecting to a class action settlement, case

26   name, court, and docket number; (6) a statement indicating whether the Settlement Class Member and/or

27   their lawyer(s) intend to appear at the Final Fairness Hearing; (7) a list of witnesses, if any, that the

objecting Settlement Class Member intends to call; and (8) whether the objection relates only to the objector, or to a subset of the Settlement Class, or to the entire Settlement Class. The objector should also comply with Local Rule 3-15 and promptly file a Certification of Interested Entities or Persons in the docket.

Any Settlement Class Member who has not submitted a timely request for exclusion may appear at the Final Fairness Hearing either in person or through an attorney. However, if the Settlement Class Member intends to appear through counsel, the Settlement Class Member must have submitted a written objection pursuant to this section. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the Response Deadline. Any Settlement Class Member who intends to request the Court to allow him or her to call witnesses at the Final Fairness Hearing must make such a request in a written brief, which contains a list of such witnesses and a summary of their requested testimony.

No person who has opted out of the Settlement may object to it. Any Settlement Class Member who does not provide a timely written objection or who does not make a record of his or her objection at the Final Approval Hearing shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, Fee and Service Awards Application, or the Fee and Expense Award or Service Awards.

### G.    Attorneys' Fees and Costs and Service Award

The Settlement Agreement contemplates Class Counsel petitioning the Court for attorneys' fees, as well as documented, customary costs incurred by Class Counsel. The Settlement Agreement provides that Class Counsel may seek attorneys' fees in an amount not to exceed one third of the Gross Settlement Fund (33.33%) as well as reasonable expenses incurred in the litigation. Any approved Fee and Expense Award will be paid from the Gross Settlement Fund prior to distribution to the Settlement Class Members.

On or before 21 days prior to the Response Deadline, Class Counsel will file a petition for attorneys' fees and costs explaining why the requested Fee and Expense Award is reasonable. Class Counsel will provide lodestar information sufficient for the Court to perform a lodestar cross-check

1    should the Court choose to exercise its discretion to perform one. RoundPoint has not agreed to any

2    award of attorneys' fees or expenses and reserves the right to respond as it deems appropriate.

3          Class Counsel may also petition the Court for up to $5,000 for Amye Elbert as a Service Award as

4    compensation for her time and effort in the Action. Any approved award will be deducted from the Gross

5    Settlement Fund prior to distribution to the Settlement Class Members. Plaintiff will submit a declaration

6    detailing her participation in the Action along with the Fee and Service Award Application.

7          Neither final approval, nor the size of the Common Fund, are contingent upon approval of the

8    full amount of requested Fee and Expense Award or Service Award.

9    **III.    LEGAL STANDARD FOR PRELIMINARY APPROVAL**

10         The Ninth Circuit has a strong judicial policy favoring the settlement of class actions. *See In re*

11   *Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1269,

12   1276 (9th Cir. 1992). The settlement of complex cases greatly contributes to the efficient utilization of

13   scarce judicial resources and achieves the speedy provision of justice. Federal Rule of Civil Procedure 23

14   requires court approval of a class action settlement, a decision that is committed to the sound discretion of

15   the trial judge.  Fed. R. Civ. P. 23(e). *See also In re Mego Fin. Corp.*, 213 F.3d 454, 458 (9th Cir. 2000)

16   (recognizing that the trial judge is "exposed to the litigants, and their strategies, positions, and proof").

17         "Approval of a class action settlement requires a two-step process — a preliminary approval

18   followed by a later final approval." *Behfarin v. Pruco Life Ins. Co.*, No. CV 17-5290-MWF-FFMx, 2019 WL

19   7188575, at *5 (C.D. Cal. Nov. 26, 2019) (quoting *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal.

20   2016)). Preliminary approval is appropriate where the "proposed settlement appears to be the product of

21   serious, informed, noncollusive negotiations, has no obvious deficiencies, does not improperly grant

22   preferential treatment to class representatives or segments of the class, and falls within the range of

23   possible approval." *Ma v. Covidien Holding, Inc.*, No. SACV 12-02161, 2014 WL 360196, at *10 (C.D. Cal.

24   Jan. 31, 2014). Courts in this District generally consider at preliminary approval whether a proposed

25   settlement is both procedurally and substantively fair and reasonable, holding the settlement to the same

26   rigorous standards applied at final approval. *See, e.g., Behfarin*, 2019 WL 7188575, at *6. The question for

27   the Court is whether the settlement is "within the range of reasonableness." *Ma*, 2014 WL 360196, at *10.

Courts in the Ninth Circuit consider specific factors when approving a settlement. *See e.g.*, *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 964 (9th Cir. 2011) (citing *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *Avina*, 2019 WL 8163642, at *5. These factors include: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See Churchill Vill.*, 361 F.3d at 575; *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Rule 23, as amended in 2018, provides additional guidance to federal courts considering whether to grant preliminary approval of a class action settlement. *See* Fed. R. Civ. P. 23(e)(2). Those factors include whether: (A) the class representative and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided is adequate; and (D) whether the proposed settlement treats class members equitably relative to each other.

## IV.   FINDINGS AND ORDERS

### A.   The Settlement Agreement warrants preliminary approval.

The Court finds, on a preliminary basis, that the Settlement Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court.

1.   It appears to the Court that the Settlement was negotiated at arm's length before an experienced mediator, between experienced and sophisticated counsel. "The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." *Adams v. Inter-Con Sec. Sys. Inc.*, No. C-06-05248-MHP, 2007 WL 3225466, at *3 (N.D. Cal. Oct. 30, 2007). *See also Cohorst v. BRE Props.*, No. 3:10-CV-2666-JM-BGS, 2011 WL 7061923, at *12 (S.D. Cal. Nov. 9, 2011) ("[V]oluntary mediation before a retired judge in which the parties reached an agreement-in-principle to settle the claims in the litigation are highly indicative of fairness."). The Ninth Circuit puts "a good deal of stock in the product of an arm's-length, non-collusive, negotiated resolution" in approving a class action settlement. *Rodriguez v. West Pub'lg Corp.*, 563 F.3d 948, 965 (9th Cir. 2009); *see* Fed. R. Civ. P. 23(e)(2)(B). Based on the vigorous litigation of the issues, the exchange of informal discovery, and the rigorous negotiations before

DocuSign Envelope ID: E5CB9007-0C58-4777-B19E-697268D16E0A

Mr. Friedman described in Plaintiff's submission, it appears to the Court that the Settlement was negotiated at arms' length and under circumstances evidencing a lack of collusion. This conclusion is furthered by the fact that it appears the factors under *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) are satisfied.

2.      It appears to the Court that the Settlement is fair, reasonable, and adequate when balanced against the probable outcome of further litigation, liability, and damages issues, and potential appeals of rulings. The amount offered in Settlement represents 35% of damages, as well as significant injunctive relief. Plaintiff's motion describes the legal issues that would be decided before this Court should the settlement not be approved, both on the merits and at class certification. While litigation presents serious risks at many stages, not to mention substantial expense and delay without any guarantee of additional benefit to the Settlement Class, the Settlement provides immediate and substantial benefits to over 123,000 Settlement Class Members. Further, continued litigation would likely take several years to resolve and involve expensive discovery. "Regardless of the risk, litigation is always expensive, and both sides would bear those costs if the litigation continued." *Paz v. AG Adriano Goldschmeid, Inc.*, No. 14CV1372DMS(DHB), 2016 WL 4427439, at *5 (S.D. Cal. Feb. 29, 2016). It is "plainly reasonable for the parties at this stage to agree that the actual recovery realized and risks avoided here outweigh the opportunity to pursue potentially more favorable results through full adjudication." *Dennis v. Kellogg Co.*, No. 09-cv-1786-L(WMc), 2013 WL 6055326, at *3 (S.D. Cal. Nov. 14, 2013). "Here, as with most class actions, there was risk to both sides in continuing towards trial. The settlement avoids uncertainty for all parties involved." *Chester v. TJX Cos.*, No. 5:15-cv-01437-ODW(DTB), 2017 WL 6205788, at *6 (C.D. Cal. Dec. 5, 2017). The Court also affords substantial weight to the views of Class Counsel, who support the Settlement.

3.      It appears to the Court that the relatively early resolution of this Action will conserve the resources of the Parties and the Court, while at the same time, the Parties have vigorously litigated the legal issues and RoundPoint provided sufficient informal discovery to permit Class Counsel and the Court to intelligently evaluate the Settlement offered against the risks and benefits of continued litigation. "The efficiency with which the Parties were able to reach an agreement need not prevent this Court from

granting preliminary approval." *Hillman v. Lexicon Consulting, Inc.*, No. EDCV 16-01186-VAP(SPx), 2017 WL 10433869, at *8 (C.D. Cal. April 27, 2017).

4.      It appears to the Court that the Parties' proposed allocation of the Settlement is fair and reasonable. Payments will be made on a *pro rata* basis depending on the amount of Convenience Fees each Settlement Class Member paid. According to this allocation, Class Members are treated fairly as to one another because they are compensated according to the amount of Convenience Fees they were charged. *See* Fed. R. Civ. P. 23(e)(2)(D). This method is consistent with the distribution of common funds in other fee cases. *See, e.g.*, *Lloyd v. Navy Federal Credit Union*, No. 17-cv-1280-BAS-RBB, 2018 WL 2269958, at *3 (S.D. Cal. May 28, 2019) (approving settlement from which class members would receive *pro rata* distribution of common fund based on number of fees paid); *Walters v. Target Corp.*, No. 3:16-cv-1678-L-MDD, 2019 W 6696192, at * (S.D. Cal. Dec. 6, 2019) (same). A *pro rata* distribution means that Settlement Class Members who paid more in Convenience Fees will receive a relatively larger share of the Settlement Fund, and those who paid less will receive less. This allocation treats Settlement Class Members equitably.

5.      It appears to the Court that the Class Representative and Class Counsel have adequately represented the proposed Settlement Class. *See* Fed. R. Civ. P. 23(e)(2)(A). Class Counsel are experienced and sophisticated, with years of experience in complex class action litigation and litigation involving mortgage servicers, financial institutions, and fees. The Class Representative has also supervised the litigation by reviewing pleadings, reviewing the Settlement, and communicating with Class Counsel regarding the litigation. In advance of final approval, the Class Representative shall submit a declaration detailing her involvement in the litigation.

6.      Prior to final approval, Class Counsel shall file a separate motion seeking approval of Attorneys' Fees and Expenses in an amount not to exceed one third (33.33%) of the Gross Settlement Fund, plus their reasonable expenses of litigation. In this submission, Class Counsel will set forth the specific legal and factual bases for their request for attorneys' fees and expenses, and provide lodestar information. It likewise appears to the Court that the proposed Service Award is fair and reasonable.

**B.    Certification of the Settlement Class for settlement purposes is appropriate.**

On a motion for preliminary approval, the parties must also show that the Court "will likely be able to … certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1). The Court finds for purposes of settlement only that Settlement Class meets all of the requirements of Fed. R. Civ. P. 23(a) and (b)(3).

1.    It appears to the Court for purposes of settlement only that the proposed Settlement Class is sufficiently numerous that joinder would be logistically impossible. The proposed Settlement Class consists of over 123,000 Settlement Class Members. The numerosity requirement is satisfied.

2.    It appears to the Court for purposes of settlement only that there is a commonality of interests between the Settlement Class Members, including both questions of law and questions of fact. Plaintiff's claims here depend on the common contentions that Convenience Fees are neither authorized by class members' mortgages or permitted by law. For the same reason, the predominance requirement of Fed. R. Civ. P. 23(b)(3) is satisfied for settlement purposes.

3.    It appears to the Court for purposes of settlement only that the Class Representative's claims are typical of those of the Settlement Class Members. The Class Representative's claims arise from the same alleged course of conduct as those of the Settlement Class Members. The typicality requirement is satisfied.

4.    It appears to the Court for purposes of settlement only that the Class Representative and Class Counsel are adequate representatives and have no conflicts with the proposed Settlement Class.

5.    It appears to the Court for purposes of settlement only that a class action is a superior method of resolving the claims of the Settlement Class Members, which are of modest amounts.

**C.    The proposed Notice Plan is approved.**

Due process under Rule 23 requires that class members receive notice of the settlement and an opportunity to be heard and participate in the litigation. *See* Fed. R. Civ. P. 23(c)(2)(B); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 175-76 (1974) ("[I]ndividual notice must be provided to those class members who are identifiable through reasonable effort."). The mechanics of the notice process are left to the discretion of the Court, subject only to the broad

1    "reasonableness" standards imposed by due process. *See Tapia v. Zale Del. Inc.*, No. 13cv1565-PCL, 2017

2    WL 1399987, at \*4 (S.D. Cal. April 18, 2017); *see also Rosenburg v. I.B.M.*, No. CV06–00430PJH, 2007 WL

3    128232, \*5 (N.D. Cal. Jan. 11, 2007) (stating that notice should inform class members of essential terms of

4    settlement including claims procedure and their rights to accept, object or opt-out of settlement).

5            It appears to the Court that the proposed Notice Plan, which consists of default Email Notice and

6    Postcard Notice, to those Settlement Class Members for whom RoundPoint does not have an email

7    address, be sent directly to Settlement Class Members, as well as a Long Form Notice, Settlement Website,

8    and toll-free phone line, comports with due process, Rule 23, and all other applicable law. Given the

9    relatively small value at stake for each class member, Court finds that email notice is the best practicable

10   notice under the circumstances and orders that RoundPoint provide email addresses to the Settlement

11   Administrator for each Settlement Class Member for whom it is in possession of such information. The

12   Ninth Circuit has approved class notice in the form of email and postcard notice. *See, e.g., In re Online

13   DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015) (finding notice satisfied due process and

14   Rule 23(e) where an initial email notice was supplemented by a postcard notice to those whose emails

15   bounced back).

16           Moreover, the substance of the proposed Class Notice will fully apprise class members of their

17   rights. Under Rule 23(e), notice to class members "must 'generally describe[ ] the terms of the settlement

18   in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be

19   heard.'" *Lane v. Facebook, Inc.*, 696 F. 3d 811, 826 (9th Cir. 2012) (quoting *Rodriguez v. West Publ'g Corp.*, 563

20   F. 3d 948, 962 (9th Cir. 2009)) (alteration in original). The Notice contains all the critical information

21   required to apprise Class Members of their rights under the settlement, directs them to the settlement

22   website, where they can obtain more detailed information, and provides a toll-free number for Class

23   Members to call with questions. This approach to notice is adequate. *See e.g. Sarabri v. Weltman, Weinberg &

24   Reis Co., L.P.A,* No. 10cv1777 AJB (NLS), 2012 WL 3809123, at \*2 (S.D. Cal. Sept. 4, 2012) (approving

25   mailed notice where notice would include the settlement website with a full settlement details and the

26   claim administrator's toll free number); *Knutson v. Schwan's Home Serv., Inc.*, No. 3:12-cv-00964-GPC-DHB,

27

2014 WL 3519064, at *5 (S.D. Cal. 2014) (same). The Court also finds that the proposed costs associated with the Notice Plan appear to be fair and reasonable.

## V.   SCHEDULE AND PROCEDURES

The Court orders the following schedule and procedures for disseminating the Notice, requesting exclusion from the Settlement Class, objecting to the Settlement, filing the Fee and Service Award Application, and filing the motion for final approval:

| Date | Event |
|---|---|
| 14 days from Preliminary Approval Order | RoundPoint to provide Settlement Class Member List to the Settlement Administrator |
| 30 days from the date that the Defendant provides the Settlement Class Member List to the Settlement Administrator | Settlement Administrator to cause Email Notice to be sent to Settlement Class Members with email addresses |
| 30 days from the date that the Defendant provides the Settlement Class Member List to the Settlement Administrator | Settlement Administrator to cause Postcard Notice to be sent to Settlement Class Members without email addresses |
| 30 days from Preliminary Approval Order | Settlement Administrator to establish Settlement Website and toll-free telephone line |
| 84 days from Preliminary Approval Order | Deadline for Class Counsel to file Fee and Service Award Application |
| 105 days from Preliminary Approval Order | Response Deadline (deadline to request exclusion or file objections) |
| 14 days prior to Final Approval Hearing | Deadline to file Motion for Final Approval |
| 7 days prior to Final Approval Hearing | Deadline for the Parties to respond to objections |
| [_____] | Final Approval Hearing |

## VI.   FINAL APPROVAL HEARING

The Court shall hold a Final Approval Hearing before the Honorable Maxine Chesney, for a final determination whether the proposed Settlement is fair, reasonable, and adequate. The Hearing will be conducted [in person in at the San Francisco Courthouse, Courtroom 7 on the 19th Floor, 450 Golden Gate

DocuSign Envelope ID: E5CB9007-0CF8-4777-B19E-697269D16E0A

1   Avenue, San Francisco, CA / using Zoom videoconferencing software. Further information about the

2   hearing, including the public URL for the videoconference, if any, will be available on the Court's website

3   at **https://www.cand.uscourts.gov/judges/chesney-maxine-m-mmc/**] and on the settlement website

4   at **www.MortgagePaymentFeeSettlement.com**.] Objections by Settlement Class Members will be

5   considered if filed in writing with the clerk by the Response Deadline above. Settlement Class Members

6   who have not requested exclusion may be heard orally in support of or opposition to the Settlement.

7   Settlement Class Members who wish to appear at the Final Approval Hearing through counsel are required

8   to file a notice with the Clerk of his or her desire to appear personally, and counsel must file a notice of

9   appearance on the docket. Settlement Class Members proceeding *pro se* are also required to file a notice

10  with the Clerk of his or her desire to appear personally.  These written notice requirements may be excused

11  upon a showing of good cause.

12  **VII.    OTHER PROVISIONS**

13       Class Counsel and RoundPoint are authorized to take, without further Court approval, all necessary

14  and appropriate steps to implement the Settlement, including the proposed Notice Plan. The deadlines set

15  forth in this Order may be extended by Order of the Court without further notice to Settlement Class

16  Members, except that notice shall be posted on the Settlement Website. Settlement Class Members should

17  check the Settlement Class Website regularly for updates and further details regarding the deadlines.

18  Exclusions and objections must meet the deadlines and follow the requirements set forth in the approved

19  Class Notice to be valid, although the Court will accept exclusions and objections deemed to be in

20  substantial compliance.

21       If for any reason the Court does not execute and file an Order of Final Approval, or if the

22  Effective Date does not occur for any reason, the Parties will be restored to the *status quo ante* as set forth

23  more specifically in the Settlement.

24  **VIII.   CONCLUSION**

25       Accordingly, the Court having considered the Unopposed Motion for Preliminary Approval of

26  Class Action Settlement and Certification of the Settlement Class, it is hereby ORDERED that:

27       1.       The Motion is GRANTED;

2. The proposed Settlement Class is certified for settlement purposes only pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure;

3. The proposed Settlement is preliminarily approved as being fair, reasonable, and adequate pursuant to Rule 23(e);

4. Amye Elbert is appointed as Class Representative;

5. Hassan A. Zavareei, Kristen G. Simplicio, and James L. Kauffman are appointed as Class Counsel;

6. RoundPoint is ordered to provide the Settlement Class Member List to the Settlement Administrator, including email addresses where available, who is ordered to follow the confidentiality provisions set forth in the Settlement Agreement with respect to such information; and

7. The proposed Notice Plan complies with the requirements of Rule 23 and Due Process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

**IT IS SO ORDERED.**

Dated: _____        _____

Hon. Maxine M. Chesney

United States District Judge

# Exhibit C

1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

10
11
12

13
14

**AMYE ELBERT**, *on behalf of herself and all others similarly situated,*

Plaintiff,

v.

**ROUNDPOINT MORTGAGE SERVICING CORPORATION,**

Defendant.

15
16
17
18
19
20
21

Case No. 3:20-cv-00250-MMC

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**Date:** _____
**Time:** _____
**Courtroom:** 7, 19th Floor
**Judge:** Hon. Maxine M. Chesney

**Complaint Filed**: January 13, 2020
**Trial Date**: None Set

22
23
24
25
26
27

DocuSign Envelope ID: E5CB9003-0C58-4777-B19E-697269D16E9A

Plaintiff Amye Elbert, individually and on behalf of the proposed Settlement Class,[1] seeks final approval of a proposed Settlement of claims against defendant RoundPoint Mortgage Servicing Corporation ("RoundPoint"). For the reasons set forth herein, the Court GRANTS the motion.

## I.      BACKGROUND

Plaintiff initiated a class action lawsuit in this Court, alleging that RoundPoint violated California's Rosenthal Fair Debt Collections Act ("Rosenthal Act"), Unfair Competition Law ("UCL"), and breached Plaintiff's mortgage agreement. *See* Compl., Dkt. 1. Plaintiff's claims are based on one central allegation: RoundPoint charged and collected Convenience Fees from homeowners, in addition to their regular mortgage payments, and Plaintiff alleges that this practice violated the laws of California and breached her mortgage agreement. RoundPoint denies the allegations in the Complaint and denies any wrongdoing.

After Plaintiff filed her Complaint, RoundPoint filed its first motion to dismiss the Complaint on March 6, 2020, and Plaintiff opposed. *See* Dkts. 24, 29-32. On August 19, 2020, the Court ruled on the motion without a hearing, granting the motion to dismiss in part and denying in part and also affording Plaintiff leave to amend. *See* Dkts. 33-34, 43. Plaintiff filed an Amended Complaint and Defendant again filed a motion to dismiss, which was opposed by the Plaintiff. *See* Dkts. 44-47, 49-52. On November 25, 2020, the Court issued an order without a hearing, granting in part and denying in part the motion, permitting all but one of Plaintiff's claims to proceed. *See* Dkt. 56. The parties then commenced discovery and Plaintiff served written discovery requests and a notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).

The proposed Settlement was negotiated during a full-day mediation before an experienced mediator, Bruce Friedman of JAMS. In advance of that mediation, RoundPoint provided Plaintiff with informal discovery demonstrating the size of the Settlement Class and the amount of damages in issue.

---

[1] Unless otherwise specifically defined herein, all capitalized terms have the same meanings as those set forth in the parties' Settlement Agreement, attached as Exhibit 1 to the Declaration of Hassan A. Zavareei ("Zavareei Decl.").

DocuSign Envelope ID: E5CB9007-0C58-4777-B19E-697268D016E0A

Following the mediation, the Parties continued to negotiate the details of the Settlement, before arriving at the Settlement Agreement currently before the Court.

## II.    SETTLEMENT TERMS

### A.    The Proposed Settlement Class

The Settlement Agreement contemplates certification of the following Settlement Class for settlement purposes only:

> All persons who (1) were borrowers on residential mortgage loans on properties located in the United States whose loans were serviced by RoundPoint, and (2) paid a fee to RoundPoint for making a loan payment by telephone or IVR from January 1, 2016 to May 31, 2021.

The proposed Settlement Class is identical to the class definition included in the Second Amended Complaint.

### B.    Benefits to the Settlement Class

The Settlement Agreement, if approved, will create a $1,600,000 common fund and will resolve the claims of Plaintiff and the Settlement Class Members deriving from RoundPoint's alleged practice of charging fees for making mortgage payments over the phone or by IVR ("Convenience Fees"). The common fund, which represents approximately 35% of damages, will provide cash payments to Settlement Class Members, as well as Administrative Costs to provide notice and administer the settlement, and any Fee and Expense Award and Service Award that the Court may approve. Settlement Class Members need not submit a claim form in order to receive monetary compensation *pro rata* according to the amount of Convenience Fees they were charged. As of June 1, 2021, RoundPoint has ceased charging or collecting Convenience Fees to any Settlement Class Member and to any borrower in the United States. As a result of this Settlement, RoundPoint agrees to refrain from the charging or collection of Convenience Fees for a period of at least two years after entry of the Final Approval Order.

### C.    Settlement Administrator and Administration Costs

The proposed Settlement Administrator is Kroll Settlement Administration (formerly known as Heffler Claims Group LLC), a leading class action administration firm in the United States. The Parties reviewed proposals from three prominent settlement administrators before deciding on Kroll based on

DocuSign Envelope ID: E5CB9003-0CF8-4777-B19E-697268D16E0A

overall cost and value to the Settlement Class. The Administrative Costs will be paid from the Gross Settlement Fund.

### D.    Class Member Release

In exchange for the benefits conferred by the Settlement, all Settlement Class Members will be deemed to have released the Released Entities from all claims that were or could have been asserted by the Class Representative or Settlement Class Members arising out of, based upon, or related in any way to the charging, collection, or attempted collection of Convenience Fees from the beginning of the world to the Effective Date, which the Settlement Class Member ever had or may have in the future.

### E.    Notice to the Settlement Class

Notice was sent to Settlement Class members pursuant to the Settlement Agreement and the Court's Order granting preliminary approval. The Class Notice consisted of direct notice in the form of Postcard Notice and Email Notice, as well as a Settlement Website where Class Members could view and request to be sent the Long Form Notice. The Class Notice adequately describes the litigation and the Settlement Agreement and the procedures to opt out and object. The Notices further explained the amount of the Settlement, the plan of allocation, Class Counsel's intent to apply for an award of attorneys' fees and expenses (and in what amount), and that the Class Representative would apply for a Service Award. Notice was also provided to any state and federal officers as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

### F.    Attorneys' Fees and Costs and Service Award

The Settlement Agreement contemplates Class Counsel petitioning the Court for attorneys' fees, as well as documented, customary costs incurred by Class Counsel. The Settlement Agreement provides that Class Counsel may seek attorneys' fees in an amount not to exceed one third of the Gross Settlement Fund (33.33%) as well reasonable expenses incurred in the litigation. Any approved Fee and Expense Award will be paid from the Gross Settlement Fund prior to distribution to the Settlement Class Members. The Settlement Agreement also authorizes Class Counsel to petition the Court for up to $5,000 for Amye Elbert as a Service Award as compensation for her time and effort in the Action. Any approved awards will be deducted from the Gross Settlement Fund prior to distribution to the Settlement Class

Members. Neither final approval, nor the size of the Common Fund, are contingent upon approval of the full amount of requested Fee and Expense Award or Service Award.

### III.   LEGAL STANDARD FOR FINAL APPROVAL

The Ninth Circuit has a strong judicial policy favoring the settlement of class actions. *See In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1269, 1276 (9th Cir. 1992). The settlement of complex cases greatly contributes to the efficient utilization of scarce judicial resources and achieves the speedy provision of justice. Federal Rule of Civil Procedure 23 requires court approval of a class action settlement, a decision that is committed to the sound discretion of the trial judge.  Fed. R. Civ. P. 23(e). *See also In re Mego Fin. Corp.*, 213 F.3d 454, 458 (9th Cir. 2000) (recognizing that the trial judge is "exposed to the litigants, and their strategies, positions, and proof").

Courts in the Ninth Circuit consider specific factors when approving a settlement. *See e.g.*, *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 964 (9th Cir. 2011) (citing *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *Avina*, 2019 WL 8163642, at *5. These factors include: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See Churchill Vill.*, 361 F.3d at 575; *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Rule 23, as amended in 2018, provides additional guidance to federal courts considering whether to grant preliminary approval of a class action settlement. *See* Fed. R. Civ. P. 23(e)(2). Those factors include whether: (A) the class representative and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided is adequate; and (D) whether the proposed settlement treats class members equitably relative to each other.

### IV.   FINDINGS AND ORDERS

The Court finds that the Settlement Agreement is fair, reasonable, and adequate and warrants final approval.

1.    The Court finds that the Settlement was negotiated at arm's length before an experienced mediator, between experienced and sophisticated counsel. "The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." *Adams v. Inter-Con Sec. Sys. Inc.*, No. C-06-05248-MHP, 2007 WL 3225466, at *3 (N.D. Cal. Oct. 30, 2007). *See also Cohorst v. BRE Props.*, No. 3:10-CV-2666-JM-BGS, 2011 WL 7061923, at *12 (S.D. Cal. Nov. 9, 2011) ("[V]oluntary mediation before a retired judge in which the parties reached an agreement-in-principle to settle the claims in the litigation are highly indicative of fairness."). The Ninth Circuit puts "a good deal of stock in the product of an arm's-length, non-collusive, negotiated resolution" in approving a class action settlement. *Rodriguez v. West Pub'lg Corp.*, 563 F.3d 948, 965 (9th Cir. 2009); *see* Fed. R. Civ. P. 23(e)(2)(B). Based on the vigorous litigation of the issues, the exchange of informal discovery, and the rigorous negotiations before Mr. Friedman described in Plaintiff's submission, the Court finds that the Settlement was negotiated at arms' length and under circumstances evidencing a lack of collusion. This conclusion is furthered by the fact that it appears the factors under *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) are satisfied.

2.    The Court finds that the Settlement is fair, reasonable, and adequate when balanced against the probable outcome of further litigation, liability, and damages issues, and potential appeals of rulings. The amount offered in Settlement represents 35% of damages, as well as significant injunctive relief. Plaintiff's motion describes the legal issues that would be decided before this Court should the settlement not be approved, both on the merits and at class certification. While litigation presents serious risks at many stages, not to mention substantial expense and delay without any guarantee of additional benefit to the Settlement Class, the Settlement provides immediate and substantial benefits to over 123,000 Settlement Class Members. Further, continued litigation would likely take several years to resolve and involve expensive discovery. "Regardless of the risk, litigation is always expensive, and both sides would bear those costs if the litigation continued." *Paz v. AG Adriano Goldschmeid, Inc.*, No. 14CV1372DMS(DHB), 2016 WL 4427439, at *5 (S.D. Cal. Feb. 29, 2016). It is "plainly reasonable for the parties at this stage to agree that the actual recovery realized and risks avoided here outweigh the opportunity to pursue potentially more favorable results through full adjudication." *Dennis v. Kellogg Co.*,

No. 09-cv-1786-L(WMc), 2013 WL 6055326, at *3 (S.D. Cal. Nov. 14, 2013). "Here, as with most class actions, there was risk to both sides in continuing towards trial. The settlement avoids uncertainty for all parties involved." *Chester v. TJX Cos.*, No. 5:15-cv-01437-ODW(DTB), 2017 WL 6205788, at *6 (C.D. Cal. Dec. 5, 2017). The Court also affords substantial weight to the views of Class Counsel, who support the Settlement.

3.      The Court finds that early resolution of this Action will conserve the resources of the Parties and the Court, while at the same time, the Parties have vigorously litigated the legal issues and RoundPoint provided sufficient informal discovery to permit Class Counsel and the Court to intelligently evaluate the Settlement offered against the risks and benefits of continued litigation.

4.      The Court finds that the Parties' proposed allocation of the Settlement is fair and reasonable. Payments will be made on a *pro rata* basis depending on the amount of Convenience Fees each Settlement Class Member paid. According to this allocation, Class Members are treated fairly as to one another because they are compensated according to the amount of Convenience Fees they were charged. *See* Fed. R. Civ. P. 23(e)(2)(D). This method is consistent with the distribution of common funds in other fee cases. *See, e.g., Lloyd v. Navy Federal Credit Union*, No. 17-cv-1280-BAS-RBB, 2018 WL 2269958, at *3 (S.D. Cal. May 28, 2019) (approving settlement from which class members would receive *pro rata* distribution of common fund based on number of fees paid); *Walters v. Target Corp.*, No. 3:16-cv-1678-L-MDD, 2019 W 6696192, at * (S.D. Cal. Dec. 6, 2019) (same). A *pro rata* distribution means that Settlement Class Members who paid more in Convenience Fees will receive a relatively larger share of the Net Settlement Fund, and those who paid less will receive less. This allocation treats Settlement Class Members equitably.

5.      The Court finds that the Class Representative and Class Counsel have adequately represented the proposed Settlement Class. *See* Fed. R. Civ. P. 23(e)(2)(A). Class Counsel are experienced and sophisticated, with years of experience in complex class action litigation and litigation involving mortgage servicers, financial institutions, and fees. The Class Representative has also supervised the litigation by reviewing pleadings, reviewing the Settlement, and communicating with Class Counsel regarding the litigation.

DocuSign Envelope ID: E5CB9007-0C58-4777-B19E-697268D16E9A

6.      The Court confirms the certification for settlement purposes of the Settlement Class.

7.      The Court confirms the appointment of Amye Elbert as Class Representative.

8.      The Court confirms the appointment of Hassan A. Zavareei and Kristen G. Simplicio of Tycko & Zavareei LLP, and James L. Kauffman of Bailey & Glasser LLP, as Class Counsel.

9.      The Court finds that the approved Class Notice constituted the best notice practicable under the circumstances and was in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Class Notice fully and accurately informed the Settlement Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. The Court also finds that the Class Notice complied with the Class Action Fairness Act, 28 U.S.C. § 1715.

10      All timely objections have been considered and are overruled.

11.      All members of the Settlement Class who timely requested exclusion are excluded from the Settlement.

12.      The Court confirms the *cy pres* recipient as NeighborWorks America.

13.      All Settlement Class Members who did not timely request exclusion are hereby bound by the terms of the Settlement Agreement, including the release.

Accordingly, the Court having considered the Unopposed Motion for Final Approval of Class Action Settlement, it is hereby ORDERED that:

1.      The Motion is GRANTED;

2.      The proposed Settlement is approved as being fair, reasonable, and adequate pursuant to Rule 23(e);

3.      Amye Elbert is confirmed as Class Representative;

4.      Hassan A. Zavareei, Kristen G. Simplicio, and James L. Kauffman are confirmed as Class Counsel;

5.      The Court awards _____ in attorneys' fees to Class Counsel along with _____ in expenses;

6.      The Court approves a Service Award to Amye Elbert of _____;

7.      Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues related to interpretation, administration, implementation, effectuation, and enforcement of the Settlement;

8.      Within 21 days after the distribution of settlement funds and payment of any award of attorneys' fees, the Parties are ordered to file a Post-Distribution Accounting in accordance with the Northern District of California Procedural Guidance for Class Action Settlements; and

9.      This Action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: _____                    _____

Hon. Maxine Chesney

United States District Judge