IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMYE ELBERT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROUNDPOINT MORTGAGE SERVICING CORPORATION,<br><br>　　　　　Defendant. | Case No. 20-cv-00250-MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS** |

Before the Court is plaintiff Amye Elbert's ("Elbert") "Motion for Preliminary Approval of Class Action Settlement and for Certification of Settlement Class," filed October 1, 2021. The matter came on regularly for hearing on October 29, 2021. Kristen G. Simplicio of Tycko & Zavareei LLP appeared on behalf of Elbert. Cheryl S. Chang of Blank Rome LLP appeared on behalf of defendant RoundPoint Mortgage Servicing Corporation ("RoundPoint").

The matter having been submitted, and good cause appearing, the motion is hereby GRANTED, as follows:

1. The provisions of the Settlement Agreement are hereby preliminarily approved.[1]  The Court finds the Settlement Agreement appears to be fair, adequate, and reasonable, free of collusion or indicia of unfairness, the result of arm's length negotiations, and within the range of likely judicial approval, and, accordingly, notice thereof should be disseminated to the class.

---

[1] The Settlement Agreement is filed as Exhibit 1 to the Declaration of Hassan A. Zavareei.

2. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), and for purposes of, and solely in connection with, the Settlement Agreement, the Court finds each of the requirements for certification of the class set forth in the Settlement Agreement is met and hereby conditionally certifies the following class:

> All persons who (1) were borrowers on residential mortgage loans on properties located in the United States whose loans were serviced by RoundPoint, and (2) paid a fee to RoundPoint for making a loan payment by telephone or IVR from January 1, 2016 to May 31, 2021.

3. The Court, for settlement purposes only, finds certification of the above-quoted class satisfies the requirements under Federal Rules of Civil Procedure 23(a) and 23(b)(3). In support of this finding, the Court conditionally and preliminarily finds: (a) the class consists of over 123,000 members, and, consequently, is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class, such as whether the challenged fees are unauthorized by the class members' mortgages; (c) the claims of the named class representative are typical of the claims of the class; (d) the named class representative and class counsel identified below are able to adequately represent the class and appear to have no conflict with the class; and (e) class-wide treatment of the disputes raised in this action is superior to other available methods for adjudicating the controversy.

4. Elbert is appointed Class Representative.

5. Hassan A. Zavareei, Kristen G. Simplicio, and James L. Kauffman are appointed as Class Counsel.

6. The Court finds the parties' proposed manner of providing notice appears to be the best notice practicable under the circumstances and to meet the requirements of Rule 23(c)(2), Rule 23(e)(1), and the requirements of due process.

7. The Court approves, as to form and content, the Email Notice, Postcard Notice, and Long Form Notice, attached hereto as Exhibits 1, 2, and 3, and, accordingly, directs notice be given in the form and manner consistent therewith

8. Kroll Settlement Administration is appointed the settlement administrator and is

directed to provide notice to the class in accordance with the schedule below and using the procedures set forth in the Settlement Agreement.

9. Any class member may choose to object to the Settlement Agreement by filing with the Clerk of Court an objection in accordance with the instructions set forth in the Settlement Agreement.

10. Any class member may choose to be excluded from the class in accordance with the instructions set forth in the Settlement Agreement.  Any class member who timely and properly requests to be excluded from the class will not be bound by the Settlement Agreement, will not have any right to object to, appeal from, or comment on the Settlement Agreement, and will not receive any monetary benefits under the Settlement Agreement.

11. Any class member who has not requested exclusion by submitting a valid and timely written request shall be bound by all determinations of the Court, by the terms of the Settlement Agreement, and by any final approval order and judgment entered.

12. The Court orders the following schedule:

   a. No later than November 19, 2021, RoundPoint shall provide the settlement member class list to the settlement administrator.

   b. No later than December 20, 2021, the settlement administrator shall cause the Email Notice to be sent to class members with email addresses, to cause the Postcard Notice to be sent to class members without email addresses, and to establish the settlement website and toll-free telephone line.

   c. No later than January 7, 2022, Class Counsel shall file a motion for attorneys' fees, expenses, and a service award, and shall cause the motion to be posted on the settlement website.

   d. Any request for exclusion from the class must sent to the settlement administrator and be postmarked no later than February 18, 2022.

   e. Any objection to the Settlement Agreement and/or to the motion for attorneys' fees, expenses, and a service award shall be filed with the Clerk of Court no

1  later than February 18, 2022.

2       f.  No later than March 11, 2022, Class Counsel shall file a motion for final approval of the Settlement Agreement, and shall include therein a response to any objection(s).

5  13.  A final approval hearing shall be held on March 25, 2022, at 9:00 a.m., at the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 7 – 19th Floor, San Francisco, CA 94102, to determine all necessary matters concerning the Settlement Agreement, including whether the Settlement Agreement is fair, adequate, and reasonable and should be approved, as well as to consider Class Counsel's motion for attorneys' fees, expenses, and a service award.

12  14.  Any objecting class member who has filed a timely objection may appear at the final approval hearing, either in person or by counsel, to show cause why the settlement agreement should not be approved as fair, adequate, and reasonable, and/or to object to the motion for attorneys' fees, expenses, and a service award.  Any counsel who intends to appear at the final approval hearing on behalf of a class member shall file a Notice of Appearance with the Clerk of Court no later than February 18, 2022.

18  15.  The deadlines set forth in this Order may be extended by court order without further notice to the class members, except that Class Counsel shall cause any such order to be posted on the settlement website.

21  16.  If for any reason the Court does not grant final approval of the Settlement Agreement, or if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, the parties will be restored to the status quo ante as set forth more specifically in the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: November 5, 2021

MAXINE M. CHESNEY
United States District Judge