IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMYE ELBERT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROUNDPOINT MORTGAGE SERVICING CORPORATION,<br><br>　　　　Defendant. | Case No. 20-cv-00250-MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES, COSTS, AND SERVICE AWARD; DISMISSING ACTION** |

　　Before the Court are two unopposed motions filed by plaintiff Amye Elbert ("Elbert"): (1) "Motion for Final Approval of Class Action Settlement," filed April 1, 2022; and (2) "Motion for Award of Attorneys' Fees, Costs, and Service Award," filed January 21, 2022. The matters came on regularly for hearing April 15, 2022. Kristen G. Simplicio of Tycko & Zavareei LLP and James L. Kauffman of Bailey & Glasser LLP appeared on behalf of Elbert and the members of the class. Jessica A. McElroy of Blank Rome LLP appeared on behalf of RoundPoint Mortgage Servicing Corporation ("RoundPoint").

　　Having read and considered the papers filed in support of the motions, having reviewed the record, and having considered the oral argument made at the hearing, the Court hereby GRANTS the motions as follows:

　　1. The Court, having considered the relevant factors, see Churchill Village L.L.C. v. General Electric, 361 F.3d 566, 575 and n.7 (9th Cir. 2004) (identifying "settlement evaluation factors"), finds, for the reasons stated on the record at the hearing, (a) that the Settlement Agreement is "fair, reasonable, and adequate," see Fed. R. Civ. P. 23(e)(2); (b) that it "treats class members equitably relative to each other," see Fed. R. Civ. P. 23(e)(2)(D), as the injunctive relief provided applies to all class members equally and the

monetary relief provided will be distributed on a pro rata basis depending on the amount of fees each class member paid; and (c) that it is not the product of collusion, see In re Bluetooth Headset Products Liability Litig., 654 F.3d 935, 947 (9th Cir. 2011) (identifying "signs" of possible collusion).

2. The notice provided to the class (see Ferruzzi Decl. ¶¶ 5-12, Exs. C-F), which reached 99.99% of the class members (see Pl.'s Mot. for Final Approval at 4:12-21), none of whom objected to the Settlement Agreement, fully satisfied the requirements of Rule 23(e)(1) of the Federal Rules of Civil Procedure, as well as the requirements of the Due Process Clause.

3. The notice provided to the Attorneys General (see Ferruzzi Decl. ¶ 4, Exs. A, B), none of whom objected to the Settlement Agreement, fully satisfied the requirements of 28 U.S.C. § 1715(b).

4. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), and solely for purposes of the Settlement Agreement, the Court finds each of the requirements for certification of the class set forth in the Settlement Agreement is met and hereby certifies the following class: "All persons who (1) were borrowers on residential mortgage loans on properties located in the United States whose loans were serviced by RoundPoint, and (2) paid a fee to RoundPoint for making a loan payment by telephone or IVR from January 1, 2016 to May 31, 2021." (See Settlement Agreement at 6.)[1]

5. By order filed November 5, 2021, the Court appointed Elbert as the class representative and appointed Hassan A. Zavareei, Kristen G. Simplicio, and James L. Kauffman as class counsel. The Court finds the class representative and class counsel have, at all times, "adequately represented the class." See Fed. R. Civ. P. 23(e)(2)(A).

6. No class member having requested exclusion from the class, all class members are bound by the terms of the Settlement Agreement, including the release.

---

[1] The Settlement Agreement is Exhibit 1 to the Declaration of Hassan A. Zavareei, filed October 1, 2021.

7. In the event any portion of the monetary relief is unable to be distributed to class members, the Court approves NeighborWorks America as the cy pres recipient.

8. Class counsel is awarded $533,280.00 in fees, as well as $8,826.95 in expenses, and shall be paid in the manner set forth in the Settlement Agreement.  (See Settlement Agreement at 10.)

9. Elbert is awarded $5,000 and shall be paid in the manner set forth in the Settlement Agreement.  (See id.)

10. The Parties are hereby directed to take all actions required under the Settlement Agreement.

11. Without affecting the finality of the Court's order in any way, the Court retains jurisdiction over the above-titled action for purposes of resolving issues related to interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement.

12. Within 21 days after the distribution of settlement funds and payment of attorney's fees, the parties are directed to file a Post-Distribution Accounting in accordance with the Northern District of California Procedural Guidance for Class Action Settlements.

13. The above-titled action is hereby DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: April 18, 2022

MAXINE M. CHESNEY
United States District Judge